Exhibit C1 to Defendant ATS' Notice of Removal

153-278080-15

FILED
TARRANT COUNTY
4/23/2015 7:18:40 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES H. WATSON and | § | IN THE DISTRICT COURT |
| Others Similarly Situated, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| CITY OF ALLEN, CITY OF AMARILLO, | § | |
| CITY OF ARLINGTON, CITY OF AUSTIN, | § | |
| CITY OF BALCH SPRINGS, CITY OF | § | |
| BALCONES HEIGHTS, CITY OF | § | |
| BASTROP, CITY OF BAYTOWN, CITY OF | § | |
| BEDFORD, CITY OF BURLESON, CITY OF | § | |
| CEDAR HILL, CITY OF CLEVELAND, CITY | § | |
| OF CONROE, CITY OF COPPELL, CITY OF | § | |
| CORPUS CHRISTI, CITY OF DALLAS, CITY | § | |
| OF DENTON, CITY OF DIBOLL, CITY OF | § | |
| DUNCANVILLE, CITY OF EL PASO, CITY | § | |
| OF ELGIN, CITY OF FARMERS BRANCH, | § | |
| CITY OF FORT WORTH, CITY OF FRISCO, | § | |
| CITY OF GARLAND, CITY OF GRAND | § | |
| PRAIRIE, CITY OF HALTOM CITY, | § | |
| CITY OF HUMBLE, CITY OF HURST, | § | |
| CITY OF HUTTO, CITY OF IRVING, | § | |
| CITY OF JERSEY VILLAGE, CITY OF | § | |
| KILLEEN, CITY OF LEAGUE CITY, | § | |
| CITY OF LITTLE ELM, CITY OF | § | |
| LONGVIEW, CITY OF LUFKIN, CITY OF | § | |
| MAGNOLIA, CITY OF MARSHALL, | § | |
| CITY OF MESQUITE, CITY OF NORTH | § | |
| RICHLAND HILLS, CITY OF PLANO, | § | |
| CITY OF PORT LAVACA, CITY OF | § | |
| RICHARDSON, CITY OF RICHLAND | § | |
| HILLS, CITY OF ROANOKE, CITY OF | § | |
| ROUND ROCK, CITY OF SOUTHLAKE, | § | |
| CITY OF SUGAR LAND, CITY OF | § | |
| TOMBALL, CITY OF UNIVERSITY PARK, | § | |
| CITY OF WATAUGA, CITY OF WILLIS, | § | |
| REDFLEX TRAFFIC SYSTEMS, INC., | § | |
| AMERICAN TRAFFIC SOLUTIONS, INC., | § | |
| AMERICAN TRAFFIC SOLUTIONS, LLC, | § | |
| XEROX STATE & LOCAL SOLUTIONS, | § | |
| INC. f/k/a ACS STATE & LOCAL | § | |

SOLUTIONS, INC. AND                     §
THE STATE OF TEXAS,                     §
    Defendants.        §         _____ JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, James H. Watson, on behalf of himself and all others similarly situated (hereinafter referred to as "Plaintiff"), brings this lawsuit as a class action against all of the Defendants named in this suit, seeking a declaratory judgment and damages against Defendants in this lawsuit, and in further support of this Petition, Plaintiff shows the following:

1.

Plaintiff designates this case as a Level 3 Discovery Control Plan, such that discovery is to be conducted under Level 3 Discovery Control Plan of Rule 190.4 of the Texas Rules of Civil Procedure.

2.

Plaintiff pleads TRCP 47(c)(5).

3.

Plaintiff, James H. Watson (Louisiana Drivers License No. xxxxxx000 and SSN xxx-xx-x919), resides in Shreveport, Louisiana.

## DEFENDANTS TO LAWSUIT

4.

Defendant, City of Allen, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Allen's Mayor, Stephen Terrell, 305 Century Parkway, Allen, Texas 75013.

153-278080-15

5.

Defendant, City of Amarillo, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Amarillo's Mayor, Paul Harpole, 509 S.E. Seventh Avenue, Amarillo, Texas 79101.

6.

Defendant, City of Arlington, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Arlington's Mayor, Robert Cluck, 101 W. Abram Street, Arlington, Texas 76010.

7.

Defendant, City of Austin, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Austin's Mayor, Stephen Adler, 2006 East 4th Street, Austin, Texas 78702.

8.

Defendant, City of Balch Springs, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Balch Springs's Mayor, Dr. Carrie Gordon, 13503 Alexander Rd., Balch Springs, Texas 75181.

9.

Defendant, City of Balcones Heights, is a Texas municipality incorporated under the laws

of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code,

may be served by service of citation on the City of Balcones Heights' Mayor, Suzanne De Leon, 300

Hillcrest Drive, Balcones Heights, Texas 78201.

10.

Defendant, City of Bastrop, is a Texas municipality incorporated under the laws of the State

of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be

served by service of citation on the City of Bastrop's Mayor, Kenneth W. Kesselus, 1301 Church

Street, Bastrop, Texas 78602.

11.

Defendant, City of Baytown, is a Texas municipality incorporated under the laws of the State

of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be

served by service of citation on the City of Baytown's Mayor, Stephen H. DonCarlos, 25401 Market

Street, Baytown, Texas 77522.

12.

Defendant, City of Bedford, is a Texas municipality incorporated under the laws of the State

of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be

served by service of citation on the City of Bedford's Mayor, Jim Griffin, 2000 Forest Ridge Drive,

Bedford, Texas 76021.

13.

Defendant, City of Burleson, is a Texas municipality incorporated under the laws of the State

of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be

served by service of citation on the City of Burleson's Mayor, Ken Shetter, 141 W. Renfro St.,

Burleson, Texas 76028-4296.

14.

Defendant, City of Cedar Hill, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Cedar Hill's Mayor, Rob Franke, 285 Uptown Blvd., Cedar Hill, Texas 75104.

15.

Defendant, City of Cleveland, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Cleveland's Mayor, Mr. Niki Coats, 907 E. Houston Street, Cleveland, Texas 77327.

16.

Defendant, City of Conroe, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Conroe's Mayor, Webb K. Melder, 300 West Davis Street, Conroe, Texas 77301.

17.

Defendant, City of Coppell, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Coppell's Mayor, Karen Hunt, 255 Parkway Boulevard, Coppell, Texas 75019.

18.

Defendant, City of Corpus Christi, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Corpus Christi's Mayor, Nelda Martinez, 1201 Leopard Street, Corpus Christ, Texas 78401.

19.

Defendant, City of Dallas, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Dallas' Mayor, Mike Rawlings, 1500 Marilla St., Room 5EN, Dallas, Texas 75201.

20.

Defendant, City of Denton, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Denton's Mayor, Chris Watts, 215 E. McKinney Street, Denton, Texas 76201.

21.

Defendant, City of Diboll, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Diboll's Mayor, John McClain, 400 Kenley, Street, Diboll, Texas 75941.

22.

Defendant, City of Duncanville, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may

be served by service of citation on the City of Duncanville's Mayor, David L. Green, 203 E. Wheatland Rd., Duncanville, Texas 75116.

23.

Defendant, City of El Paso, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of El Paso's Mayor, Oscar Leeser, 300 N. Campbell, El Paso, Texas 79901.

24.

Defendant, City of Elgin, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Elgin's Mayor, Marc Holm, 310 North Main Street, Elgin, Texas 78621.

25.

Defendant, City of Farmers Branch, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Farmers Branch's Mayor, Bob Phelps, 13000 William Dodson Parkway, Farmers Branch, Texas 75234.

26.

Defendant, City of Fort Worth, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Fort Worth's Mayor, Betsy Price, 1000 Throckmorton St., Fort Worth, Texas 76102.

153-278080-15

27.

Defendant, City of Frisco, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Frisco's Mayor, Maher Maso, George A. Purefoy Municipal Center, 6101 Frisco Square Blvd., Frisco, Texas 75034.

28.

Defendant, City of Garland, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Garland's Mayor, Douglas Athas, 200 N. Fifth Street, Garland, Texas 75049.

29.

Defendant, City of Grand Prairie, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Grand Prairie's Mayor, Ron Jensen, 317 W. College St., Grand Prairie, Texas 75053.

30.

Defendant, City of Haltom City, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Haltom City's Mayor, Richard Hutchison, 5024 Broadway Avenue, Haltom City, Texas 76117.

31.

Defendant, City of Humble, is a Texas municipality incorporated under the laws of the State

153-278080-15

of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Humble's Mayor, Donald G. McMannes, 114 W. Higgins, Humble, Texas 77338.

32.

Defendant, City of Hurst, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Hurst's Mayor, Richard Ward, 1505 Precinct Line Rd., Hurst, Texas 76053.

33.

Defendant, City of Hutto, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Hutto's Mayor, Debbie Holland, 401 W. Front St., Hutto, Texas 78634.

34.

Defendant, City of Irving, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Irving's Mayor, Beth Van Duyne, 825 W. Irving Blvd., Irving, Texas 75060.

35.

Defendant, City of Jersey Village, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Jersey Village's Mayor, Rod Erskine, 16327 Lakeview

153-278080-15

Drive, Jersey Village, Texas 77040.

36.

Defendant, City of Killeen, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Killeen's Mayor, Scott Cosper, P.O. Box 1329, Killeen, Texas 76540.

37.

Defendant, City of League City, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of League City's Mayor, Timothy Paulissen, 300 W. Walker, League City, Texas 77573.

38.

Defendant, City of Little Elm, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Little Elm's Mayor, David Hillock, 100 West Eldorado Parkway, Little Elm, Texas 75068.

39.

Defendant, City of Longview, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Longview's Mayor, Jay Dean, 300 W. Cotton Street, Longview, Texas 75606.

153-278080-15

40.

Defendant, City of Lufkin, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Lufkin's Mayor, Bob Brown, P.O. Drawer 190, Lufkin, Texas 75902.

41.

Defendant, City of Magnolia, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Magnolia's Mayor, Todd Kana, 18111 Buddy Riley Boulevard, Magnolia, Texas 77354.

42.

Defendant, City of Marshall, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Marshall's Mayor, Edward N. Smith, III, 401 S. Alamo, Marshall, Texas 75670.

43.

Defendant, City of Mesquite, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Mesquite's Mayor, John Monaco, P.O. Box 850137, Mesquite, Texas 75185-0137.

44.

Defendant, City of North Richland Hills, is a Texas municipality incorporated under the laws

153-278080-15

of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code,

may be served by service of citation on the City of North Richland Hills' Mayor, Oscar Trevino,

7301 NE Loop 820, North Richland Hills, Texas 76180.

45.

Defendant, City of Plano, is a Texas municipality incorporated under the laws of the State

of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be

served by service of citation on the City of Plano's Mayor, Harry LaRosiliere, 1520 K Avenue,

Plano, Texas 75074.

46.

Defendant, City of Port Lavaca, is a Texas municipality incorporated under the laws of the

State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may

be served by service of citation on the City of Port Lavaca's Mayor, Jack Whitlow, 202 North

Virginia, Port Lavaca, Texas 77979.

47.

Defendant, City of Richardson, is a Texas municipality incorporated under the laws of the

State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may

be served by service of citation on the City of Richardson's Mayor, Laura Maczka, 411 West

Arapaho Road, Richardson, Texas 75080-4551.

48.

Defendant, City of Richland Hills, is a Texas municipality incorporated under the laws of the

State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may

be served by service of citation on the City of Richland Hills' Mayor, Bill Agan, 3200 Diana Drive,

153-278080-15

Richland Hills, Texas 76118.

49.

Defendant, City of Roanoke, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Roanoke's Mayor, Scooter Gierisch, 108 S. Oak Street, Roanoke, Texas 76226.

50.

Defendant, City of Round Rock, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Round Rock's City Manager, Laurie Hadley, 221 E. Main Street, Round Rock, Texas 78664.

51.

Defendant, City of Southlake, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Southlake's Mayor, John Terrell, 1400 Main Street, Suite 270, Southlake, Texas 76092.

52.

