IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES H. WATSON and Others Similarly Situated, *Plaintiffs,* | § § § § § § § § § § § | |
| v. | | CIVIL ACTION NO. 4:15-cv-00335-A |
| CITY OF ALLEN, et al., *Defendants.* | | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1), 12(b)(5), AND 12(b)(6)**

Respectfully submitted,

GEORGE A. STAPLES
State Bar No. 19058000
Email: gstaples@toase.com
DEAN J. ROGGIA
State Bar No. 24070524
Email: droggia@toase.com
WAYNE K. OLSON
State Bar No. 15276900
Email: wolson@toase.com
TAYLOR, OLSON, ADKINS, SRALLA &
ELAM, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Telephone No.: (817) 332-2580
Facsimile No.: (817) 332-4740

*ATTORNEYS FOR CITIES OF
AMARILLO, BALCH SPRINGS,
BALCONES HEIGHTS, BAYTOWN,
BURLESON, DENTON, DIBOLL, EL
PASO, ELGIN, GRAND PRAIRIE,
HALTOM CITY, HUTTO, IRVING,
KILLEEN, LONGVIEW, LUFKIN,
MARSHALL, MESQUITE, NORTH
RICHLAND HILLS, RICHLAND HILLS,
ROUND ROCK, SOUTHLAKE, SUGAR
LAND AND WATAUGA*

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT AND AUTHORITIES | 2 |
| A. | Brief on Motion to Dismiss for Lack of Jurisdiction – Fed. R. Civ. P. 12(b)(1) | 2 |
| 1. | Injury in Fact and Causation | 3 |
| a. | No Standing to Sue Southlake | 4 |
| b. | Lack of Jurisdiction Under Rooker-Feldman Doctrine | 7 |
| 2. | Redressability | 8 |
| B. | Brief on Motion to Dismiss for Insufficient Service of Process – Fed. R. Civ. P. Rule 12(b)(5) | 10 |
| C. | Brief on Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted – Fed. R. Civ. P. 12(b)(6) | 12 |
| 1. | Summary of Watson's Claims | 13 |
| 2. | Watson's Theory of Recovery | 14 |
| a. | Existence of Similar Criminal Offense | 15 |
| b. | Presumption of Validity | 16 |
| c. | Due Process | 17 |
| i. | Procedural Due Process | 17 |
| ii. | Substantive Due Process | 18 |
| d. | Rights in Civil Penalty Cases | 19 |
| e. | Right to Trial in District Court; Right of Appeal | 20 |
| f. | Open Courts and Appeal Bond | 21 |
| g. | Takings Claim | 21 |
| 3. | Prudential Standing | 22 |
| III. | CONCLUSION | 23 |
| | CERTIFICATE OF SERVICE | 26 |

## TABLE OF AUTHORITIES

**Cases**

*Apache Bend Apartments, Ltd. v. United States,*  987 F.2d 1174 (5th Cir. 1993) ..... 22

*Appraisal Review Bd. v. O'Connor & Assocs.,*
    267 S.W.3d 413 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ..... 5

*Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97 (5th Cir. 1974) ..... 12

*Audler v. CBC Innovis Inc.,* 519 F.3d 239 (5th Cir. 2008) ..... 4

*Austin Nat'l Bank v. Sheppard,* 123 Tex. 272, 71 S.W.2d 242 (Tex. 1934) ..... 8, 9

*Baker v. Putnal,* 75 F.3d 190 (5th Cir. 1996) ..... 12

*Bd. of Regents v. Roth,* 408 U.S. 564 (1972) ..... 17

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ..... 12, 13

*Bell v. Tex. Workers Compensation Comm'n,*
    102 S.W.3d 299 (Tex. App. —Austin 2003, no pet.) ..... 17

*Bertulli v. Indep. Ass'n of Cont'l Pilots,* 242 F.3d 290 (5th Cir. 2001) ..... 3

*Bevis v. City of New Orleans,* 686 F.3d 277 (5th Cir. 2012) ..... 15, 18, 20

*Blue Cross Blue Shield of Texas v. Duenez,* 201 S.W.3d 674 (Tex. 2006) ..... 6

*Byers v. Patterson,* 219 S.W.3d 514 (Tex. App.—Tyler 2007, no pet.) ..... 18

*Byrum v. City of Plano,* No. 4:11cv60, 2012 WL 830714 (E.D. Tex. Feb. 3, 2012) ..... 11

*Cadle Co. v. Neubauer,* 562 F.3d 369 (5th Cir. 2009) ..... 2

*Camacho v. Samaniego,* 831 S.W.2d 804 (Tex. 1992) ..... 8, 9

*Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344 (5th Cir. 1992) ..... 10

*Chapa v. Spivey,* 999 S.W.2d 833 (Tex. App.—Tyler 1999, no pet.) ..... 20

*Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994) ..... 12

*Citizens Bank v. First State Bank,* 580 S.W.2d 344 (Tex. 1979) ..... 16

*City of Brookside Vill. v. Comeau,* 633 S.W.2d 790 (Tex. 1982) ..... 16

*City of Dallas v. Stewart,* 361 S.W.3d 562 (Tex. 2012)    6, 22

*City of Dallas v. VSC, LLC,* 347 S.W.3d 231 (Tex. 2011)    6, 22

*City of Mesquite v. Bellingar,* 701 S.W.2d 335 (Tex. App.—Dallas 1985, no writ)    11

*Collins v. City of Harker Heights,* 503 U.S. 115 (1992)    17

*Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496 (5th Cir. 2000)    12

*Concrete Pipe Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.,*
    508 U.S. 602 (1993)    18

*Dallas County Cmty. Coll. Dist. v. Bolton,* 185 S.W.3d 868 (Tex. 2005)    9, 10

*Duke Power Co. v. Carolina Envtl. Study Group,* 438 U.S. 59 (1978)    18

*Dunlap v. City of Fort Worth,*
    No. 4:13-CV-802-O, 2014 WL 1677680 (N.D. Tex. Apr. 28, 2014)    11, 12

*Edwards v. City of Tomball,*
    343 S.W.3d 213 (Tex. App.—Houston [14th Dist.] 2011, no pet.)    5

*Faber v. United States,* 69 F. Supp. 2d 965 (W.D. Mich. 1999)    10

*Griffin v. Illinois,* 351 U.S. 12 (1956)    20

*Griffin v. State,* 145 S.W.3d 645 (Tex. Crim. App. 2004)    20, 21

*Hudson v. United States,* 522 U.S. 93 (1997)    15, 19

*In re Commitment of Fisher,* 164 S.W.3d 637 (Tex. 2005)    20

*In re Nestle USA, Inc.,* 359 S.W.3d 207 (Tex. 2012)    9

*James v. City of Dallas, Tex.,* 254 F.3d 551 (5th Cir. 2001)    3

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,*
    677 F.2d 1045 (5th Cir. 1982)    12

*Kansas v. Hendricks,* 521 U.S. 346 (1997)    19

*Keeton v. Carrasco,* 53 S.W.3d 13 (Tex. App.—San Antonio 2001, pet. denied)    11