Defendant, City of Sugar Land, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Sugar Land's Mayor, James A. Thompson, P.O. Box 110, Sugar Land, Texas 77487-0110.

53.

Defendant, City of Tomball, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Tomball's Mayor, Gretchen Fagan, 401 Market Street, Tomball, Texas 77375.

54.

Defendant, City of University Park, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of University Park's Mayor, Olin Burnett Lane, Jr., 3800 University Boulevard, University Park, Texas 75205.

55.

Defendant, City of Watauga, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Watauga's Mayor, Hector F. Garcia, 7105 Whitley Road, Watauga, Texas 76148.

56.

Defendant, City of Willis, is a Texas municipality incorporated under the laws of the State of Texas, who pursuant to Section 17.024(b) of the Civil Practices and Remedies Code, may be served by service of citation on the City of Willis' Mayor, Leonard Reed, 200 N. Bell Street, Willis, Texas 77378.

57.

Defendant, Redflex Traffic Systems, Inc. ("Redflex"), is a foreign corporation authorized to

153-278080-15

do and doing business in the State of Texas, who may be served with citation by service on its registered agent for service of process, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

58.

Defendant, American Traffic Solutions, Inc., and American Traffic Solutions, LLC (collectively referred to as "ATS") is/are a foreign corporation and/or a foreign limited liability company, authorized to do and doing business in the State of Texas, who may be served with citation by service on ATS' registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

59.

Defendant, Xerox State & Local Solutions, Inc. formerly known as ACS State & Local Solutions, Inc. (hereinafter referred to "ACS"), is a foreign corporation authorized to do and doing business in the State of Texas, who may be served with citation by service on its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

60.

Defendant, State of Texas, be served with citation by service on Ken Paxton, Attorney General of the State of Texas, Office of the Attorney General, 300 West 15th Street, Austin, Texas 78701.

## CREATION OF RED LIGHT CAMERA LAWS

61.

The Texas Legislature, by Acts 2007, 80th Leg., ch. 1149, effective September 1, 2007,

enacted Chapter 707 of the Transportation Code (consisting of Sections 707.001 through 707.019), which act authorized local municipalities to establish, by ordinance, a photographic traffic signal enforcement system authorizing the local authority to impose on the registered owner of a vehicle a penalty of $75.00, plus a late payment penalty of $25.00 in the event the penalty is not paid timely, for the registered owner's vehicle being photographed running a red light, conduct which is a violation of Section 544.007(d) of the Texas Transportation Code.

62.

Pursuant to Chapter 707 of the Transportation Code, the Defendant municipalities sued in this lawsuit have enacted red light camera ordinances, which ordinances are as follows:

| | |
|---|---|
| City of Allen | Allen Ordinances Sections 9-361 through 9-369 |
| City of Amarillo | Amarillo Ordinances Sections 16-3-379 through 16-3-386 |
| City of Arlington | Arlington Ordinances Sections 9.01 through 9.05 |
| City of Austin | Austin Ordinances Sections 12-1-61 through 12-1-66 |
| City of Balch Springs | Balch Springs Ordinances Sections 78-280 through 78-290 |
| City of Balcones Heights | Balcones Heights Ordinances 75.01 through 75.09 and 75.99 |
| City of Bastrop | Bastrop Ordinances Sections 12.11.001 through 12.11.011 |
| City of Baytown | Baytown Ordinances Sections 94-301 through 94-311 |
| City of Bedford | Bedford Ordinances Sections 114-50 through 115-58 |
| City of Burleson | Burleson Ordinances Sections 78-140 through 78-158 |
| City of Cedar Hill | Cedar Hill Ordinances Sections 11-238 through 11-248 |
| City of Cleveland | Cleveland Ordinances Sections 114-230 through 114-236 |
| City of Conroe | Conroe Ordinances Sections 66-160 through 66-170 |
| City of Coppell | Coppell Ordinances Sections 8-8-1 through 8-8-7 |
| City of Corpus Christi | Corpus Christi Ordinances Sections 53-296 through 53-301 |

| | |
|---|---|
| City of Dallas | Dallas Ordinances Sections 28-203 through 28-219 |
| City of Denton | Denton Ordinances Sections 18-230 through 18-242 |
| City of Diboll | Specific ordinance numbers unknown at this time |
| City of Duncanville | Duncanville Ordinances Sections 19-180 through 19-186 |
| City of El Paso | El Paso Ordinances Sections 12.21.010 through 12.21.070 |
| City of Elgin | Elgin Ordinances Sections 40-23 through 40-120 |
| City of Farmers Branch | Farmers Branch Ordinances Sections 82-401 through 82-407 |
| City of Fort Worth | Fort Worth Ordinances Sections 22-361 through 22-371 |
| City of Frisco | Frisco Ordinances Sections 90-201 through 90-209 |
| City of Garland | Garland Ordinances Sections 26.60 through 26.64 |
| City of Grand Prairie | Grand Prairie Ordinances Sections 25-63 through 25-69 |
| City of Haltom City | Haltom City Ordinances Sections 90-156 through 90-176 |
| City of Humble | Humble Ordinances Sections 28-151 through 28-159 |
| City of Hurst | Hurst Ordinances Sections 24-200 through 24-206 |
| City of Hutto | Hutto Ordinances Sections 22.02.031 through 22.02.036 |
| City of Irving | Irving Ordinances Sections 21-201 through 21-211 |
| City of Jersey Village | Jersey Village Ordinances Sections 61-161 through 66-167 |
| City of Killeen | Killeen Ordinances Sections 28-271 through 28-278 |
| City of League City | League City Ordinances Sections 110-301 through 110-314 |
| City of Little Elm | Little Elm Ordinances Sections 98-150 through 98-160 |
| City of Longview | Longview Ordinances Sections 97-163 through 97-170 |
| City of Lufkin | Lufkin Ordinances Sections 76.01 through 76.99 |
| City of Magnolia | Magnolia Ordinances Sections 90-81 through 90-88 |
| City of Marshall | Marshall Ordinances Sections 27-70 through 27-76 |
| City of Mesquite | Mesquite Ordinances Sections 9-286 through 9-295 |
| City of North Richland Hills | North Richland Hills Ordinances Sections 54-401 through 54-408 |

| | |
|---|---|
| City of Plano | Plano Ordinances Sections 12-260 through 12-269 |
| City of Port Lavaca | Port Lavaca Ordinances Sections 48-149 through 48-157 |
| City of Richardson | Richardson Ordinances Sections 22-185 through 22-193 |
| City of Richland Hills | Richland Hills Ordinances Sections 82-200 through 82-210 |
| City of Roanoke | Roanoke Ordinances Sections 10.901 through 10.910 |
| City of Round Rock | Round Rock Ordinances Sections 42-145 through 42-419 |
| City of Southlake | Southlake Ordinances Sections 18-325 through 18-345 |
| City of Sugar Land | Sugar Land Ordinances Sections 5-156 through 5-163 |
| City of Tomball | Tomball Ordinances Sections 44-281 through 44-287 |
| City of University Park | University Park Ordinances Sections 12.02.041 through 12.02.050 |
| City of Watauga | Watauga Ordinances Sections 40-53 through 40-64 |
| City of Willis | Willis Ordinances Sections 70.01 through 70.12 |

63.

All of these ordinances referred to above establish an automated photographic enforcement system, or red light camera law, whereby the registered owner of a vehicle, not the driver of the car, is assessed a civil penalty, if the registered owner's vehicle is photographed by a traffic camera running a red light.

## **FACTUAL BACKGROUND**

64.

Plaintiff was charged in Notice No. SLR14014765 by the Defendant City of Southlake with a violation alleged to have occurred at 5:00 p.m. on October 31, 2014, at the intersection of FM-1709 and Pearson Lane (WB), of Southlake Municipal Ordinance Section 18-333 by a 2009 Honda registered to Plaintiff. This ordinance is part of Ordinance Sections 18-325 through 18-345 enacted by Defendant City of Southlake, which deal with "Automated Traffic Signal Enforcement", i.e.,

commonly referred to as red light cameras, or "RLC".  Section 18-333 imposes a civil penalty of $75.00, and a late fee of $25.00 if the $75.00 fee is not paid timely, on the registered owner of a motor vehicle for the owner's car being photographed by an automated traffic camera running a red light, irregardless of whether the owner was driving the vehicle or even in the car at the time, just as all of the other municipal ordinances set forth above do.

65.

On October 31, 2014, at the time and date of the alleged violation described in Notice No. SLR14014765, Plaintiff was not responsible for, nor driving, nor even an occupant of, the 2009 Honda described in that notice.  Plaintiff did not require or knowingly permit whoever was operating the 2009 Honda at the time of the alleged violation of Southlake Ordinance Section 18-333 on October 31, 2014, to operate that vehicle in any manner which violates the law, including but not limited to, Southlake Ordinance Section 18-333 and Transportation Code Section 544.007(d), as Plaintiff was not in the car, or even in the State of Texas, at any time during October 31, 2014.

66.

The notice received by Plaintiff from City of Southlake, which notice was mailed to Plaintiff by Redflex, who administers and enforces the red light camera program for Defendant Southlake, threatened Plaintiff that he would be reported to a collection agency (thereby damaging his credit), and/or the possible loss of the right to renew the registration on his vehicle (which in effect would constitute the confiscation of the vehicle, since driving a vehicle with an expired registration would constantly subject the owner to tickets for an expired vehicle registration) if the $75.00 civil penalty was not paid to Defendant Southlake.  The other Defendant municipalities sued in this matter send out the same or substantially same notice.  Namely, they have a notice sent by mail to the registered

owner of the vehicle, threatening the owner that he or she will be reported to a collection agency (thereby damaging the owner's credit), and/or the possible loss of the right to renew the registration on the vehicle (thereby in effect confiscating the vehicle), if the $75 civil penalty being sought by the municipality for violation of its red light camera ordinance is not paid.

67.

All of the Defendant municipalities sued in this matter, with the exception of the City of Dallas, use either Redflex or ATS to administer and enforce their red light camera laws.  Defendant City of Dallas uses Defendant ACS to administer and enforce its red light camera ordinance.

68.

Based on information and belief, Defendant Redflex administers and/or enforces the red light camera ordinances for the following municipalities: Austin, Balch Springs, Denton, Duncanville, El Paso, Grand Prairie, Haltom City, Hurst, Hutto, Killeen, Lufkin, Mesquite, North Richland Hills, Oak Ridge North, Plano, Richardson, Richland Hills, Roanoke, and University Park.

69.

Based on information and belief, Defendant ATS administers and/or enforces the red light camera ordinances for the following municipalities: Arlington, Balcones Heights, Bastrop, Cedar Hill, Cleveland, Elgin, Fort Worth, Humble, Magnolia, Watauga, and Willis.

70.

Plaintiff will supplement this petition regarding the contracts with whom each of the Defendant municipalities have contracted with for the administration and/or enforcement of the municipality's red light camera system, including any corrections if any that may need to be made to Paragraphs 66-68 above, once that information has been obtained in discovery.

153-278080-15

71.

Crucial to this enterprise of attempting to administer and enforce the red light camera programs is the fact that all that is required to make the registered owner of a vehicle liable for the $75.00 penalty is to have the notice of violation mailed (simply by regular mail) to the registered owner of the vehicle.  The fact that the scheme to unlawfully and illegally extract the $75.00 penalty from the registered owner of the vehicle is done by the simple cost of a stamp is critical, because it is the only way to make the cost cheap enough so that profit can be made from the civil penalty paid. Without being able to implement its scheme (the unlawful red light camera laws) by the mere cost of a stamp, the red light camera laws would never get off the ground, as the cost to administer and enforce them on a per violation basis would far exceed the amount of $75 which would be obtained for each violation.  Thus, the only way such unlawful scheme can work is through the use of the United States mail.  This is a violation of the federal mail fraud statute, as will be further shown below.

72.