*Kent v. United States,* 157 F.2d 1 (5th Cir. 1946)    20

*Krieger v City of Rochester,* 978 N.Y.S.2d 5882 (N.Y. App. Div. 2014)    15

*Liedtke v. State Bar of Texas,* 18 F.3d 315 (5th Cir. 1994)    7, 8

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992)                    2, 3, 8

*McKinney v. State,* 207 S.W.3d 366 (Tex. Crim. App. 2006)               20

*Mendenhall v. City of Akron,* No. 09–3061, 2010 WL 1172474 (6th Cir. Mar. 29, 2010)   15

*Mills v. City of Springfield, Mo.,*
  No. 2:10–CV–04036–NKL, 2010 WL 3526208 (W.D. Mo. Sept. 3, 2010)        16, 19

*Nagy v. George,*
  No. 3:07 CV 368 K, 2007 WL 2122175 (N.D. Tex. July 23, 2007) *aff'd,* 286 F. App'x 135
  (5th Cir. 2008)                                                        11

*O'Shea v. Littleton,* 414 U.S. 488 (1974)                              4

*Papasan v. Allain,* 478 U.S. 265 (1986)                               12, 13

*Pestrak v. Ohio Elections Comm'n,* 926 F.2d 573 (6th Cir. 1991)        23

*Quinn v. Miller,* 470 F. App'x 321 (5th Cir. 2012)                     10

*Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001)                2, 12

*RCI Entm't, Inc. v. City of San Antonio,*
  373 S.W.3d 589 (Tex. App.—San Antonio 2012, no pet.)                  16

*Rivera v. Wyeth-Ayerst Labs.,* 283 F.3d 315 (5th Cir. 2002)            3

*Robinson v. Crown Cork & Seal Co.,* 335 S.W.3d 126 (Tex. 2010)         16

*Sax v. Votteler,* 648 S.W.2d 661 (Tex. 1983)                          16

*Scott v. Flowers,* 910 F.2d 201 (5th Cir. 1990)                       7

*Shavitz v. City of High Point,* 270 F. Supp. 2d 702 (M.D.N.C. 2003)    6, 15, 16, 21

*Simi Inv. Co. v. Harris County, Tex.,* 236 F.3d 240 (5th Cir. 2000)    18

*Sw. Sec. Servs., Inc. v. Gamboa,* 172 S.W.3d 90 (Tex. App.—El Paso 2005, no pet.)   11

*Star Scientific, Inc. v. Beales,* 278 F.3d 339 (4th Cir. 2002)         18

*State v. Dyer,* 200 S.W.2d 813 (Tex. 1947)                            16

*Sultan v. Mathew,* 178 S.W.3d 747 (Tex. 2005)                         20

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134 (5th Cir. 1992)   12

*Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440 (Tex. 1993)   19, 21

*Texas Workers Compensation Comm'n v. Patient Advocates of Texas,*
   136 S.W.3d 643 (Tex. 2004)     17

*Thomas v. Kadish,* 748 F.2d 276 (5th Cir. 1984)     7

*United States v. Ward,* 448 U.S. 242 (1980)     15, 19

*Union Bankers Ins. Co. v. Shelton,* 889 S.W.2d 278 (Tex. 1994)     16

*United States v. Shepherd,* 23 F.3d 923 (5th Cir. 1994)     7

*Univ. of Texas Med. Sch. v. Than,* 901 S.W.2d 926 (Tex. 1995)     17

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,*
   454 U.S. 464 (1982)     22, 23

*Van Harken v. City of Chicago,* 906 F. Supp. 1182 (N.D. Ill. 1995)     6

*Ware v. Lafayette City-Parish Consol. Gov't,*
   No. CIV.A. 08-0218, 2009 WL 5876275 (W.D. La. Jan. 6, 2009)     15, 16

*Warth v. Seldin,* 422 U.S. 490 (1975)     22, 23

*Washington v. Glucksberg,* 539 U.S. 702 (2003)     18

*Womble v. Atkins,* 331 S.W.2d 294 (Tex. 1960)     20

### Statutes & Constitutions

Tex. Const. art. I, § 10     14

Tex. Const. art. I, § 13     14

Tex. Const. art. I, § 15     14

Tex. Const. art. I, § 17     14

Tex. Const. art. V, §§ 3, 6     14

Tex. Const. art. XI, § 5     13

Tex. Civ. Prac. & Rem. Code Ann. § 17.024 (Vernon 2008)     11

Tex. Gov't Code Ann. § 29.003 (Vernon Supp. 2014)     5, 14, 17, 21

Tex. Transp. Code Ann. § 542.301 (Vernon 2011)     14

Tex. Transp. Code Ann. § 542.301(b) (Vernon 2011)     15, 17

Tex. Transp. Code Ann. § 542.302 (Vernon 2011)                                13

Tex. Transp. Code Ann. § 542.405 (Vernon 2011)                            13, 17

Tex. Transp. Code Ann. § 542.406 (Vernon 2011)                                17

Tex. Transp. Code Ann. § 707.002 (Vernon 2011)                                 1

Tex. Transp. Code Ann. § 707.003 (Vernon 2011)                                 2

Tex. Transp. Code Ann. § 707.007 (Vernon 2011)                                 9

Tex. Transp. Code Ann. § 707.012 (Vernon 2011)                    2, 4, 5, 6, 7, 21

Tex. Transp. Code Ann. § 707.014 (Vernon 2011)                                 8

Tex. Transp. Code Ann. § 707.016 (Vernon 2011)                            4, 8, 21

**Rules**

Fed. R. Civ. P. 12                                              1, 2, 10, 12, 13

Fed. R. Civ. P. 4                                                         10, 11

Tex. R. Civ. P. 106                                                           11

Tex. R. Civ. P. 107                                                           11

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAMES H. WATSON and** | § | |
| **Others Similarly Situated,** | § | |
| *Plaintiffs,* | § | |
| | § | **CIVIL ACTION NO. 4:15-cv-00335-A** |
| **v.** | § | |
| | § | |
| **CITY OF ALLEN, et al.,** | § | |
| *Defendants.* | § | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(1), 12(b)(5), AND 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, the Defendants, Cities of Amarillo, Balcones Heights, Balch Springs, Baytown, Burleson, Elgin, El Paso, Denton, Diboll, Grand Prairie, Haltom City, Hutto, Irving, Killeen, Longview, Lufkin, Marshall, Mesquite, North Richland Hills, Richland Hills, Round Rock, Southlake, Sugar Land, and Watauga (collectively, the Defendant Cities) in the above-styled and numbered cause, and respectfully move the Court to dismiss with prejudice all claims asserted by plaintiff, James H. Watson (Watson) against the Defendant Cities pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), and respectfully shows the Court as follows:

### I.    INTRODUCTION

The Defendant Cities are Texas municipalities and political subdivisions of the State of Texas.  Pursuant to Section 707.002 of the Texas Transportation Code, the governing body of each adopted a photographic traffic signal enforcement ordinance (a red light camera ordinance). Each Defendant City contracted for the installation, operation, administration, or enforcement of its respective red light camera ordinance with either Redflex Traffic Systems, Inc., American Traffic Solutions, Inc., American Traffic Solutions, L.L.C., or Xerox State and Local Solutions,