Plaintiff, faced with the threat of damage to his credit or the loss of the right to renew his vehicle registration, paid the $75.00 penalty demanded by Defendants Southlake and/or Redflex in the Notice No. SLR14014765 under this threat of coercion and/or duress, as Plaintiff was not going to risk damage to his credit or the loss of the right to renew the registration on his vehicle over the minor amount of $75.00.  Plaintiff did not pay the $75.00 penalty assessed by Defendants City of Southlake and/or Redflex voluntarily, but paid this penalty under coercion or duress.

73.

Under Section 707.008 of the Texas Transportation Code, the municipalities named as

Defendants in this lawsuit are required, not later than the 60th day after the end of their fiscal year, to send 50% of the net revenue obtained from their photographic traffic enforcement systems to the State of Texas.  This money is then deposited by the State of Texas and kept in a dedicated fund with the State of Texas, which fund is GR Account 5137 - Regional Trauma.  That fund currently has a balance in excess of $64 million, and is supposed to be used for the construction of a regional trauma center.  As of yet, the State of Texas has yet to spend any amount of this money which the State has received from civil penalties paid by the registered owners of vehicles such as Plaintiff and others similarly situated to Plaintiff for violations of municipal red light camera ordinances, including those ordinances set forth above.  As the $64 million dollars represents merely 50% of the net revenue obtained from the payment of civil penalties assessed for red light camera violations, just the total amount of net revenue alone derived by Texas municipalities, including those municipalities named as Defendants in this lawsuit, from payment of the penalty for a red light camera violation would exceed $128 million.  Thus, these red light camera laws enacted in the State of Texas, which are unconstitutional as will be set forth below, have fleeced the registered owners of vehicles like Plaintiff and others similarly situated to Plaintiff, for a total sum in excess of $128 million, which amount would not even include that part of revenue obtained from the penalties paid from red light camera violations which goes to either Redflex, ATS or ACS, the companies who administer and enforce the red light camera laws enacted by Defendant municipalities sued in this lawsuit.

74.

As to the other 50% of the net revenue Defendant municipalities sued in this lawsuit, including Defendant Southlake, derive from the payment of the civil penalty for the violation of the city's red light camera laws, Section 707.008(a)(2) of the Texas Transportation Code requires each

municipality to deposit such money into a special account in that city's treasury, which money may

be used only to fund traffic safety programs, including pedestrian safety programs, public safety

programs, intersection improvements, and traffic enforcement.

## RED LIGHT CAMERA LAWS VIOLATION OF TEXAS "RULES OF THE ROAD"

75.

Transportation Code Title 7, subtitle C, sets out the "Rules of the Road" regulating traffic

in the State of Texas.  The Transportation Code places limitations on a city like Defendant City of

Southlake's power to enact laws with respect to roadways under the city's jurisdiction.  Under

Section 542.201 of the Transportation Code, a "local authority" (which under Section 541.002(3)

of the Transportation Code includes a county or municipality) may not enact or enforce an ordinance

or rule that conflicts with subtitle C of Title 7 of the Texas Transportation Code, unless expressly

authorized to do so.

76.

One of the provisions contained in subtitle C of Title 7 of the Transportation Code is

Transportation Code § 542.302.  This statute provides the owner of a vehicle commits a traffic

offense only if the owner requires or knowingly permits the operator of the vehicle to operate the

vehicle in a manner which violates the law.  The Southlake red light camera ordinance, as well as

all of the other red light camera ordinances described above, conflict with this statute, because the

Southlake ordinance, and the other red light camera ordinances set forth above, make the registered

owner of the vehicle like Plaintiff and others similarly situated to Plaintiff liable for a red light

violation, irregardless of whether the municipality presents any proof that the owner required or

knowingly permitted the vehicle to be operated in a manner which violates the law.  This violates

Article XI, Section 5 of the Texas Constitution, so that the Southlake red light camera ordinance, and the other red light camera ordinances set forth above, would be unconstitutional, and void.

77.

The only possible way Defendant City of Southlake (and the other municipalities named as Defendants in this lawsuit) could enact an ordinance or ordinances dealing with red light cameras, and enforcing such ordinance(s), is if expressly authorized to do so by the Texas Legislature. Southlake's basis for its red light camera ordinances, as well as the basis for all the other red light camera ordinances set forth above enacted by all of the other Defendant municipalities sued in this lawsuit, is Chapter 707 of the Transportation Code.  Chapter 707 is unconstitutional for the reasons set forth below.  That being the case, no authority would exist to allow the Defendant municipalities to enact the red light camera ordinances set forth above, so that they would be in violation of Transportation Code Title 7, subtitle C, which sets out the "Rules of the Road" regulating traffic in the State of Texas.  Further, as the red light camera ordinances set forth above simply incorporate all of the pertinent unconstitutional provisions of Transportation Code Chapter 707, they would all be unconstitutional for the same reasons that Chapter 707 of the Transportation Code is unconstitutional.   As such, Transportation Code Chapter 707 and all of the red light camera ordinances set forth above, since they are unconstitutional, are void, unenforceable, of no effect, and create no right or remedy to assess any penalty whatsoever against the registered owner of a vehicle.

**UNCONSTITUTIONALITY OF RED LIGHT CAMERA LAWS**

**A.**     **Violation of Article I, Section 10 of Texas Constitution**

78.

Chapter 707 of the Transportation Code is unconstitutional in many respects.  The first major

respect in which Chapter 707 is unconstitutional is that it is seeking to deprive a person (the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff) of his property ($75 or up to $100 if a $25 late penalty is assessed) for what has been determined by the legislature for some time to be criminal conduct, i.e., the running of a red light. Running a red light is a traffic offense, a violation of Transportation Code Section 544.007(d). Under Section 542.301 of the Transportation Code, traffic violations are criminal offenses. An offense under subtitle C, title 7 of the Transportation Code (which would include a violation of Section 544.007(d)) is a misdemeanor, punishable by a fine of not less than $1 or more than $200. Transportation Code §§ 542.301 and 542.401.

79.

The fact that the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff are attempting to have liability imposed on them for the alleged violation of running a red light, conduct which is a crime, is important, because Texas citizens are guaranteed certain rights by the Texas Constitution when accused by the state or a local authority (like Defendant municipalities sued herein) of a crime. Specifically, Article I, Section 10 of the Texas Constitution gives one accused of a crime by the State or a local authority, which includes the City of Southlake and the other municipalities sued herein, several rights, including the right to trial by an impartial jury, the right against self incrimination, and the right to confront (i.e., cross-examine) the witnesses against him.

80.

Chapter 707 of the Transportation Code (as does the red light camera ordinances set forth above since they merely incorporate Chapter 707) deny these rights to the registered owner of a

motor vehicle like Plaintiff and others similarly situated to Plaintiff who are charged with a red light camera violation.  In the event the registered owner of the vehicle like Plaintiff and others similarly situated to Plaintiff want to challenge the liability that is already assessed in the notice of violation received by him or her, which liability is assessed before any type of proceeding or hearing whatsoever, Transportation Code Chapter 707 provides the registered owner of the vehicle like Plaintiff and others similarly situated to Plaintiff can challenge the predetermined finding of liability only by an "administrative adjudication hearing" before a hearing officer designated by the local authority.  Transportation Code §707.014.  This person can hardly be said to be impartial, as this "hearing officer" works for the very local authority trying to extort money from the vehicle owner.

81.

From there, the registered vehicle owner's only appeal is an "appeal" to the municipal court of the municipality, if the local authority is a municipality.  Transportation Code § 707.016(a)(2). An appeal under this section is a trial de novo to the judge.  Transportation Code § 707.016(a) and (e).  Thus, the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff are deprived of the right to a trial by jury guaranteed under Article I, Section 10 of the Texas Constitution.

82.

Further, Sections 707.014(e) and (f) of the Transportation Code provide that the local authority can prove its case merely by affidavits, so that the registered vehicle owner like Plaintiff and others similarly situated to Plaintiff from whom a penalty is being sought for conduct that is a crime (the alleged running of a red light) is deprived of the right to confront, i.e., cross-examine, the witnesses against him or her.

83.

As to the guarantee in Article I, Section 10 of the Texas Constitution of the right against self incrimination, such right is violated by the irrebutable presumption that is created by Texas Transportation Code Chapter 707 and the red light camera ordinances set forth above. As will be shown further below, Chapter 707 of the Transportation Code and the red light camera ordinances listed above create an irrebutable presumption that the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff was in fact the one driving the vehicle at the time of the alleged photographed red light violation. Transportation Code § 707.013. This violates the right guaranteed to Plaintiff and others similarly situated to Plaintiff under the Bill of Rights of the Texas Constitution against self incrimination, since in any criminal proceeding in Texas, one accused of a crime is presumed innocent. Instead, under the red light camera laws at issue, the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff are presumed guilty, based on the presumption established by Transportation Code § 707.013. This forces the registered owner of a vehicle such as Plaintiff and others similarly situated to Plaintiff to testify to at least try to clear their name, thereby infringing upon, and violating, the right against self incrimination guaranteed by Article I, Section 10 of the Bill of Rights to the Texas Constitution. However, even if one like Plaintiff or others similarly situated to Plaintiff do so testify, their testimony is not sufficient to overcome the presumption established by Section 707.013 of the Texas Transportation Code, as Plaintiff and other similarly situated to Plaintiff do not fall within the two exceptions to the presumption established by Section 707.013 of the Transportation Code.

84.

Further, the presumption of innocence, although not articulated in the Texas Constitution,

is a basic component under the Texas judicial system of justice. *Kimble v. State*, 537 S.W.2d 254, 254-55 (Tex.Cr.App. 1976); *Randle v. State*, 826 S.W.2d 943, 944 fn. 3 (Tex.Cr.App. 1992) (noting the presumption of innocence is a basic component of the right to a fair trial); and *Ex Parte Guerra*, 383 S.W.3d 229, 232 (Tex.App-San Antonio 2012) (noting that presumption of innocence is a right protected by Article I, Section 13 of Texas Constitution).  Chapter 707 of the Transportation Code and the red light camera ordinances set forth above violate this presumption, as the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff are presumed liable before the "administrative adjudication hearing" or the farce of an appeal to the city municipal court ever start, with no way to rebut that presumption.  Thus, instead of a presumption of innocence one has under Texas law, Chapter 707 of the Transportation Code and the red light camera ordinances set forth above act in reverse, create a presumption of guilt, which a registered vehicle owner like Plaintiff and others similarly situated to Plaintiff cannot rebut.  This would be yet a further violation of the rights guaranteed  under the Texas Constitution and/or Texas law, so that Chapter 707 of the Transportation Code and the red light camera ordinances set forth above are unconstitutional and void.

85.

Transportation Code Sections 707.014 and 707.016, and the red light camera ordinances set forth above, violate Article I, Section 10 of the Texas Constitution and Texas law by depriving the registered owner of a vehicle of the presumption of innocence, the right to trial by an impartial jury, the right to cross-examine witnesses, and the right against self-incrimination.

B.      **Violation of Article I, Section 29 of Texas Constitution**

86.

153-278080-15

By enacting Chapter 707 of the Transportation Code, the legislature took conduct that is a crime (running a red light, a traffic offense which is a misdemeanor), and made a civil penalty for such, to attempt to transform such into a civil matter.  Doing this usurps the rights guaranteed one under Article I, Section 10 of the Texas Constitution.  This violates Article I, Section 29 of the Texas Constitution, which prohibits the State of Texas and its local subdivisions like the Defendant municipalities sued in this lawsuit, from usurping rights guaranteed in the Bill of Rights (Article I) to the Texas Constitution.  Article I, Section 29 of the Texas Constitution would prohibit the State of Texas or the Defendant municipalities sued in this lawsuit, from enacting legislation that would usurp one's rights guaranteed under the Bill of Rights to the Texas Constitution.  Chapter 707 of the Transportation Code enacted by the legislature, and the red light camera ordinances set forth above enacted pursuant to same, usurp one's rights under Article I, Section 10 of the Texas Constitution, as they seek to impose a penalty on the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff for criminal conduct (violation of Transportation Code §544.007(d), the running of a red light), without giving the vehicle owner the rights afforded under Article I, Section 10 of the Texas Constitution of one accused of a crime.  Transportation Code Chapter 707 and the red light ordinances set forth above usurp one's rights under Article I, Section 10 of the Texas Constitution, because they deprive the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff accused of running a red light, of the right to trial by an impartial jury, the right to cross examine witnesses, the presumption of innocence, and the right against self-incrimination.  This would make Transportation Code Chapter 707 and the red light ordinances set forth above unconstitutional under Article I, Section 29, and therefore void.