Inc. (formerly known as ACS State and Local Solutions, Inc.) (collectively, the Defendant Corporations), as authorized by state law.  Tex. Transp. Code Ann. § 707.003 (Vernon 2011). Watson alleges the City of Southlake (Southlake) enacted an unconstitutional red light camera ordinance, which was enforced by Redflex Traffic Systems, Inc., (Redflex) (2d Am. Pet. at 21, ¶ 69).  According to Watson, a person driving Watson's car allegedly violated Southlake's red light camera ordinance by running a red light in Southlake (2d Am. Pet. at 20-21, ¶ 68).  Redflex mailed Watson a notice of violation and Watson paid a $75.00 civil penalty (2d Am. Pet. at 22, ¶ 71).  Watson did not contest the alleged violation by seeking an administrative adjudication hearing or by making an appeal to the Southlake Municipal Court.  *See* Tex. Transp. Code Ann. § 707.012 (Vernon 2011); Southlake, Tex., Code of Ordinances § 18-336 (App. Tab A at 8). Watson does not allege any facts showing that he was harmed or wronged by any Defendant City other than Southlake.  Moreover, Watson decided not to pursue his legislatively mandated administrative remedies to contest the harm allegedly caused by Southlake.  Now, Watson seeks money damages from all Defendant Cities, including Southlake, and seeks to act on behalf of every unnamed person who is "similarly situated" to himself (2d Am. Pet. at 41, ¶¶ 105-06).

## II.    ARGUMENT AND AUTHORITIES

### A.    Brief on Motion to Dismiss for Lack of Jurisdiction – Fed. R. Civ. P. 12(b)(1)

The claims asserted by Watson against the Defendant Cities, including Southlake, should be dismissed for lack of standing.  "When a 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).  Courts lack subject matter jurisdiction over a case when a plaintiff cannot satisfy the standing requirements under Article III. *Cadle Co. v. Neubauer,* 562 F.3d 369, 371 (5th Cir. 2009).  "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d

351 (1992).  In *Lujan*, the U.S. Supreme Court explained that the "irreducible constitutional minimum of standing" has three elements: (1) injury-in-fact; (2) causation; and (3) redressability. *Lujan*, 504 U.S. at 560.  All three *Lujan* elements must be satisfied by a plaintiff or a court will lack jurisdiction to hear the suit. *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318 (5th Cir. 2002).  Because federal courts have limited jurisdiction, a party invoking federal jurisdiction must establish the elements of standing. *Lujan*, 504 U.S. at 560-61.  In a class action suit, "standing is an inherent prerequisite to the class certification inquiry." *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001).  Also, at least one named plaintiff must have standing to seek relief on each claim against the Defendant Cities. *James v. City of Dallas, Tex.*, 254 F.3d 551, 563 (5th Cir. 2001), *abrogated on other grounds by M.D. ex. rel. Stukenberg v. Perry*, 675 F.3d 832, 839-41 (5th Cir. 2012).

### 1.    Injury in Fact and Causation

The first two elements of Article III standing require Watson to show that he suffered an injury in fact and that a causal connection exists between the injury and the conduct complained of that is fairly traceable to the Defendant Cities. *Lujan*, 504 U.S. at 560.  Watson does not allege that he suffered a particularized injury in regard to any of the Defendant Cities other than Southlake; therefore, a causal connection cannot be said to exist between the alleged harm suffered by Watson and any other Defendant City.  Yet Watson hopes to avoid the requirements of Article III by relying on class action procedural rules.  Watson admits "the only Defendant municipality assessing Plaintiff a penalty for a red light camera violation was Defendant City of Southlake" (2d Am. Pet. at 65-66, ¶ 134).  Watson alleges "[i]t would still be proper to include all of the parties named as Defendants in this lawsuit, as all of the Defendants are juridically linked." *Id.*  Watson offers no legal authority in support of this conclusory argument, but he supplements his conclusion by stating "[a] juridical link is found in cases in which a statute is alleged to be unconstitutional." *Id.*  However, in the context of ordinances validly adopted

pursuant to state law by Texas home rule municipalities, no such cases exist. Along these lines, the Fifth Circuit has not adopted the juridical link doctrine. In *Audler v. CBC Innovis Inc.*, 519 F.3d 239 (5th Cir. 2008), the Fifth Circuit considered whether Audler had standing to assert claims on behalf of the potential class members against the class defendants, where the class defendants caused Audler no cognizable injury. *Id.* at 247-48. The Fifth Circuit rejected the argument that the juridical link doctrine allowed Audler to assert the interests of others when Audler had no personal stake in the alleged dispute against the class defendants. *Id.* at 248. Watson acknowledges that he was not injured by any Defendant City other than Southlake and he has failed to satisfy the first two elements of Article III standing. Accordingly, no "case or controversy" exists and dismissal of Watson's claims against the Defendant Cities is proper in this case.

### a.    No Standing to Sue Southlake

Watson is the only plaintiff named in this suit. If Watson fails to show a case or controversy exists against Southlake, he may not seek relief on behalf of himself or any other member of the class. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). Watson acknowledges receipt of a notice of violation and does not allege the notice was defective under section 707.011 of the transportation code (2d Am. Pet. at 21, ¶ 69). Watson does not dispute that he understood his right to contest the civil penalty through an administrative adjudicatory hearing and his right of appeal to the Southlake Municipal Court. However, Watson refused to avail himself of these administrative and statutory remedies because he believes the process created by the state is a "farce" (2d Am. Pet. at 30, 35, ¶¶ 88 & 96). Instead, he paid the $75.00 civil penalty without protest thereby admitting liability under Southlake Code of Ordinances Section 18-336 and section 707.012 of the transportation code. Watson could have appealed his case to a municipal court of record and received a trial de novo, but chose not to do so. *See* Tex. Transp. Code Ann. § 707.016 (Vernon 2011). The state

legislature has determined that a municipal court, including a municipal court of record, has exclusive appellate jurisdiction within a municipality's territorial limits in a case under section 707.016. Tex. Gov't Code Ann. § 29.003(g) (Vernon Supp. 2014). Watson wants to collaterally attack the imposition of a civil penalty he voluntarily paid because his constitutional rights were violated. Watson, however, cannot satisfy the "injury in fact" or the "fairly traceable" elements of standing analysis for any of his constitutional claims against Southlake or any other Defendant City.