87.

If not for Article I, Section 29 of the Texas Constitution, the legislature could take any number of matters that are crimes under the State of Texas, and transform them into civil matters, effectively usurping one's rights guaranteed under Article I, Section 10 of the Texas Constitution. Article I, Section 29 of the Texas Constitution was made a part of the Bill of Rights to the Texas Constitution to prevent the very type of action taken by the legislature in enacting Chapter 707 of the Transportation Code. Chapter 707 of the Transportation Code therefore violates Article I, Sections 10 and 29 of the Texas Constitution, so that it is unconstitutional and therefore void. Sections 707.002, 707.007, 707.009, 707.011, 707.012, 707.013, 707.014, 707.015, 707.016 and 707.017 of the Texas Transportation Code are unconstitutional under Article I, Sections 10 and 29 of the Texas Constitution. Since all of the red light camera ordinances set forth above were enacted pursuant to Chapter 707 of the Transportation Code and contain the same provisions, they are unconstitutional for the same reasons and therefore void as well.

C.      **Violation of Article I, Section 19 of Texas Constitution**

88.

Chapter 707 of the Transportation Code also violates the right to due process guaranteed under Article I, Section 19 of the Texas Constitution. Plaintiff's property, and that of others similarly situated (being $75 or $100 if the penalty is paid late) was taken by Defendant City of Southlake and/or the other municipalities sued herein pursuant to legislation (Chapter 707 of the Texas Transportation Code and the red light camera ordinances enacted pursuant to same). As such, Plaintiff and others similarly situated to Plaintiff would have the right to substantive due process guaranteed by Article I, Section 19 of the Texas Constitution. Under Texas law, an irrebutable

presumption violates this right to due process guaranteed by the Texas Constitution.  Chapter 707 of the Transportation Code and the red light cameras ordinances set forth above violate this constitutional right to due process, by creating an irrebutable presumption against the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff.

89.

Transportation Code Section 707.13(a) (and the red light camera ordinances listed above) create an irrebutable presumption that the registered owner of a car like Plaintiff and others similarly situated to Plaintiff, is the person driving the car that is depicted running a red light.   The presumption under Transportation Code Section 707.13(a) and the red light camera ordinances set forth above can be rebutted only if the motor vehicle depicted in the photograph taken by the photographic traffic signal enforcement system is owned: (1) by a person in the business of selling, renting, or leasing motor vehicles; or (2) by a person who was not the person named in the notice of violation.  Transportation Code § 707.013(b).  Classification (1) deals with car rental companies, auto leasing companies, and new and used car dealers.  Classification (2) deals with a situation where the person named in the notice of violation had sold the car depicted in the photograph prior to the violation.  For a registered vehicle owner like Plaintiff and others similarly situated to Plaintiff, even though, as examples, there are other licensed drivers in the vehicle owner's family who may have been driving the vehicle, the vehicle owner may have loaned the vehicle to another, or had left the vehicle for repairs so that the car was being operated by someone with the repair facility at the time of the alleged violation, so that the registered vehicle owner was not driving or even in the vehicle at the time of the red light camera infraction, the registered owner of the vehicle like Plaintiff and others similarly situated to Plaintiff cannot rebut the presumption of Transportation Code §

707.013(b) and the red light camera ordinances set forth above.

90.

The creation of an irrebutable presumption by Transportation Code § 707.013(b) and the red light camera ordinances set forth above as to registered vehicle owners like Plaintiff and others similarly situated to Plaintiff violates the right to substantive due process guaranteed by Article I, Section 19 of the Texas Constitution.  This also violates the presumption of innocence one has under Texas law.  As Chapter 707 of the Transportation Code, including Transportation Code § 707.013(b), and the red light camera ordinances set forth above create an irrebutable presumption of liability as to the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff, this violates Article I, Section 19 of the Texas Constitution and Texas law regarding the presumption of innocence, so that Chapter 707 of the Transportation Code, including Transportation Code § 707.013, and the red light camera ordinances set forth above, are unconstitutional and void. By creating an irrebutable presumption against the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff, Chapter 707 of the Transportation Code and the red light camera ordinances set forth above would also be in violation of Article I, Section 29 of the Texas Constitution, as such would be usurping the right of registered vehicle owner like Plaintiff and others similarly situated to Plaintiff of the right to due process under Article I, Section 19 of the Texas Constitution, which right is part of the Bill of Rights to the Texas Constitution.  Chapter 707 of the Transportation Code, including Transportation Code § 707.013, is unconstitutional and void, and so therefore, are the red light camera ordinances set forth above which were enacted under the authority provided by Chapter 707 of the Transportation Code.  As such, Sections 707.002, 707.007, 707.009, 707.011, 707.012, 707.013, 707.014, 707.015, 707.016 and 707.017 of the Texas

Transportation Code are unconstitutional under Article I, Sections 19 and 29 of the Texas Constitution and therefore void, as are the red light camera ordinances set forth above.

**D.**     **Violation of Jury Trial Right Under Article I, Section 15 of Texas Constitution**

91.

Even if the legislature could somehow be legally authorized to make the running of a red light a civil penalty (which would be impossible, since Article I, Section 29 of the Texas Constitution prohibits such), Chapter 707 of the Transportation Code and the red light ordinances set forth above would still be unconstitutional, as they would violate the right to a jury trial guaranteed under Article I, Section 15 of the Texas Constitution.  Texas law is clear that one is entitled to a trial by jury under Article I, Section 15 of the Texas Constitution where a civil penalty is being sought against him or her by a governmental entity.  *State v. Credit Bureau of Laredo*, 530 S.W.2d 288, 291-92 (Tex. 1975).

92.

Here, the City of Southlake, as well as Transportation Code Chapter 707 and the red light camera ordinances set forth above, attempt to make the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff pay a civil penalty.  This would entitle the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff to a jury trial.  As demonstrated above, Transportation Chapter 707 (and the red light camera ordinances set forth above) do not allow for a trial by jury, either in the "administrative adjudication hearing" provided for under Section 707.014, or in the farce of the "appeal" allowed under Section 707.016.  Thus,  Chapter 707 of the Transportation Code, including Transportation Codes §§ 707.014 and 707.016, and the red light camera ordinances set forth above enacted pursuant to same, are unconstitutional, as being in

violation of Article I, Section 15 of the Texas Constitution.  As such, Sections 707.002, 707.007, 707.009, 707.011, 707.012, 707.013, 707.014, 707.015, 707.016 and 707.017 of the Texas Transportation Code, and the red light camera ordinances set forth above enacted pursuant to same, are unconstitutional and void.

### E.    Violation of Open Courts Provision - Article I, Section 13 of Texas Constitution

93.

Chapter 707 of the Transportation Code is also void, in that such violates the open courts provision of Article I, Section 13 of the Texas Constitution.  Transportation Code § 707.016 allows for an appeal of the "administrative adjudication hearing" provided for under Section 707.014, but to be able to perfect such appeal, the person charged with notice of violation like Plaintiff and others similarly situated to Plaintiff must file a notarized statement of financial obligation.  Transportation Code §707.016(d).  This requires a supersedeas bond to make an appeal.  This violates the open courts provision of Article I, Section 13 of the Texas Constitution, as was held by the Texas Supreme Court in *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 448-50 (Tex. 1993).  Thus,  Chapter 707 of the Transportation Code, including Transportation Code § 707.016, and the red light camera ordinances set forth above enacted pursuant to same, are unconstitutional and void.  As such, Sections 707.002, 707.007, 707.009, 707.011, 707.012, 707.013, 707.014, 707.015, 707.016 and 707.017 of the Texas Transportation Code are unconstitutional under Article I, Section 13 of the Texas Constitution, this would make the red light camera ordinances set forth above unconstitutional for the same reason, since they were enacted under the authority of Transportation Code Chapter 707 and contain its provisions.

94.

Chapter 707 of the Transportation Code, and therefore the red light camera ordinances set forth above, also violate the open courts provision of Article I, Section 13 of the Texas Constitution, as the Legislature enacted Chapter 707 so as to try to prevent a registered vehicle owner like Plaintiff and others similarly situated to Plaintiff charged with a violation of a red light camera ordinance or law, from challenging the constitutionally of such law.  This would violate the open courts guarantee of Article I, Section 13 of the Texas Constitution.

95.

Chapter 707 of the Transportation Code was enacted by Senate Bill 1119 and made into law by Acts 2007, 80th Leg., ch. 1149, effective September 1, 2007.  As part of that act creating Chapter 707 of the Transportation Code, the Legislature added a subpart (g) to Section 29.003 of the Texas Government Code, so as to provide the municipal court with exclusive appellate jurisdiction within the municipality's territorial limits in cases arising under Chapter 707 of the Texas Government Code.  Section 29.003(g) of the Texas Government Code violates the open courts provision of Article I, Section 13 of the Texas Constitution, as it attempts to deprive the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff from having an appeal heard by a court of appeals or the Texas Supreme Court, as guaranteed by Article V, Sections 3 and 6 of the Texas Constitution.  Instead, under Section 29.003(g) of the Texas Government Code, the only appeal the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff has for a red light camera ticket is to the municipal court of the municipality which is trying to extort the fine from the vehicle owner.  This would be a clear violation of Article I, Section 13 of the Texas Constitution, and is especially the case, since a municipal court has no jurisdiction to determine whether a state

statute like Transportation Code Chapter 707, or even ordinances of its city, are constitutional or not.

96.

In short, in creating Chapter 707 of the Transportation Code, the legislature attempted to create a system whereby the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff have no way to challenge the constitutionality of Chapter 707 of the Transportation Code. Instead, the only option for judicial review for ones like Plaintiff and others similarly situated to Plaintiff is by the very kangaroo court of the municipality trying to extort an unlawful penalty from them.  This clearly violates the open courts guarantee of Article I, Section 13 of the Texas Constitution.  As such, Sections 707.002, 707.007, 707.009, 707.011, 707.012, 707.013, 707.014, 707.015, 707.016 and 707.017 of the Texas Transportation Code, and Section 29.003(g) of the Texas Government Code, are unconstitutional under Article I, Section 13 of the Texas Constitution, which would make the red light camera ordinances set forth above unconstitutional, since they were enacted under the authority of Transportation Code Chapter 707 and contain the same unconstitutional provisions.

97.

As the open courts provision is one of the Bill of Rights to the Texas Constitution, the violation of the open courts provision of the Texas Constitution by the legislature's enactment of Section 29.003(g) of the Texas Government Code also constitutes a violation of Article I, Section 29 of the Texas Constitution, so that Sections 707.002, 707.007, 707.009, 707.011, 707.012, 707.013, 707.014, 707.015, 707.016 and 707.017 of the Texas Transportation Code, and Section 29.003(g) of the Texas Government Code would be unconstitutional and void as well for violating that provision of the Texas Constitution.

**F.**     **Violation of Article 5, Sections 3 and 6 of Texas Constitution**

98.

Section 29.003(g) of the Texas Government Code also violates Article V, Sections 3 and 6 of the Texas Constitution, as these provisions of the Texas Constitution confer appellate jurisdiction on the courts of appeal and the Texas Supreme Court.  Under Article 5, Section 6 of the Texas Constitution, courts of appeal have appellate jurisdiction within the limits of their respective districts.  In the case of Plaintiff, the applicable court of appeals would be the Second District Court of Appeals sitting in Fort Worth, Texas, as such district includes Tarrant County, where the City of Southlake and its municipal court are located.  By enacting Section 29.003(g) of the Texas Government Code, the Legislature gave exclusive appellate jurisdiction over matters involving Chapter 707 of the Texas Transportation Code to the applicable municipal court, which in the case of Plaintiff would be the City of Southlake municipal court.  By doing this, Section 29.003(g) of the Texas Government Code violates Article 5, Sections 3 and 6 of the Texas Constitution by withdrawing the appellate jurisdiction conferred by those sections of the Texas Constitution on the courts of appeal and the Texas Supreme Court, and instead giving exclusive appellate jurisdiction to the municipal court over matters involving Chapter 707 of the Transportation Code.