Watson refused an administrative adjudicatory hearing and waived his right to appeal for a trial de novo in the Southlake Municipal Court where he claims his rights would have been violated (2d Am. Pet. at 30, 35, ¶¶ 88 & 96). This precise issue was addressed in *Edwards v. City of Tomball*, 343 S.W.3d 213 (Tex. App.—Houston [14th Dist.] 2011, no pet.), a case involving a challenge to a red light camera ordinance adopted under section 707.012. In *Edwards,* the court concluded that "if the municipality elects to set-up a red light camera enforcement system, Chapter 707 requires that municipality to establish an exclusive administrative scheme to handle disputes arising out of that system." *Id.* at 222. The appellant sought to void a deficient notice of violation, but the court held that deficiencies in the notice did not permit her to ignore the administrative process established by the legislature. *Id.* The court further held that if the appellant was dissatisfied with the results of the administrative process, she was required to appeal to the municipal court for a trial de novo. *Id.* Since appellant failed to exhaust her administrative remedies, the court determined that it did not have subject matter jurisdiction over her lawsuit seeking declaratory and injunctive relief. *Id.* at 222-23 (citing *Appraisal Review Bd. v. O'Connor & Assoc.,* 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). The court also reasoned that allowing a person to simply do nothing at the administrative level and then file a declaratory judgment action seeking to collaterally attack the administrative finding of liability would render the entire regulatory scheme established by the

state legislature useless. *Id.* at 222; *see Blue Cross Blue Shield of Texas v. Duenez*, 201 S.W.3d 674, 676 (Tex. 2006). Other jurisdictions have also held that a plaintiff challenging a red light camera ordinance lacks standing where the plaintiff did not first pursue the available statutory procedures. *Shavitz v. City of High Point*, 270 F. Supp. 2d 702 (M.D.N.C. 2003) (holding that plaintiff did not have standing to assert the due process claims because he did not first avail himself of the procedures that were available); *see Van Harken v. City of Chicago*, 906 F. Supp. 1182 (N.D. Ill. 1995) (holding that those who failed to make use of the administrative procedures afforded them, lacked standing to assert due process claims).

Here, Watson says his injury was the unconstitutional taking of the $75.00 he promptly paid Southlake without requesting a hearing or filing an appeal. Watson does not identify any other cognizable injury caused by Southlake or the other Defendant Cities, but speculates (as a resident of Louisiana) that he may lose the right to register his vehicle in Texas sometime in the future (2d Am. Pet. at 21, ¶ 69). Similarly, because Watson admitted liability and refused to participate in the available process, he can only speculate what his constitutional injuries would have been had he decided to contest the civil penalty. Thus, all of Watson's constitutional claims stem from these two alleged injuries, which he failed or refused to challenge directly. In the context of a constitutional takings claim, the Texas Supreme Court has held "[a] litigant must avail itself of statutory remedies that may moot its takings claim, rather than directly institute a separate proceeding asserting such a claim." *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 234-37 (Tex. 2011). Likewise, "a party cannot attack collaterally what she chooses not to challenge directly." *City of Dallas v. Stewart*, 361 S.W.3d 562, 580 (Tex. 2012). Watson not only admitted liability by paying the civil penalty, but also failed to directly challenge that liability, which resulted in a final judgment not subject to collateral attack. Tex. Transp. Code Ann. § 707.012. Accordingly, Watson lacks standing to maintain suit in this case and no justiciable "case or controversy" currently exists. Thus, dismissal of Watson's claims is proper.

### b.      Lack of Jurisdiction Under Rooker-Feldman Doctrine

Finally, this Court lacks jurisdiction over the claims for money damages asserted by Watson on behalf of himself and others "similarly situated" under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994).      This doctrine is typically based on a final state court judgment as opposed to administrative action.    The Fifth Circuit, however, has recognized that a plaintiff may not avoid the doctrine by deliberately bypassing available judicial review of an agency action. *Thomas v. Kadish,* 748 F.2d 276, 282 (5th Cir. 1984), *cert. denied*, 473 U.S. 907 (1985); *Scott v. Flowers*, 910 F.2d 201, 206 (5th Cir. 1990).   "A federal complainant cannot circumvent jurisdictional limitations by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

Here, Watson admitted liability by paying the civil penalty and refused to seek judicial review provided by state law.   Section 707.012 states:

> A person who fails to pay the civil penalty or to contest liability for the penalty in a timely manner or who requests an administrative adjudication hearing to contest the imposition of the civil penalty against the person and fails to appear at that hearing is considered to: (1) admit liability for the full amount of the civil penalty stated in the notice of violation mailed to the person; and (2) waive the person's right to appeal the imposition of the civil penalty.

Tex. Transp. Code Ann. § 707.012 (Vernon 2011).   Watson cannot resurrect a right that he voluntarily waived or that "similarly situated" individuals voluntarily waived simply because he believes the available channels of state court or administrative review are a "farce" (2d Am. Pet. at 30, 35, ¶¶ 88 & 96).   Further, Watson's claim for refund of the penalty constitute collateral attacks not only on the final judgment and admitted liability of those who paid voluntarily, but also all of those "similarly situated" individuals who exercised their right to contest the liability in an administrative hearing or on appeal. Watson cannot prevail on his claims or the claims of

"similarly situated" individuals without attacking the validity of the underlying judgment of cases that have already been decided, including the final judgments made by the respective municipal court of each Defendant City. *Liedtke*, 18 F.3d at 317-18. Accordingly, this Court is precluded from exercising jurisdiction to review the final judgment of the state proceedings and administrative actions that are the subject of this lawsuit.

### 2.    Redressability

Under the third element of Article III standing, Watson must show it is "likely, as opposed to merely speculative, that the injury will be redressed in a favorable decision." *Lujan*, 504 U.S. at 561. In this case, Watson asserts Texas law clearly allows "one who pays under duress" an unconstitutional penalty, fee, tax, or other amount to a State, local authority, or governmental unit is entitled to reimbursement for the illegal amount assessed (2d Am. Pet. at 41, ¶ 106). Watson tries to support this assertion with the following cases: *Camacho v. Samaniego*, 831 S.W.2d 804, 811 (Tex. 1992) and *Austin National Bank v. Sheppard*, 123 Tex. 272 (Tex. 1934) (2d Am. Pet. at 41, ¶ 106). Those cases, however, are readily distinguishable from this one.

In *Camacho*, several bail bondsmen challenged mandatory bond approval fees imposed by a county commissioner's court. The sherriff's authority to collect the fees was not authorized by state law and the Texas Supreme Court held the fees invalid. The court, however, limited its holding to the fees imposed by the El Paso County Commissioners Court. *Id.* at 815. *Camacho* does not address the issue of repayment or reimbursement for the collection of unlawful fees, and the court noted its holding "does not address the constitutionality of fees actually authorized by the Legislature." *Id.* Unlike the fees imposed in *Camacho*, the civil penalty paid by Watson is expressly authorized by the Texas Legislature by section 707.007. Likewise, the state legislature created a statutory process for contesting civil penalties. Tex. Transp. Code Ann. §§ 707.014 & 707.016 (Vernon 2011). Watson chose not to follow that statutory process and admitted liability

for the civil violation by paying the civil penalty. *See* Tex. Transp. Code § 707.007 (Vernon 2011).