99.

Texas law is clear that the legislature cannot withdraw jurisdiction conferred to a court by the Texas Constitution. *Harrell v. State*, 286 S.W.3d 315, 321 fn. 30 (Tex. 2009); *State v. Dugar*, 553 S.W.2d 102, 104-05 (Tex. 1977); *Lord v. Clayton*, 163 Tex. 62, 352 S.W.2d 718, 721-22 (1961); *Reasonover v. Reasonover*, 122 Tex. 512, 58 S.W.2d 817, 819 (1933); *Meraz v. State*, 714 S.W.2d 108, 112 (Tex.App.-El Paso 1986), *aff'd*, 785 S.W.2d 146 (Tex.Crim.App. 1990).  Section 29.003(g)

of the Texas Government Code completely withdraws appellate jurisdiction from the courts of appeal and the Texas Supreme Court in cases arising under Chapter 707 of the Transportation Code. The Legislature cannot eliminate appellate jurisdiction from those courts.  This makes Section 29.003(g) of the Texas Government Code unconstitutional and void.  For this additional reason, Chapter 707 of the Transportation Code, and the red light camera ordinances set forth above enacted pursuant to same, are unconstitutional and void, particularly as to the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff.  As such, Sections 707.002, 707.007, 707.009, 707.011, 707.012, 707.013, 707.014, 707.015, 707.016 and 707.017 of the Texas Transportation Code, and the red light camera ordinances set forth above enacted pursuant to same, are unconstitutional, as they are all based on the legislature's enactment of Chapter 707 of the Transportation Code, and Section 29.003(g) of the Texas Government Code, all of which are unconstitutional under Article I, Sections 13 and 29, and Article V, Sections 3 and 6 of the Texas Constitution.

## **SEVERABILITY ISSUE**

### 100.

Plaintiff would show that with all of the provisions of Chapter 707 of the Transportation Code and Section 29.003(g) of the Texas Government Code being unconstitutional for the reasons set forth above, those remaining provisions, if there are any, of Chapter 707 of the Transportation Code which might not be unconstitutional, would not be enough to keep those portions valid, as any such remaining provisions would not provide any constitutional way to assess any penalty.  As such, there would be no purpose to the statute, since there would be no legally constitutional way to assess any penalty against the registered owner of the vehicle like Plaintiff and others similarly situated to

Plaintiff.  As such, all of Chapter 707 of the Transportation Code fails, and no doctrine of severance can save it.  The red light camera ordinances set forth above would likewise fail as a whole for the same reason, because such are completely based on and incorporate Chapter 707 of the Texas Transportation Code, which is unconstitutional for all of the reasons set forth above.

## CAUSE OF ACTION - REIMBURSEMENT OF FUNDS PAID

### 101.

For all of the reasons set forth above, the civil penalty which Plaintiff paid to Defendant City of Southlake was under a law which is unconstitutional.  Under Texas law, a law which is unconstitutional is void from its inception, and cannot provide a basis for any right or relief.  An unconstitutional law amounts to nothing, accomplishes nothing, and is no law.  A void law is no law and confers no rights, bestows no power on anyone, and justifies no act performed under it.

### 102.

Texas law is clear that one who pays under duress a penalty, fee, tax or other amount to a State, local authority or governmental unit that is illegal or unlawful is entitled to bring an action against such governmental entity for reimbursement of such illegal or invalid amount assessed by the state, local authority, or governmental unit.  See *Camacho v. Samaniego*, 831 S.W.2d 804, 815 (Tex. 1992) (Supreme Court authorizing cause of action to collect illegal bond fees paid); *Austin National Bank v. Sheppard*, 123 Tex. 272, 71 S.W.2d 242, 246 (1934) (acknowledging right of taxpayer to maintain action to recover payment of taxes illegally extracted, even where taxes had already been paid, where taxes paid under duress).

### 103.

As demonstrated above, Chapter 707 of the Transportation Code, and all of the red light

153-278080-15

camera ordinances set forth above enacted pursuant to same, are unconstitutional and void.  This makes the civil penalty extracted from Plaintiff and others similarly situated to Plaintiff for violation of red light camera laws illegal and/or unlawful.  As such, under Texas law, including that set forth in Paragraph 102 above, Plaintiff is entitled to reimbursement from Defendant City of Southlake, and from the State of Texas (to the extent any of the penalty paid by Plaintiff has gone to the State of Texas), for the $75.00 penalty paid by Plaintiff to Defendant Southlake concerning Notice No. SLR14014765 described above.  Other registered vehicle owners similarly situated to Plaintiff are entitled to be reimbursed from the applicable municipality sued herein to whom they have paid the unlawful and illegal penalty for a red light camera violation, and from the State of Texas, to the extent any of the illegal and unlawful penalty paid by these registered vehicle owners has gone to the State of Texas.

104.

Another basis that would entitle Plaintiff and others similarly situated to Plaintiff to be reimbursed from the Defendant municipalities sued in this lawsuit and the State of Texas for the $75.00 or $100, as the case may be, illegally and unlawfully extracted from them for a red light camera violation is Article I, Section 17 of the Texas Constitution.  Here, Plaintiff's property (his $75.00), and that of others similarly situated to Plaintiff (being $75 or $100 depending on when the penalty was paid) has been taken for public use by virtue of laws (Transportation Code Chapter 707 and Southlake's red light camera ordinance and the other red light camera ordinances set forth above) that are unconstitutional and therefore unlawful.  Those laws take the monies received from the payments of such unlawful civil penalties for public use.  In the case of municipalities like Defendant Southlake, the public use of the monies is for traffic safety programs, including pedestrian

PLAINTIFF'S ORIGINAL PETITION - Page 40

safety programs, public safety programs, intersection improvements, and traffic enforcement.  In the case of the State of Texas, the public use is that the funds go into an account where the monies are only to be used for a regional trauma center.

105.

In short, Plaintiff's property, and that of others similarly situated to Plaintiff, has clearly been unlawfully taken from them for public use in violation of Article I, Section 17 of the Texas Constitution, so that Plaintiff and others similarly situated to Plaintiff would be entitled, under that provision of the Constitution to be reimbursed by Defendant City of Southlake or the municipality to whom the unlawful penalty was paid (and the State of Texas, if any of the amount paid by Plaintiff and others similarly situated to Plaintiff has gone to the State) for the $75.00 (or $100 if paid late) unlawfully taken from Plaintiff and others similarly situated to Plaintiff.  This claim would not be barred by sovereign or governmental immunity.  See for example, *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 841 (1958) (suits for property alleged to be unlawfully or wrongfully withheld from the rightful owner by the state are not suits against the sovereign itself and may be maintained without permission of the sovereign); and *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 634-35 pp.- (Tex.App.-Austin 2007, pet denied) (suits to recover money or other property wrongfully taken or withheld by state officials from their rightful owners do not implicate sovereign immunity because being wrongfully taken, the property never belongs to the state).

## CAUSE OF ACTION - CIVIL RICO CLAIM

106.

Plaintiff would show that Defendant Southlake contracted with Redflex for the administration and enforcement of Southlake's red light camera laws.  Redflex sent Plaintiff, by

regular mail, the Notice of Violation No. SLR14014765 which was used to illegally extract $75.00 from Plaintiff.  This notice was the standard notice sent by Redflex by mail for every red light camera program which it enforces for those cities here in Texas that it has a contract with.  The standard notice of violation which is sent by mail by Redflex to registered vehicle owners like Plaintiff and others similarly situated to Plaintiff contains false representations used to extract an unlawful payment from Plaintiff and others similarly situated to Plaintiff.  This violates the federal mail fraud statute, 28 USC Section 1341.

107.

Defendants Redflex, ACS and ATS, as will be further shown below, were committing criminal violations in administering and enforcing the Defendant municipalities' red light camera programs by acting without the license required by Texas law.  Defendants Redflex, ACS and ATS furthered their criminal activities by using the US mail to send out their notice of red light camera violations, so that they could unlawfully extract payment of the $75 civil penalty, or $100 if paid late, from registered vehicle owners like Plaintiff and others similarly situated to Plaintiff.  This would also be a violation of the federal mail fraud statute, 28 USC Section 1341.

108.

The standard notice mailed by Redflex to Plaintiff, and other registered vehicle owners similarly situated to Plaintiff, (which is also the same or substantially the same notice mailed by ACS and ATS in connection with red light camera notices they send by mail as part of administering or enforcing red light camera programs for one or more of the municipalities named as Defendants in this lawsuit) contain false representations that the registered owner of the car receiving the notice is liable for the $75.00 penalty.  Such a representation is false, because as illustrated above, the red

153-278080-15

light camera laws are unconstitutional and void, and create no rights, remedies or obligations.  By representing to registered owners of vehicles like Plaintiff and others similarly situated to Plaintiff that the $75.00 civil penalty is owed, when such penalty is not owed because it is unlawful and illegal, the notices sent by mail by Redflex, ACS or ATS to registered vehicle owners like Plaintiff and others similarly situated to Plaintiff falsely represent that a $75.00 penalty is owed when it is not.  Defendants Redflex, ACS and ATS use the US mail to perpetrate their scheme to unlawfully collect $75.00 (or $100 if paid late) from registered vehicle owners like Plaintiff and others similarly situated to Plaintiff, which constitutes one way Redflex, ACS and ATS commit mail fraud.  This is further the case, as without such notice being mailed by Redflex, ACS or ATS to the registered vehicle owner, no penalty would ever be paid by the registered owner of the vehicle, because this (the mailing) is the only way notice is sent to the registered vehicle owner.

109.

Another way the notices sent by mail by Defendants Redflex, ACS or ATS contain false representations is that the notices state that if the registered owner does not pay the $75.00 civil penalty, then the matter will be turned over to a collection agency, thereby creating the false impression that the registered vehicle owner's credit will be ruined, if he or she does not pay the $75.00.  This constitutes another false representation used to attempt to collect a $75.00 penalty which is unlawful and illegal.  This representation contained in the notices sent out by Redflex, ACS and ATS is false, because nowhere is the registered vehicle owner advised in the notice that Section 707.003(h) of the Texas Transportation Code prohibits the local authority or the company it contracts with, from providing any information to any credit bureau about the penalty imposed for the red light camera violation.  Redflex, ACS and ATS purposefully fail to include this information, so as to

induce the registered vehicle owner, like Plaintiff and others similarly situated to Plaintiff, into wrongfully believing that he or she must pay the penalty, or risk having their credit ruined, so that the penalty is paid by the registered vehicle owner.  Defendants Redflex, ACS and ATS use the US mail to make such false representation, and to perpetrate their scheme to unlawfully collect $75, or $100 if the penalty is paid late, from registered vehicle owners like Plaintiff and others similarly situated to Plaintiff, which constitutes yet another way Defendants Redflex, ACS and ATS commit mail fraud.  This is further the case, as without such notice being mailed by Redflex, ACS or ATS to the registered vehicle owner, no penalty would ever be paid by the registered owner of the vehicle, because this (the mailing) is the only way notice is sent to the registered vehicle owner.

.                                                     110.