In *Austin National Bank*, the Texas Supreme Court addressed the issue of a corporate tax imposed by the state. If a corporation failed to pay the tax, the corporation risked forfeiting its right to do business in Texas. The *Sheppard* court held the corporation contesting the tax had already paid for the right to conduct business in the state for a period of ten years and that the new tax was illegally demanded. *Id.* at 280. The court held that the state was liable to repay the illegal tax based on the pre-1933 common law concept of duress or business compulsion. *Id.* Recently, the holding in *Sheppard* was called into question by the Texas Supreme Court when it concluded that a statutory process obviates the need to prove duress. *See In re Nestle USA, Inc.*, 359 S.W.3d 207, 210 (Tex. 2012). The Texas Supreme Court has also reaffirmed the rule that a person who pays a tax voluntarily and without duress does not have a valid claim for its repayment even if the tax is later held to be unlawful. *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 876 (Tex. 2005). Furthermore, the Texas Supreme Court has rejected the argument that public agencies have always been required to reimburse taxes and fees that were later determined to be void. *Id.* at 881-82. The Texas Supreme Court has also found that where an individual fails or refuses to contest the imposition of a fee "[a]ny coercion that existed was not actual and imminent and did not constitute duress as a matter of law." *Id.* at 881.

Here, sections 707.014 and 707.016 provide a statutory scheme that allowed Watson to address the harm allegedly caused by the enforcement of a red light camera ordinance adopted pursuant to state law. Like the petitioners in *Nestle*, Watson failed or refused to exercise his statutory remedies because he questioned the validity process set forth by the state legislature and then attempted to circumvent that procedure by alleging that payment was made under duress. 359 S.W.3d at 211. Watson voluntarily paid the civil penalties as a matter of law. *Id.* He has not identified a statute or case that shows he can admit liability, ignore a statutory

remedy, and still be entitled to reimbursement or any other relief that will likely redress his alleged injury or the injury he alleges for the putative class. Along these lines, Watson is a resident of Louisiana and does not allege facts indicating his vehicle must be registered in Texas. As a nonresident, Watson's fear that "similarly situated" Texas residents may lose the right to renew their vehicle registration at some point in the future is speculative at best and does not constitute duress as a matter of law. *Bolton*, 185 S.W.3d at 882. Likewise, Watson's fear he may be issued a citation for an expired Texas registration at some point in the future is not an actual or imminent fear. Finally, Watson cannot transfer his unrealized and speculative fears onto "similarly situated" individuals or prove as a matter of law that the putative class paid civil penalties under duress. *Id.* Accordingly, Watson cannot satisfy the third element of Article III standing. This case should be dismissed.

**B.**    **Brief on Motion to Dismiss for Insufficient Service of Process – Fed. R. Civ. P. Rule 12(b)(5)**

This case should be dismissed under rule 12(b)(5) because Watson failed to lawfully serve the Defendant Cities under either the Federal Rules of Civil Procedure or the Texas Rules of Civil Procedure. Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, a plaintiff is responsible for serving the defendant with a complaint and summons. A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process and the party making service has the burden of demonstrating its validity when an objection to service is made. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). A motion under rule 12(b)(5) must be presented with or prior to the movant's first responsive pleading. *Faber v. United States*, 69 F. Supp. 2d 965, 967 (W.D. Mich. 1999). When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity." *Carimi*, 959 F.2d at 1346. A court must then look beyond the complaint to determine what steps the plaintiff took in an effort to effect

service. *Dunlap v. City of Fort Worth*, No. 4:13-CV-802-O, 2014 WL 1677680, at *2 (N.D. Tex. Apr. 28, 2014).

This case was originally filed in the 153rd District Court of Tarrant County, Texas, and was removed to this Court. No evidence of proper service is reflected in the documents filed by Watson in state court or in this Court. The Defendant Cities are all Texas municipalities and Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure provides a local government must be served by serving a copy of the summons or like process in the manner prescribed by the law of the state where the local government is located.

Watson evidently attempted service under Texas rule 106(a)(2) by certified mail. But the return receipts reflect signatures different from the name of the addressee, thus making the service defective under rule 107(c) of the Texas rules. *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied); *Sw. Sec. Servs. Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App. —El Paso 2005, no pet.); *see also Nagy v. George*, No. 3:07 CV 368 K, 2007 WL 2122175, at *7 (N.D. Tex. July 23, 2007) *aff'd*, 286 F. App'x 135 (5th Cir. 2008). Moreover, Section 17.024(b) of the Texas Civil Practice and Remedies Code provides that, for the Defendant Cities, citation may be served on the mayor, clerk, secretary, or treasurer.

The returns of service submitted by Watson in this case show Watson addressed all of the certified mail letters to a named person with an allegation that such person was the mayor of each Defendant City, but none of the returns of service were signed by the mayor. *See also City of Mesquite v. Bellinger*, 701 S.W.2d 335, 336 (Tex. App.—Dallas 1985, no writ) (holding that the use of the word "may" is a mandatory provision which designates the only persons who may be served with process, and holding that the city attorney was not an authorized agent for service of process against city). As shown in the record, none of the persons to whom the returns were addressed signed for the certified mail. Consequently, the attempted service of process is not valid service and Watson's action should be dismissed. *Byrum v. City of Plano*, 2012 WL

830714 (E.D. Tex. 2012); *Dunlap*, 2014 WL 1677680, at *2 (N.D. Tex. Apr. 28, 2014).

**C.     Brief on Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted – Fed. R. Civ. P. 12(b)(6)**

In considering a motion to dismiss for failure to state a claim under rule 12(b)(6), a district court must usually limit itself to the contents of the pleadings, including attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); Fed. R. Civ. P. 12(b)(6). But it is proper to consider documents that a defendant attaches to a motion to dismiss, if such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim, as they form part of the pleadings. *Id.* at 498–99. Also, in deciding a rule 12(b)(6) motion to dismiss, a court can permissibly refer to matters of public record. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming*, 281 F.3d at 161. In considering a motion to dismiss for failure to state a claim under rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim, "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)). However, this principle is subject to some limitations. For example, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins*, 224 F.3d at 498. Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286

286 (1986)).

To survive a rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S. Ct. at 1974. The plaintiff's obligation is "to provide the 'grounds' of his 'entitlement to relief' [and] requires more than mere labels and conclusions." *Id.* at 1964–1965 (citing *Papasan,* 478 U.S. at 286). The allegations must be sufficient "to raise a right to relief above the speculative level" and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 1965. If a plaintiff fails to allege facts sufficient to "nudge [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 1974.

### 1.     Summary of Watson's Claims

Watson alleges that red light camera ordinances are unconstitutional because they conflict with Section 542.302 of the Texas Transportation Code, which establishes that a traffic offense is committed only if the owner requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner which violates the law. Tex. Transp. Code Ann. § 542.302 (Vernon 2011). Watson believes that this general provision somehow conflicts with specific provisions found in sections 542.405 and 707.002, which specifically authorize a municipality to impose a civil penalty for a violation of a red light camera ordinance. Watson concludes that this alleged conflict also violates Article 11, Section 5 of the Texas Constitution—the home rule charter provision. Watson offers no legal explanation of this contention and then states that the Texas legislature could expressly authorize these ordinances, but that section 707.002, which specifically does just that, is unconstitutional (2d Am. Pet. at 26, ¶ 81). Watson also claims that section 707.007 is unconstitutional under Article 1, Section 10, of the Texas Constitution because it deprives a person of up to $100 of property for conduct the legislature determined to be criminal conduct. According to Watson, the running of a red light is a misdemeanor criminal

offense under sections 594.007(d) and 542.301 of the transportation code that is punishable by a criminal fine only, with a right to a trial by a jury, the right against self-incrimination, the right to confront witnesses against him, and the presumption of innocence.