The notices which Defendants Redflex, ACS and ATS send by mail to registered vehicle owners like Plaintiff and others similarly situated to Plaintiff, that being those assessed liability for a red light camera law violation, proximately cause damage to registered vehicle owners like Plaintiff and others similarly situated to Plaintiff, as they induce registered vehicle owners like Plaintiff and others similarly situated to Plaintiff to pay the $75 penalty (or $100 if the penalty is paid late) which penalty is not owed, because such penalty is unlawful and illegal.  This violates the civil RICO statutes (28 USC 1962 and 28 USC 1964(c)), as: (1) Defendants Redflex, ACS and ATS would each be a person for purposes of that statute; (2) who are engaged in a pattern of racketeering activity (the mail fraud described above); (3) connected to the conduct or control of an enterprise (which is the municipalities and the administration and enforcement of their red light camera ordinances set forth above); (4) which proximately cause damage to the property of Plaintiff and others similarly situated to Plaintiff (which damage to property is the loss of the $75, or $100 if paid late, penalty unlawfully

153-278080-15

collected from Plaintiff and others similarly situated to Plaintiff, since such penalty was illegal under Texas law); (5) with Defendants pattern of racketeering activity including use of the US mail easily over 100,000 times and likely over one million times to collect money from registered vehicle owners like Plaintiff and others similarly situated to Plaintiff for a penalty which is not owed, because the penalty is illegal and unlawful; and (6) such racketeering activity will continue to be done by Defendants Redflex, ACS and ATS in the future, as the red light camera ordinances set forth above continue to remain in force, so that each time a vehicle is photographed violating one of the red light camera ordinances set forth above, either Redflex, ACS or ATS will thereafter send a notice in the mail to the registered owner of the vehicle, assessing liability for the $75 penalty.  Thus, all elements necessary for a civil RICO claim against Defendants Redflex, ACS and ATS are present, thereby allowing Plaintiff and others similarly situated to Plaintiff to recover three times their actual damages (which damages are either the $75.00 or $100.00 paid by the registered vehicle owner, depending on whether the penalty is paid timely or not) under the civil RICO statute, plus attorney's fees under 28 USC 1964(c).

111.

Thus, each time Defendants Redflex, ACS or ATS mail a notice of violation to a registered vehicle owner like Plaintiff and others similarly situated to Plaintiff assessing liability of $75 under the applicable red light camera ordinances set forth above, this causes damages recoverable under civil RICO (three times the damages) of $225 for each such payment made by the registered vehicle owner, or $300 if not paid timely, each time the registered vehicle owner like Plaintiff and others similarly situated to Plaintiff pays the penalty in response to such notice mailed by Defendants Redflex, ACS or ATS, plus attorney's fees.  Plaintiff, on behalf of himself and all others similarly

situated with Plaintiff, seeks from Defendants Redflex, ACS, and ATS, $225 for each red light camera penalty that was paid to them in response to any red light camera notice mailed by any of them, or $300 for each such penalty that was paid, but not paid timely, plus attorney's fees.

## CAUSE OF ACTION - COMMON LAW MISREPRESENTATION

### 112.

Plaintiff would show that Defendant Southlake contracted with Redflex for the administration and enforcement of Southlake's red light camera laws.  Redflex sent Plaintiff, by regular mail, the Notice of Violation No. SLR14014765 which was used to illegally extract $75.00 from Plaintiff.  This notice was the standard notice sent out by Redflex for every red light camera program which it enforces for those cities here in Texas that it has a contract with.  The standard notice of violation which is sent out by Redflex contains false representations, which were sent by Redflex using the United States mail.

### 113.

The standard notice sent out by Redflex to Plaintiff and others similarly situated to Plaintiff (which is also the same or substantially the same notice sent out by ACS and ATS in connection with red light camera notices they send by mail as part of administering or enforcing red light camera programs for one or more of the municipalities named as Defendants in this lawsuit) contain false representations that the registered owner of the car receiving the notice is liable for the $75.00 penalty.  Such a representation is false, because as illustrated above, the red light camera laws are unconstitutional and void, and create no rights, remedies or obligations.  By representing to registered owners of vehicles like Plaintiff and others similarly situated to Plaintiff that the $75.00 civil penalty is owed, when such penalty is not owed, the notices sent out by Redflex, ACS and ATS

to registered vehicle owners like Plaintiff and others similarly situated to Plaintiff falsely represent that a $75.00 penalty is owed.  This constitutes a misrepresentation which proximately caused damage to Plaintiff and others similarly situated to Plaintiff in the amount of $75.00, or $100 if paid late, to each registered vehicle owner like Plaintiff and others similarly situated to Plaintiff who pay the unlawful and illegal red light camera penalty.

114.

Another way the notices sent by mail by either Defendants Redflex, ACS or ATS contain false representations is that the notices state that if the registered owner does not pay the $75.00 civil penalty, then the matter will be turned over to a collection agency, thereby creating the false impression that the registered vehicle owner's credit will be ruined, if he or she does not pay the $75.00.  This constitutes another false representation used to attempt to collect a $75.00 penalty which is unlawful and illegal.  This representation contained in the notices sent out by Redflex, ACS and ATS is false, because nowhere is the registered vehicle owner advised in the notice that Section 707.003(h) of the Texas Transportation Code prohibits the local authority or the company it contracts with, from providing any information to any credit bureau about the penalty imposed for the red light camera violation.  Redflex, ACS and ATS purposefully fail to include this information, so as to induce the registered vehicle owner, like Plaintiff and others similarly situated to Plaintiff, into wrongfully believing that he or she must pay the penalty, or risk having their credit ruined.  This constitutes a misrepresentation, which proximately damaged Plaintiff and others similarly situated to Plaintiff in the amount of $75.00, or $100 if paid late, for each registered vehicle owner like Plaintiff and others similarly situated to Plaintiff, who paid the unlawful and illegal red light camera penalty in response to the notice sent by either Redflex, ACS or ATS.

153-278080-15

115.

The notices which Defendants Redflex, ACS and ATS send by mail to Plaintiff and others similarly situated to Plaintiff, that being those charged with a notice of a red light camera law, proximately cause damage to registered vehicle owners like Plaintiff and others similarly situated to Plaintiff, as the misrepresentations contained in those notices induce registered vehicle owners like Plaintiff and others similarly situated to Plaintiff to pay the $75 penalty (or $100 if the penalty is paid late) which penalty is not owed, because such penalty is unlawful and illegal. This satisfies all of the elements of a common law misrepresentation claim, as Defendants Redflex, ACS and ATS used the misrepresentations described above to induce registered vehicle owners like Plaintiff and others similarly situated to Plaintiff, to pay a penalty which is not owed, because the penalty is illegal and unlawful. Plaintiff, on behalf of himself and all others similarly situated to Plaintiff, is/are therefore entitled to recover actual damages (which damages are either the $75.00 or $100.00 paid by each registered vehicle owner like Plaintiff and others similarly situated to Plaintiff, depending on whether the penalty is paid timely or not).

116.

Thus, each time Defendants Redflex, ACS or ATS mail a notice of violation to a registered vehicle owner like Plaintiff or others similarly situated to Plaintiff for liability under one of the red light camera ordinances set forth above, this proximately causes damages recoverable for common law misrepresentation of $75 for each such payment made by the registered vehicle owner like Plaintiff and others similarly situated to Plaintiff, or $100 for each such penalty not paid timely, each time the registered vehicle owner like Plaintiff and others similarly situated to Plaintiff pays the penalty in response to the written notice mailed by Defendants Redflex, ACS or ATS. Plaintiff seeks

in this lawsuit, on behalf of himself and all others similarly situated with Plaintiff, from Defendants

Redflex, ACS, and ATS $75 for each red light camera violation notice paid in response to the notice

sent by them, or $100 for each such penalty that was paid, but was not paid timely, so that a $25 late

fee was added.

## <u>CAUSE OF ACTION - DPTA CLAIM</u>

### 117.

Plaintiff and others similarly situated to Plaintiff would show that in administering or

enforcing the red light camera ordinances set forth above, Defendants Redflex, ACS and ATS act

as an "investigations company" as that term is defined in Sections 1702.002(10) and 1702.104 of the

Texas Occupations Code, which laws are part of Chapter 1702.001 et. seq. of the Texas Occupations

Code, known as the "Private Security Act".  Defendants Redflex, ACS and ATS are acting as an

"investigations company" for purposes of Section 1702.004 of the Texas Occupations Code, as they

engage in the business of securing, or accepting employment to secure, evidence (the red light

camera photographic evidence and video) for use before a court, board, officer, or investigating

committee.  This is important, because under the Private Security Act, specifically Occupations Code

Section 1702.101, one acting as an "investigations company" cannot act as an investigations

company, offer to perform the services of an investigations company, engage in business activity for

which a licensed is required under Chapter 1702 of the Occupations Code.  Defendants Redflex,

ACS and ATS do not have the license required by Chapter 1702 of the Occupations Code, so that

the actions taken by them in getting notices of red light camera violations paid by Plaintiff and others

similarly situated to Plaintiff are in violation of the Private Security Act.  This is significant, as one

in violation of the Private Security Act is guilty of a crime (a Class A misdemeanor) for each

violation.   Occupations Code § 1702.388.   Further each such violation constitutes a false, misleading, or deceptive act or practice within the meaning of Section 17.46 of the Business & Commerce Code, for which a private remedy is available.  Occupations Code § 1702.3835.

118.

Plaintiff and others similarly situated to Plaintiff would show they have been damaged by Redflex, ACS and ATS' acts in not being licensed as required by the Private Security Act as such was a producing cause in Plaintiff and others similarly situated to Plaintiff paying civil penalties for a red light camera ordinance violation that was not owned by them. Without the photographic evidence unlawfully gathered and secured by Redflex, ACS and ATS, as the case may be, no basis would exist to bring any red light camera violation against Plaintiff or others similarly situated to Plaintiff, so that the acts of Redflex, ACS and ATS in violation of the Private Security Act caused Plaintiff and others similarly situated to pay civil penalty for a red light camera ordinance violation that was not owed by them. This is particularly the case, since the only evidence forming the basis for the red light camera ordinance violation is the photographic and video evidence gathered and secured by Redflex, ACS and ATS in violation of the Private Security Act.

119.

Thus, each time a notice of a red light camera violation was paid by Plaintiff or others similarly situated to Plaintiff under one of the red light camera ordinances set forth above because of the unlawful and criminal actions of Redflex, ACS and ATS described, this was a producing cause of damages to Plaintiff and others similarly situated to Plaintiff under Sections 17.46 and 17.50 of the Business & Commerce Code (known as the Deceptive Trade Practices Act) of $75 for each such payment made by Plaintiff and others similarly situated to Plaintiff, or $100 for each such penalty

not paid timely, in response to the written notice(s) mailed by Redflex, ACS or ATS.  Plaintiff, on behalf of himself and all others similarly situated to Plaintiff, seek(s) from Defendants Redflex, ACS and ATS, under Sections 17.46 and 17.50 of the Deceptive Trade Practices Act, $75 for each red light camera violation notice paid in response to the notice sent by them, or $100 for each such penalty that was paid late, plus attorney's fees.

120.

Plaintiff, and others similarly situated to Plaintiff, would show that the actions of Redflex, ACS and ATS described above were done "knowingly" by them, for purposes of the Deceptive Trade Practices Act, so as to render those Defendants liable for such additional damages under Section 17.50(b) of the Deceptive Trade Practices Act, as may be found by the trier of fact.

## CLASS ACTION ALLEGATIONS

121.