Watson contends that he is being deprived of his due process rights and this is a usurpation of rights under Article 1, Section 10 of the Texas Constitution, and that Article 1, Section 29 of the Texas Constitution prevents the legislature from converting crimes into civil matters (2d Am. Pet. at 31-32, ¶ 90).

Watson further contends that his right to substantive due process under Article 1, Section 19 of the Texas Constitution is violated by creating a presumption under section 707.013 against registered owners of vehicles that they are the drivers of the vehicle. He also asserts that the right to trial by jury under Article 1, Section 15 of the Texas Constitution is violated when a civil penalty is being sought. He further alleges violations of the open courts provision contained in Article 1, Section 13 of the Texas Constitution because section 707.016 requires an unconstitutional "supersedeas bond" as a condition of appeal from the administrative hearing to the municipal court (2d Am. Pet. at 36, ¶ 97). Watson also contends that the amendment to Section 29.003(g) of the Texas Government Code giving municipal courts exclusive jurisdiction over red light camera violations unconstitutionally prevents Watson from having the constitutionality of the matter determined by a court of appeals or the Texas Supreme Court, as guaranteed by Article 5, Sections 3 and 6 of the Texas Constitution. He argues municipal courts have no jurisdiction over whether the statute or ordinances are constitutional (2d Am. Pet. at 37-38, ¶ 99). Finally, Watson wraps all of his constitutional claims into a taking argument under Article 1, Section 17 of the Texas Constitution, arguing that since the penalties are unconstitutional, he is entitled to a refund (2d Am. Pet. at 42-43, ¶ 107, 108.).

### 2.    Watson's Theory of Recovery

Watson's claims are based almost entirely on the theory that Chapter 707 of the Texas

Transportation Code is unconstitutional because he believes that the enabling legislation violates due process standards applicable to criminal cases. Watson simply ignores the fact that the challenged legislation unequivocally establishes a civil penalty for conduct that threatens public safety. He also ignores the consistency with which courts reviewing this and similar measures in other states have uniformly upheld them, rejecting virtually every one of Watson's contentions. *See Bevis v. City of New Orleans*, 686 F.3d 277 (5th Cir. 2012); *Mendenhall v. City of Akron*, No. 09–3061, 2010 WL 1172474 (6th Cir. Mar. 29, 2010); *Ware v. Lafayette City-Parish Consol. Gov't*, No. CIV.A. 08-0218, 2009 WL 5876275 (W.D. La. Jan. 6, 2009)*; Krieger v City of Rochester*, 978 N.Y.S.2d 5882 (N.Y. App. Div. 2014); *Shavitz*, 270 F. Supp. 2d at 702. Additionally, Watson offers no authority for his contention that the Texas Constitution prohibits the state legislature from creating a civil penalty for a traffic offense. Watson insists on applying criminal law standards to civil penalty issues and attempts to demonize red light camera laws without recognizing the presumption of constitutional validity that attaches to both statutes and local ordinances, or alleging facts that overcome that presumption.

### a.   Existence of Similar Criminal Offense

Watson posits that since the running of a red light is a criminal offense, the creation of a civil offense for a similar violation is somehow unconstitutional. This argument has been uniformly rejected in the context of red light camera laws and courts have ruled that this assertion alone does not transform a civil penalty into a criminal penalty. *See Hudson v. United States*, 522 U.S. 93, 105 (1997) (holding that the fact that the conduct for which sanctions were imposed may also be criminal is insufficient to render the monetary penalties and debarment sanctions criminally punitive); *see also United States v. Ward*, 448 U.S. 242, 250 (1980). Section 542.301(b) clearly provides that not every traffic offense is criminal by stating "except as otherwise provided." Tex. Transp. Code Ann. § 542.301(b). Nor can he show that the ordinances adopted by the Defendant Cities, including Southlake, under state law are so punitive

that they rise to the level of a criminal action. *See Mills v. City of Springfield, Mo.*, No. 2:10–CV–04036–NKL, 2010 WL 3526208, at * 11 (W.D. Mo. Sept. 3, 2010); *Ware v. Lafayette City-Parish Consol. Gov't*, No. CIV.A. 08-0218, 2009 WL 5876275, at *5 (W.D. La. Jan. 6, 2009); *Shavitz*, 270 F. Supp. 2d at 715. In short, Watson's arguments are conclusory and wholly unsupported by state or federal law; therefore, dismissal of Watson's claims against the Defendant Cities, including Southlake, is proper.

### b.    Presumption of Validity

Analysis of the constitutional validity of either a city ordinance or a state statute begins with a presumption of validity. *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 146 (Tex. 2010) ("To be sure, courts must be mindful that statutes are not to be set aside lightly."); *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983); *City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 792 (Tex. 1982); *RCI Entm't, Inc. v. City of San Antonio*, 373 S.W.3d 589, 595 (Tex. App.—San Antonio 2012, no pet.). A court must attempt to ascertain what the legislature intended and interpret the statute accordingly. *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). Any ambiguities must be resolved by rejecting interpretations which defeat the purpose of the legislation as long as another reasonable interpretation exists. *Citizens Bank v. First State Bank*, 580 S.W.2d 344, 348 (Tex. 1979). Furthermore, the Texas Supreme Court has recognized that "[a] too literal construction of a statute, which would prevent the enforcement of it according to its true intent, should be avoided." *State v. Dyer*, 200 S.W.2d 813, 815 (1947). Finally, the party challenging the ordinance bears the burden to establish its invalidity. *RCI Entm't*, 373 S.W.3d at 595.

Watson's theory that Chapter 707 seeks to deprive a person of his property for what has been determined by the legislature to be criminal conduct is counterintuitive (2d Am. Pet. at 31, ¶ 90). The state legislature adopted chapter 707 specifically for the purpose of allowing municipalities to impose a civil penalty for running a red light. Watson offers no authority or

legal argument for his theory that the legislature is prohibited from promoting public safety through civil red light camera laws.  Watson ignores the plain language of sections 542.301(b), 542.405, 542.406, and 707.002 transportation code and section 29.003(g) of the government code which clearly provide a specific method for municipalities to address the problem of the running of a red light by the imposition of a civil penalty.  Watson does not allege an actual statutory conflict or ambiguity that creates the need for a constitutional analysis on the validity of the city ordinances or statutes at issue.  Instead, Watson asserts labels and conclusions of unconstitutionality without any support in law or fact.  Accordingly, dismissal of Watson's claims against the Defendant Cities, including Southlake, for failure to state a claim upon which relief can be granted is proper.