Pursuant to Rule 42 of the Texas Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated, as representative of the following class: all registered owners of vehicles who at any time during the period from April 23, 2011 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 in response to a notice mailed to them for a violation of any of the following red light camera ordinances which were enacted under the authority of Texas Transportation Code Chapter 707:

| | |
|---|---|
| City of Allen | Allen Ordinances Sections 9-361 through 9-369 |
| City of Amarillo | Amarillo Ordinances Sections 16-3-379 through 16-3-386 |
| City of Arlington | Arlington Ordinances Sections 9.01 through 9.05 |
| City of Austin | Austin Ordinances Sections 12-1-61 through 12-1-66 |

| | |
|---|---|
| City of Balch Springs | Balch Springs Ordinances Sections 78-280 through 78-290 |
| City of Balcones Heights | Balcones Heights Ordinances 75.01 through 75.09 and 75.99 |
| City of Bastrop | Bastrop Ordinances Sections 12.11.001 through 12.11.011 |
| City of Baytown | Baytown Ordinances Sections 94-301 through 94-311 |
| City of Bedford | Bedford Ordinances Sections 114-50 through 115-58 |
| City of Burleson | Burleson Ordinances Sections 78-140 through 78-158 |
| City of Cedar Hill | Cedar Hill Ordinances Sections 11-238 through 11-248 |
| City of Cleveland | Cleveland Ordinances Sections 114-230 through 114-236 |
| City of Conroe | Conroe Ordinances Sections 66-160 through 66-170 |
| City of Coppell | Coppell Ordinances Sections 8-8-1 through 8-8-7 |
| City of Corpus Christi | Corpus Christi Ordinances Sections 53-296 through 53-301 |
| City of Dallas | Dallas Ordinances Sections 28-203 through 28-219 |
| City of Denton | Denton Ordinances Sections 18-230 through 18-242 |
| City of Diboll | Specific ordinance numbers unknown at this time |
| City of Duncanville | Duncanville Ordinances Sections 19-180 through 19-186 |
| City of El Paso | El Paso Ordinances Sections 12.21.010 through 12.21.070 |
| City of Elgin | Elgin Ordinances Sections 40-23 through 40-120 |
| City of Farmers Branch | Farmers Branch Ordinances Sections 82-401 through 82-407 |
| City of Fort Worth | Fort Worth Ordinances Sections 22-361 through 22-371 |
| City of Frisco | Frisco Ordinances Sections 90-201 through 90-209 |
| City of Garland | Garland Ordinances Sections 26.60 through 26.64 |
| City of Grand Prairie | Grand Prairie Ordinances Sections 25-63 through 25-69 |
| City of Haltom City | Haltom City Ordinances Sections 90-156 through 90-176 |
| City of Humble | Humble Ordinances Sections 28-151 through 28-159 |
| City of Hurst | Hurst Ordinances Sections 24-200 through 24-206 |
| City of Hutto | Hutto Ordinances Sections 22.02.031 through 22.02.036 |

| | |
|---|---|
| City of Irving | Irving Ordinances Sections 21-201 through 21-211 |
| City of Jersey Village | Jersey Village Ordinances Sections 61-161 through 66-167 |
| City of Killeen | Killeen Ordinances Sections 28-271 through 28-278 |
| City of League City | League City Ordinances Sections 110-301 through 110-314 |
| City of Little Elm | Little Elm Ordinances Sections 98-150 through 98-160 |
| City of Longview | Longview Ordinances Sections 97-163 through 97-170 |
| City of Lufkin | Lufkin Ordinances Sections 76.01 through 76.99 |
| City of Magnolia | Magnolia Ordinances Sections 90-81 through 90-88 |
| City of Marshall | Marshall Ordinances Sections 27-70 through 27-76 |
| City of Mesquite | Mesquite Ordinances Sections 9-286 through 9-295 |
| City of North Richland Hills | North Richland Hills Ordinances Sections 54-401 through 54-408 |
| City of Plano | Plano Ordinances Sections 12-260 through 12-269 |
| City of Port Lavaca | Port Lavaca Ordinances Sections 48-149 through 48-157 |
| City of Richardson | Richardson Ordinances Sections 22-185 through 22-193 |
| City of Richland Hills | Richland Hills Ordinances Sections 82-200 through 82-210 |
| City of Roanoke | Roanoke Ordinances Sections 10.901 through 10.910 |
| City of Round Rock | Round Rock Ordinances Sections 42-145 through 42-419 |
| City of Southlake | Southlake Ordinances Sections 18-325 through 18-345 |
| City of Sugar Land | Sugar Land Ordinances Sections 5-156 through 5-163 |
| City of Tomball | Tomball Ordinances Sections 44-281 through 44-287 |
| City of University Park | University Park Ordinances Sections 12.02.041 through 12.02.050 |
| City of Watauga | Watauga Ordinances Sections 40-53 through 40-64 |
| City of Willis | Willis Ordinances Sections 70.01 through 70.12 |

122.

As there are different statutes of limitations applicable to the claims being asserted against

the State of Texas, Defendant municipalities and Redflex, ACS and ATS, and as each municipality

would only be liable for the civil penalties unlawfully assessed and collected by them, the class set forth in Paragraph 121 above would consist of the following subclasses:

(1)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 for a violation of any of the red light camera ordinances set forth above, and for which any portion of such payment(s) were remitted to the State of Texas in accordance with Section 707.008 of the Texas Transportation Code;

(2)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Allen ordinance Section 9-362;

(3)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under Amarillo ordinance Section 16-3-380;

(4)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Arlington ordinance Section 9.02;

(5)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Austin ordinance Section 12-1-62;

(6)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Balch Springs ordinance Section 78-281;

(7)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Balcones Heights ordinance Section 75.99;

(8)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Bastrop ordinance Section 12.11.004;

(9)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Baytown ordinance Section 94-303;

(10)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00

or $100.00 imposed under City of Bedford ordinance Section 114-51;

(11)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Burleson ordinance Section 78-146;

(12)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Cedar Hill ordinance Section 11-239;

(13)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Cleveland ordinance Section 114-231;

(14)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Conroe ordinance Section 66-162;

(15)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Coppell ordinance Section 8-8-2;

(16)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Corpus Christi ordinance Section 53-297;

(17)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Dallas ordinance Section 28-214;

(18)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Denton ordinance Section 18-231;

(19)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under the City of Diboll's red light camera ordinance;

(20)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Duncanville ordinance Section 19-181;

(21)    all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00

or $100.00 imposed under City of El Paso ordinance Section 12.21.020;

(22)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Elgin ordinance Section 40-24;

(23)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Farmers Branch ordinance Section 82-402;

(24)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Fort Worth ordinance Section 22-362;

(25)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Frisco ordinance Section 90-202;

(26)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Garland ordinance Section 26.61;

(27)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Grand Prairie ordinance Section 25-64;

(28)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Haltom City ordinance Section 90-164;

(29)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Humble ordinance Section 28-156;

(30)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Hurst ordinance Section 24-201;

(31)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Hutto ordinance Section 22.02.033;

(32)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00

153-278080-15

or $100.00 imposed under City of Irving ordinance Section 21-205;

(33)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Jersey Village ordinance Section 66-162;

(34)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Killeen ordinance Section 28-272;

(35)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of League City ordinance Section 110-302;

(36)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Little Elm ordinance Section 98-152;

(37)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Longview ordinance Section 97-164;

(38)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Lufkin ordinance Section 76.99;

(39)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Magnolia ordinance Section 90-86;

(40)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Marshall ordinance Section 27-71;

(41)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Mesquite ordinance Section 9-287;

(42)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of North Richland Hills ordinance Section 54-402;

(43)     all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00

or $100.00 imposed under City of Plano ordinance Section 12-261;

(44)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Port Lavaca ordinance Section 48-150;

(45)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Richardson ordinance Section 22-186;

(46)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Richalnd Hills ordinance Section 82-201;

(47)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Roanoke ordinance Section 10.902;

(48)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Round Rock ordinance Section 42-416;

(49)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Southlake ordinance Section 18-333;

(50)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Sugar Land ordinance Section 5-158;

(51)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Tomball ordinance Section 44-282;

(52)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of University Park ordinance Section.12.02.042;

(53)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 imposed under City of Watauga ordinance Section 40-55;

(54)  all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00

or $100.00 imposed under City of Willis ordinance Section 70.04;

(55)   all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 in response to a notice mailed to them by Redflex, for a violation of any of the red light camera ordinances set forth above;

(56)   all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 in response to a notice mailed to them by ACS, for a violation of any of the red light camera ordinances set forth above;

(57)   all registered owners of vehicles who at any time during the period from April 23, 2013 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 in response to a notice mailed to them by ATS, for a violation of any of the red light camera ordinances set forth above;

(58)   all registered owners of vehicles who at any time during the period from April 23, 2011 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 in response to a notice mailed to them by Redflex, for a violation of any of the red light camera ordinances set forth above;

(59)   all registered owners of vehicles who at any time during the period from April 23, 2011 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 in response to a notice mailed to them by ACS, for a violation of any of the red light camera ordinances set forth above; and

(60)   all registered owners of vehicles who at any time during the period from April 23, 2011 to the date this class action is certified, paid the civil penalty of either $75.00 or $100.00 in response to a notice mailed to them by ATS, for a violation of any of the red light camera ordinances set forth above.

As described below, this action satisfies the numerosity, commonality, typicality, and

adequacy of representation requirements of Rule 42 of the Texas Rules of Civil Procedure.

123.

Plaintiff, and others similarly situated to Plaintiff, would show that based on information and

belief, greater than two-thirds of the members of the class described above, along with each subclass

set forth above, are citizens of the State of Texas, where this lawsuit is being filed.  Plaintiff, and

others similarly situated to Plaintiff, would show, that all of the municipalities who have been sued

in this lawsuit are Defendants from whom significant relief is sought by members of the plaintiff

class (being the millions of dollars unlawfully and illegally collected by each municipality pursuant

to their unlawful red light camera laws), whose conduct forms a significant basis for the claims

asserted by the proposed plaintiff class (being the unconstitutional red light camera ordinances set

forth above enacted by each Defendant municipality) and each of the municipality Defendants are

a citizen of the State of Texas where this lawsuit is being filed.

124.

Demonstrating the significant relief being sought against the municipalities sued in this

matter are the Photographic Enforcement Systems reports which the municipalities file with the State

of Texas, setting forth their revenue for each fiscal year from the operation of their red light traffic

cameras.  The amount of revenue shown by those reports for the last two fiscal years (2013 and

2014) generated by each municipality sued herein is as follows:

| City | 2013 & 2014 Red Light Camera Revenue |
|------|--------------------------------------|
| Allen | $     39,525.69 |
| Amarillo | $  1,720,839.00 |
| Arlington | $ 10,980,682.52 |
| Austin | $  1,377,230.49 |
| Balch Springs | $  1,648,004.12 |
| Balcones Heights | $  2,378,201.34 |
| Bastrop | $  1,610,913.60 |
| Baytown | $      4,173.72 |
| Bedford | $    421,087.17 |
| Burleson | $    791,015.00 |
| Cedar Hill | $    875,684.86 |
| Cleveland | $  1,005,164.11 |
| Conroe | $  2,544,906.49 |
| Coppell | $    709,976.75 |
| Corpus Christi | $  3,750,488.01 |
| Dallas | $ 15,375,919.66 |
| Denton | $  2,609,289.91 |

153-278080-15

| | | |
|---|---|---:|
| Diboll | $ | 775,310.08 |
| Duncanville | $ | 2,363,221.81 |
| El Paso | $ | 2,324,018.86 |
| Elgin | $ | 1,510,328.63 |
| Farmers Branch | $ | 1,588,848.97 |
| Fort Worth | $ | 17,856,646.69 |
| Frisco | $ | 853,450.00 |
| Garland | $ | 2,962,946.04 |
| Grand Prairie | $ | 4,819,090.24 |
| Haltom City | $ | 700,517.60 |
| Humble | $ | 4,770,014.12 |
| Hurst | $ | 1,072,078.86 |
| Hutto | $ | 347,785.00 |
| Irving | $ | 3,426,672.88 |
| Jersey Village | $ | 3,354,816.35 |
| Killeen | $ | 2,429,635.51 |
| League City | $ | 636,230.13 |
| Little Elm | $ | 675,415.47 |
| Longview | $ | 2,029,573.95 |
| Lufkin | $ | 1,668,156.04 |
| Magnolia | $ | 602,265.00 |
| Marshall | $ | 1,102,587.13 |
| Mesquite | $ | 1,374,235.74 |
| N. Richland Hills | $ | 1,913,996.02 |
| Plano | $ | 7,657,957.65 |
| Port Lavaca | $ | 408,815.99 |
| Richardson | $ | 2,740,689.86 |
| Richland Hills | $ | 974,994.26 |
| Roanoke | $ | 213,124.45 |
| Round Rock | $ | 1,617,506.85 |
| Southlake | $ | 2,367,771.93 |
| Sugar Land | $ | 3,199,763.09 |
| Tomball | $ | 1,042,833.91 |
| University Park | $ | 1,381,377.31 |
| Watauga | $ | 1,311,345.00 |
| Willis | $ | 1,028,667.50 |
| Total | | $132,945,791.36 |

These amounts are less than the amounts being sought from each municipality in this lawsuit, as such

Photographic Enforcement Systems reports do not include the revenue collected by each

municipality by the operation of their red light cameras during the fiscal year 2015, which would be

153-278080-15

part of the damages being sought by the class in this matter.