**c.     Due Process**

Though textually different, Texas courts generally construe the due course of law provision in the same manner as its federal counterpart, the Due Process Clause. *Texas Workers' Compensation Comm'n v. Patient Advocates of Texas*, 136 S.W.3d 643, 658 (Tex. 2004). Procedural due process mandates that any government action depriving a person of life, liberty, or property be implemented in a fair manner. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).  The due process clause in the Texas constitution requires the same level of due process as the federal constitution. *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995); *see also Bell v. Texas Workers Compensation Comm'n*, 102 S.W.3d 299, 304 (Tex. App.—Austin 2003, no pet.).

**i.     Procedural Due Process**

Questions of procedural due process require an analysis of: (1) whether the plaintiff has a constitutionally protected property or liberty interest at stake, and (2) if so, what process is due to sufficiently protect that interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972).  In the present case, Watson's legal argument and theory of recovery are based upon the supposition

that the state legislature cannot create a separate civil offense for the violation of running a red light.  Based upon this supposition, Watson believes that the administrative process and right to appeal under section 707.016 are a "farce" (2d Am. Pet. at 35, ¶ 96).  Along these lines, Watson contends that the hearing officers and the municipal court judge are not impartial because they work for the municipality (2d Am. Pet. at 27-28, ¶ 84).  However, the Fifth Circuit has held that "[a] presiding official's being an employee of the municipal executive does not alone offend due process."  *Bevis*, 686 F.3d at 277, 281.  Because Watson's conclusory arguments and theory of recovery are based upon the application of criminal procedural due process to civil matters, he has not alleged a claim upon which relief may be granted.

### ii.    Substantive Due Process

Like the federal due process clause, the due course of law provision of the Texas Constitution contains a substantive as well as a procedural component.  A substantive due process violation occurs when the government deprives individuals of constitutionally protected rights by an arbitrary use of its power.  *Byers v. Patterson*, 219 S.W.3d 514, 525 (Tex. App.— Tyler 2007, no pet.) (citing *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 249 (5th Cir. 2000)).  Under the substantive due process doctrine, only fundamental rights qualify for heightened scrutiny—i.e., rights which are "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 539 U.S. 702, 721 (2003).  A court examining the validity of a social or economic measure, such as a red light camera statute or ordinance, need only decide whether it is rationally related to a legitimate government interest.  *Concrete Pipe Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 637 (1993); *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 84 (1978); *Star Scientific Inc. v. Beales*, 278 F.3d 339, 348 (4th Cir. 2002).  In the context of red light camera laws, one federal court has explained:

The freedom to run a red light is not a fundamental right that is deeply rooted in this

Nation's history and tradition. Under the lenient rational basis test, the City of Springfield's red light camera ordinance is rationally related to the legitimate government interest in public safety. Clearly, a legislative body could find that improved surveillance and enforcement of red light violations would result in fewer accidents.

*Mills v. City of Springfield, Mo.*, No. 2:10–CV–04036–NKL, 2010 WL 3526208 (W.D. Mo. 2010). Again, Watson's alleged right to substantive due process is founded on principles of criminal law. Watson attempts to support this argument by concluding that an irrebutable presumption of guilt violates the right to due process under Texas law (2d Am. Pet. at 32-33, ¶ 92). Watson has not shown or even alleged a substantive due process claim that is applicable to the facts in this case. Thus, Watson has failed to state a plausible due process claim for which relief can be granted.

### d.    Rights in Civil Penalty Cases

There is no constitutional right in Texas to a jury trial for a civil penalty for an offense for which a jury trial was not available in 1876. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 450 (Tex. 1993). Watson does not allege that the right to a jury trial from an administrative hearing involving the running of a red light existed in 1876. Again, Watson's assertion is based on his belief that the offense of running a red light cannot be anything other than criminal. The United States Supreme Court has set out a two-part test for determining whether a penalty is civil or criminal. If the intention of the legislature was to impose punishment, that ends the inquiry. *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997). If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, the court must further examine whether the statutory scheme is "'so punitive, either in purpose or effect as to negate [the State's] intention' to deem it 'civil.'" *Id.* (quoting *United States v. Ward*, 448 U.S. 242, 248–249 (1980)). "Only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Hudson v. United States*, 522 U.S. 93, 100 (1997). The Texas Supreme Court applies the same test. *In re*

*Commitment of Fisher*, 164 S.W.3d 637, 647 (Tex. 2005). The courts also consider seven factors when applying the test. *Bevis*, 686 F.3d at 280. The only factor identified by Watson is that a similar criminal violation exists. That factor alone is not enough to overcome legislative intent. *Id.*

There is no constitutional prohibition against self-incrimination in civil penalty matters applicable to this case. The Fifth Circuit has held that the Fifth Amendment prohibition against self-incrimination has no application in a civil case where no one seeks to compel the litigant to testify; if the litigant "voluntarily does not tell what he know[s], [h]is silence may well count against him as against any other civil litigant." *Kent v. United States*, 157 F.2d 1, 2 (5th Cir. 1946).

### e.   Right to Trial in District Court; Right of Appeal

Watson asserts that the procedures under sections 707.014 and 707.016 of the transportation code deprive him of a trial in district court and the right to appeal. He has no such right. Unless a trial court has special or exclusive jurisdiction, subject matter jurisdiction in a particular court includes a jurisdictional amount. *Womble v. Atkins*, 160 Tex. 363, 370, 331 S.W.2d 294, 299 (1960). By his own pleadings, Watson admits that his maximum fine, even with late fees is $100.00 (2d Am. Pet. at 20, ¶ 67). The minimum jurisdictional amount for Texas district courts is $500.00. *Chapa v. Spivey*, 999 S.W.2d 833, 836 (Tex. App.—Tyler 1999, no pet.). The Texas legislature has the constitutional power to limit appeal both as to amount and nature of action. *Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex. 2005).

Although this case involves a civil matter, Watson's assertion would still be wrong in the context of an appeal from a criminal case. Neither the United States nor Texas Constitutions provide that a defendant has a right to appeal a criminal conviction; the right to appeal is created by statute. *McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006) (citing *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S. Ct. 585, 590, 100 L. Ed. 891 (1956) and *Griffin v. State*, 145

S.W.3d 645, 646 (Tex. Crim. App. 2004)). The Texas Legislature gave municipal courts jurisdiction over the appeal of an administrative hearing under section 707.016 and an appeal from that court exists under Section 30.00014 of the Texas Government Code. *See also* Tex. Gov't. Code Ann. § 29.003(g) (Vernon Supp. 2014). Watson had no constitutional rights to an appeal and failed to exercise those he had.

### f.      Open Courts and Appeal Bond

Watson claims a violation of the Open Courts doctrine by the requirement for a bond as a condition of appeal of the administrative hearing provided for by section 707.016. He claims as authority *Texas Ass'n of Bus.*, 852 S.W.2d at 448-50. A simple reading of this case quickly reveals the court's criticism was of the requirement of security in the amount of the fine. In contrast, no bond is required by section 707.016. That statute requires cost of the appeal, not payment of the civil penalty which is automatically suspended during the pendency of the appeal. The provision for a notarized statement of personal financial obligation is for the payment of the court costs and does not even reference the penalty. Statutes requiring the posting of a bond or other security to cover the costs associated with a court proceeding are routinely imposed and do not offend due process. *See Shavitz*, 270 F. Supp. 2d at 718–719.