125.

Plaintiff, and others similarly situated to Plaintiff, would further show that principal injuries resulting from the alleged conduct or any related conduct of each of the municipality Defendants were incurred in the State of Texas where this action was filed, as the unlawful and illegal red light camera penalties unlawfully collected from the plaintiff class were pursuant to laws enacted in the State of Texas, stemming from alleged red light running in the State of Texas, and for the payment of penalties made principally in the State of Texas and which were not owed.

126.

Plaintiff, and others similarly situated to Plaintiff, would further show that during the three year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against any of the Defendants on behalf of the same or other persons.

127.

The persons in the class are so numerous that joinder of all members is impracticable. Plaintiff is one of tens of thousands of registered vehicle owners who have paid the penalty in response to an alleged violation of one of the red light camera ordinances set forth above. As an example, Defendant City of Arlington alone issued 92,941 notices of red light camera violations in 2013, 65,480 of which were paid. In 2014, Defendant City of Arlington issued 98,554 notices of red light camera violations, 70,521 of which were paid. This is just one of the Defendant municipalities sued in this matter, which illustrates that joinder of all members of the class is impracticable. Although the exact number of class members is unknown to Plaintiff at this time, it is ascertainable

by appropriate discovery, including interrogatories asking each municipality, for each penalty of a red light camera ordinance paid to them from April 14, 2011 to when this action is certified, to state the Notice violation number, the name and address of the person to whom such notice was directed, the amount paid by each person, and the date such payment was made by each person.   Plaintiff is informed and believed that the class will number several hundred thousands of people.   The identity and location of class members may also be identified from the records maintained and possessed by the Defendant municipalities and/or their representatives, being Redflex, ACS or ATS.

128.

There are common questions of law and fact affecting the class.   The common issues to be litigated are the following:

(1)     Whether Chapter 707 of the Transportation Code, and the red light camera ordinances set forth above enacted pursuant to same, violate Article I, Sections 10, 13, 15, 19 and 29 of the Texas Constitution;

(2)     Whether the red light camera ordinances set forth above violate the "Rules of the Road", i.e., Transportation Code Title 7, subtitle C, including Transportation Code Section 542.302, and Article XI, Section 5 of the Texas Constitution;

(3)     Whether Chapter 707 of the Transportation Code and Section 29.003(g) of the Texas Government Code violate Article V, Sections 3 and 6 of the Texas Constitution and the open courts provision of Article I, Section 13 of the Texas Constitution;

(4)     Whether the notices of violation that are mailed out by Defendants Redflex, ACS and ATS for violations of any of the red light camera ordinances set forth above are actionable under civil RICO or for common law misrepresentation; and

(5)     Whether declaratory judgment should be rendered finding that Chapter 707 of the Transportation Code, all of the red light camera ordinances set forth above enacted pursuant to same, and Section 29.003(g) of the Texas Government Code, are unconstitutional and therefore void.

129.

These issues are all common, because every transaction involving any member of the class is essentially the same.  For every class member, the registered owner of a vehicle like Plaintiff and others similarly situated to Plaintiff is/are the registered owner of a car which is photographed allegedly committing a violation of one of the red light camera ordinances set forth above.  For each class member, the registered owner of the vehicle like Plaintiff and others similarly situated to Plaintiff pay, under duress, the penalty ($75 or $100 if paid late) assessed under the red light camera ordinance involved.  Therefore, damages of each class member are either one or two alternative sums, being either $75 or $100, depending on whether the penalty was paid timely.  All of the red light camera ordinances listed above track almost verbatim the provisions of Transportation Code Chapter 707.  Thus, the issues involved are whether Transportation Chapter 707 is constitutional or not, which issues are entirely legal.  Thus, this action would present issues of fact and law common to all members of the class.

130.

The claims of Plaintiff are typical of the claims of the rest of the class, because every transaction involving any member of the class is essentially the same.  For every class member, the registered owner of a vehicle has a car which is photographed allegedly committing a violation of one of the red light camera ordinances set forth above.  For each class member, the registered owner

of the vehicle receives the same form notice and pays, under duress, the penalty ($75 or $100 if paid late) assessed under the red light camera ordinance involved.  Therefore, damages of each class member are either one or two alternative sums, being either $75 or $100, depending on whether the penalty was paid timely, so that all class members sustained the same damages arising from the unconstitutional red light camera laws.  All of the red light camera ordinances listed above track almost verbatim the provisions of Transportation Code Chapter 707.  Thus, the issue involved with every penalty paid by every member of the class is whether Transportation Code Chapter 707, the red light camera ordinances set forth above enacted pursuant to same, and Section 29.003(g) of the Texas Government Code are constitutional or not, which issues are entirely legal.  Thus, this action would present issues of fact and law common to all members of the class.

131.

As to the typicality requirement, although the only Defendant municipality assessing Plaintiff a penalty for a red light camera violation was Defendant City of Southlake, and Redflex the only company mailing Plaintiff the notice which caused the loss of Plaintiff's property, it would still be proper to include all of the parties named as Defendants in this lawsuit, as all of the Defendants are juridically linked, such that a single resolution of this dispute would be expeditious.  A juridical link is found in situations in which a statute is alleged to be unconstitutional, which is exactly the situation in this case.  The issues of whether Transportation Code Chapter 707, the red light ordinances set forth above enacted pursuant to same, and Section 29.003(g) of the Texas Government Code are constitutional or not will dispose of the claims of every member of the class, since the common element of the claim of each member of the class is that these laws are unconstitutional, so that the penalty paid by them was not owed, and they are entitled to

reimbursement of same.  This would clearly satisfy the juridical link necessary to include all Defendants who have been named in this lawsuit, even though it was only Defendants Southlake and Redflex involved in assessing Plaintiff the unlawful red light camera penalty.

132.

Plaintiff will fairly and adequately represent the interests of the class.  In support of this, Plaintiff would show he: (1) is a member of the proposed class; (2) wants to represent the class; (3) is willing to pay the costs of notice and litigation; (4) has no interests adverse to other members of the class; and (5) has suffered the same harm as the class, namely payment of the unconstitutional and unlawful $75 penalty.

133.

Attorneys Russell J. Bowman, Scott A. Stewart and Paul R. Smith request appointment as class counsel.  In support of this, they would show: (1) all of these attorneys have extensive experience in litigating complex matters such as this case, including extensive trial and appellate experience; (2) Attorney Bowman had several clients who were part of the phen fen class action litigation, which litigation is far more complex than what is involved in this case, since this case requires no experts, and damages are set, based on the amount paid (either $75 or $100) by the registered vehicle owner; (3) Attorneys Bowman, Stewart and Smith have spent several months researching the issues involved in this case; (4)  Attorneys Bowman, Stewart and Smith have already prepared the written discovery needed to be able to identify all class members and subclass members, and which after obtaining this information, Attorneys Bowman, Stewart and Smith have the resources in place to get the appropriate notice out to all potential members of the class and subclasses to opt in or opt out of the class; (5) Attorneys Bowman and Stewart are currently working

153-278080-15

a declaratory judgment case in the 134th Judicial District Court, Dallas County, Texas involving the exact constitutional issues raised by this case, namely whether Transportation Code Chapter 707 and ordinances enacted pursuant to same, along with Section 29.003(g) of the Texas Government Code, are constitutional or not, so that they are both thoroughly knowledgeable with the issues involved in this case; (6) Attorneys Bowman, Stewart and Scott will be able to devote all the time needed to this case, which is why the three of them are involved, namely so that between the three of them, appropriate division of labor can take place so that they will be able to handle any discovery, depositions or other matters required in pursuing this case; (7) Attorneys Bowman and Stewart each have support staff able to devote at least half their time to this case; and (8) Attorneys Bowman and Stewart have the data base and file management systems and software in place to handle a case such as this.

134.

If the class is not certified, this will create the risk that none of the registered vehicle owners will be able to obtain restitution for the penalties unlawfully extracted from them.  This is because without a class action, no individual registered vehicle owner would seek recovery of the penalty paid, because the costs of such would far exceed the $75 or $100 for which the registered vehicle owner would be seeking reimbursement.  In short, the attorney's fees that any individual registered vehicle owner would incur would far exceed the penalty being sought, so that no registered vehicle would, on his own, seek recovery for the unlawful penalty paid by him or her.  Further, if separate suits were prosecuted by or against individual members of the class, this would create a risk of inconsistent adjudications with respect to individual members of the class, as the issues being raised in this action may not be raised in such separate suits.  Further, the prosecution of separate suits by

153-278080-15

or against individual members of the class could create a risk of adjudications unfavorable to individual members of the class.

135.

All of the Defendant municipalities have acted on grounds applicable to all members of the class, that being collecting a penalty from registered vehicle owners like Plaintiff and others similarly situated to Plaintiff for violation of the same red light camera ordinances set forth above. This would make the declaratory relief requested above appropriate with respect to the class as a whole, since if those laws are unconstitutional, they would be unconstitutional as to all members of the class.

136.

Common questions of law and fact predominate over any questions affecting only individual members of the class. The substantive issues controlling the outcome of this litigation are whether Transportation Code Chapter 707, the red light ordinances set forth above enacted pursuant to same, and Section 29.003(g) of the Texas Government Code are constitutional or not. These issues are legal issues, and are common to the class. The damages of the class members fall into one of two categories, those that paid the $75 penalty, and those that paid $100 because the penalty was paid late, so that a $25 late fee was added. In addition, a class action in this case is superior to the other available methods for the fair and efficient adjudication of this controversy, because individual class members lack the resources to bring the action for themselves.

137.

As authorized by Rule 42(h) and (I) of the Texas Rules of Civil Procedure, Plaintiff and others similarly situated to Plaintiff seek(s) attorney's fees as authorized by those provisions, for reasonable and necessary attorney's fees through trial and entry of judgment in this Court, as well

153-278080-15

as for any appeal to any court of appeals or appeal to the Texas Supreme Court.

WHEREFORE, Plaintiff, James H. Watson, on behalf of himself and others similarly situated, prays:

A.      That the Court certify the class and subclasses as described in this petition;

B.      That the Court appoint attorneys, Russell J. Bowman, Scott A. Stewart and Paul R. Smith as class counsel;

C.      That the Court award Plaintiff and the class money damages as set forth above;

D.      That the Court enter judgment that Transportation Code Chapter 707, the red light ordinances set forth above enacted pursuant to same, and Section 29.003(g) of the Texas Government Code are unconstitutional and therefore void;

E.      That the Court award Plaintiff and the class prejudgment and post judgment interest at the maximum rates allowed by law, and in the maximum amounts allowed by law, and all costs of court;

F.      That the court award Plaintiff and the class reasonable and necessary attorney's fees through the trial of this matter and any appeal to any court of appeals or the Texas Supreme Court;

G.      That the Court issue a temporary and permanent injunction enjoining the Defendant municipalities named in this petition from continuing to enforce their respective red light camera ordinances described in this petition;

H.      That a temporary and permanent injunction be issued by the Court against Defendants Redflex, ACS and ATS, enjoining them from doing anything to attempt to administer or enforce in any way any of the red light camera ordinances described

153-278080-15

in this Petition; and

I.      For such other relief, at law or equity, to which Plaintiff and the class may be justly

entitled.

Respectfully submitted,

S/Russell J. Bowman
By:  Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net

/S/Scott A. Stewart
Scott A. Stewart
Texas State Bar No. 19218300
101 ½ West Main Street
Suite 200
Irving, Texas 75050
(214) 350-5551
(866) 850-7666 (FAX)
E-Mail: sastewartlawoffice@gmail.com

S/Paul R. Smith
By: Paul R. Smith
Texas State Bar No. 00791692
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: paulsmith214@yahoo.com
ATTORNEYS FOR PLAINTIFF