### g.      Takings Claim

Watson alleges his injuries were caused by the unconstitutional taking of $75.00. All of Watson's constitutional claims apparently stem from this alleged injury, which he claims were caused solely by Southlake. Yet Watson promptly paid the civil penalty without availing himself of any remedies allowed under the statutory framework created by the state legislature. Watson not only admitted liability by paying the civil penalty, but he also failed to directly challenge that liability, which resulted in a final judgment that is not subject to collateral attack. Tex. Transp. Code Ann. § 707.012 (Vernon 2011). In the context of a takings claim where an administrative remedy is provided by statute, the Texas Supreme Court has said "[a] party cannot attack

collaterally what she chooses not to challenge directly." *City of Dallas v. Stewart*, 361 S.W.3d 562, 580 (Tex. 2012). Furthermore, "[a] litigant must avail itself of statutory remedies that may moot its takings claim, rather than directly institute a separate proceeding asserting such a claim." *See City of Dallas. v. VSC, LLC*, 347 S.W.3d 231, 234–37 (Tex. 2011). Thus, based on the facts alleged by Watson and the law applicable to Watson's takings claim, he cannot show that he is entitled to relief. Accordingly, dismissal of Watson's claims against Southlake and the other Defendant Cities is proper in this matter.

### 3.    Prudential Standing

Unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case. In the absence of standing, there is no "case or controversy" between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the U.S. Constitution. *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

In addition to the constitutional requirements, a plaintiff must also satisfy three prudential standing requirements. "Prudential principles are judicial rules of self-restraint, founded upon the recognition that the political branches of government are generally better suited to resolving disputes involving matters of broad public significance." *Apache Bend Apartments, Ltd. v. U.S. Through I.R.S.*, 987 F.2d 1174, 1176–77 (5th Cir. 1993).

The first prudential restriction is that a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499. Second, a plaintiff's claim must present more than "'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474–475, 102 S. Ct. 752, 760, 70 L.Ed.2d 700 (1982) (quoting *Warth v. Seldin*, 422 U.S. at 499–500). This principle

is closely related to the constitutional requirement of personal "injury in fact." *Id.* at 475. "In both dimensions it is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth*, 422 U.S. at 498. Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question. *Id.* These additional restrictions enforce the principle that, "as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573, 576 (6th Cir. 1991). Plaintiff lacks prudential standing to assert any claims against cities from which he received no red light camera violation notice.

### III.   CONCLUSION

Watson lacks standing to seek monetary damages because he cannot demonstrate that he sustained an "injury in fact" that is "fairly traceable" to an actual deprivation of any right, privilege, or immunity secured by the Constitution or laws of the United States or the State of Texas. He did not avail himself of his right to an administrative hearing or an appeal provided by statute and the ordinance of the City of Southlake, and he is precluded from asserting a takings claim. Watson cannot assert the rights of other "similarly situated" individuals against the Defendant Cities. Thus, Watson has not satisfied the standing requirements imposed by Article III and no case or controversy exists against Southlake or any other Defendant City.

As explained above, the red light camera statute, Chapter 707 of the Texas Transportation Code, is a valid exercise of legislative authority and does not violate any of Watson's substantive or procedural due process rights. Moreover, Watson has not satisfied his burden to overcome the presumption that the red light camera statute is constitutional. Watson's claims are based on the incorrect premise that the ordinances adopted by the Defendant Cities are criminal in nature rather than civil. Because the ordinances are civil, Watson is not entitled to the protections afforded for criminal offenses by the Texas Constitution. Accordingly, Watson has not alleged a cause of action that is even reasonably related to the law and the facts applicable to this case.

Finally, Watson failed to serve any of the Defendant Cities, including Southlake, with process and they are entitled to dismissal. Consequently, Watson's Complaint should be dismissed, as a matter of law, at Watson's cost.

Dated this 16th day of June, 2015.

Respectfully submitted,

GEORGE A. STAPLES
State Bar No. 19058000
Email: gstaples@toase.com
DEAN J. ROGGIA
State Bar No. 24070524
Email: droggia@toase.com
WAYNE K. OLSON
State Bar No. 15276900
Email: wolson@toase.com
TAYLOR, OLSON, ADKINS, SRALLA &
    ELAM, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Telephone No. (817) 332-2580
Facsimile No. (817) 332-4740
*ATTORNEYS FOR CITIES OF AMARILLO, BALCH SPRINGS, BALCONES HEIGHTS, BAYTOWN, BURLESON, DENTON, DIBOLL, EL PASO, ELGIN, GRAND PRAIRIE, HALTOM CITY, HUTTO, IRVING, KILLEEN, LONGVIEW, LUFKIN, MARSHALL, MESQUITE, NORTH RICHLAND HILLS, RICHLAND HILLS, ROUND ROCK, SOUTHLAKE, SUGAR LAND AND WATAUGA*


## CERTIFICATE OF SERVICE

On June 16th, 2015, a true and correct copy of the foregoing document was served upon all counsel, at the addresses on file with the Court and in accordance with the Federal Rules of Civil Procedure, via U.S. First Class Mail:

Russell J. Bowman, Paul R. Smith, Scott A. Stewart, Attorney for Plaintiff

Robert H. Fugate, Attorney for City of Arlington

Richard M. Abernathy, Ross Q. Wells, Ryan D. Pittman, Attorney for City of Frisco

Edwin P. Voss, Jr., Attorney for Cities of Little Elm and Roanoke

Timothy Allen Dunn, Attorney for City of Plano

Amanda Peterson, Andy Taylor, Karen Coomer Denney, Kathleen Weir Bertolatus, Thomas J. Williams, Attorney for American Traffic Solutions, Inc. and American Traffic Solutions, LLC

Lars L. Berg, Matthias Jerome Kleinsasser, Attorney for Xerox State & Local Solutions, Inc.

Stacy Jordan Rodriguez, Attorney for City of Dallas

Peter G. Smith, Vitoria W. Thomas, Attorney for Cities of Allen, Coppell, Duncanville, Farmers Branch, Richardson and University Park

Kurt C. Banowsky, Attorney for City of Garland

Mathew C. G. Boyle, Attorney for Cities of Hurst and Bedford

John Joseph Hightower, Attorney for Cities of Cleveland, Conroe, Humble, Jersey Village, Magnolia, Tomball, and Willis

M. Michael Meyer, Attorney for City of Corpus Christi

Shannon Wade Bangle, Andy Taylor, Karen Coomer Denney, Kathleen Weir Bertolatus, Thomas J. Williams, Attorney for Redflex Traffic Systems, Inc.

Nancy J. Juren, Attorney General of Texas

Jo-Christy Brown, Attorney for City of Bastrop

_____

GEORGE A. STAPLES