IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES H. WATSON and<br>Others Similarly Situated,<br>    *Plaintiffs,*<br><br>v.<br><br>CITY OF ALLEN, et al.<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:15-cv-00335-A |

## APPENDIX TO DEFENDANT CITIES OF AMARILLO, BALCH SPRINGS, BALCONES HEIGHTS, BAYTOWN, BURLESON, EL PASO, ELGIN, DENTON, DIBOLL, GRAND PRAIRIE, HALTOM CITY, HUTTO, IRVING, KILLEEN, LONGVIEW, LUFKIN, MARSHALL, MESQUITE, NORTH RICHLAND HILLS, RICHLAND HILLS, ROUND ROCK, SOUTHLAKE, SUGAR LAND, AND WATAUGA'S MOTION TO DISMISS

Respectfully submitted,

GEORGE A. STAPLES
State Bar No. 19058000
gstaples@toase.com
DEAN J. ROGGIA
State Bar No. 24070524
Email: droggia@toase.com
WAYNE K. OLSON
State Bar No. 15276900
Email: wolson@toase.com
Members of the Law Firm of:
TAYLOR, OLSON, ADKINS, SRALLA & ELAM, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107
(817) 332-2580
(817) 332-4740 (Fax)
ATTORNEYS FOR DEFENDANTS AMARILLO, BALCH SPRINGS, BALCONES HEIGHTS, BAYTOWN, BURLESON, DENTON, DIBOLL, EL PASO, ELGIN, GRAND PRAIRIE, HALTOM CITY, HUTTO, IRVING, KILLEEN, LONGVIEW, LUFKIN, MARSHALL, MESQUITE, NORTH RICHLAND HILLS, RICHLAND HILLS, ROUND ROCK, SOUTHLAKE, SUGAR LAND, AND WATAUGA

## CERTIFICATE OF SERVICE

On June 16, 2015, a true and correct copy of the foregoing document was served upon all counsel, at the addresses on file with the Court and in accordance with the Federal Rules of Civil Procedure, via U.S. First Class Mail:

Russell J. Bowman, Paul R. Smith, Scott A. Stewart, Attorney for Plaintiff

Robert H. Fugate, Attorney for City of Arlington

Richard M. Abernathy, Ross Q. Wells, Ryan D. Pittman, Attorney for City of Frisco

Edwin P. Voss, Jr., Attorney for Cities of Little Elm and Roanoke

Timothy Allen Dunn, Attorney for City of Plano

Amanda Peterson, Andy Taylor, Karen Coomer Denney, Kathleen Weir Bertolatus, Thomas J. Williams, Attorney for American Traffic Solutions, Inc. and American Traffic Solutions, LLC

Lars L. Berg, Matthias Jerome Kleinsasser, Attorney for Xerox State & Local Solutions, Inc.

Stacy Jordan Rodriguez, Attorney for City of Dallas

Peter G. Smith, Vitoria W. Thomas, Attorney for Cities of Allen, Coppell, Duncanville, Farmers Branch, Richardson and University Park

Kurt C. Banowsky, Attorney for City of Garland

Mathew C. G. Boyle, Attorney for Cities of Hurst and Bedford

John Joseph Hightower, Attorney for Cities of Cleveland, Conroe, Humble, Jersey Village, Magnolia, Tomball, and Willis

M. Michael Meyer, Attorney for City of Corpus Christi

Shannon Wade Bangle, Andy Taylor, Karen Coomer Denney, Kathleen Weir Bertolatus, Thomas J. Williams, Attorney for Redflex Traffic Systems, Inc.

Nancy J. Juren, Attorney General of Texas

Jo-Christy Brown, Attorney for City of Bastrop

*[signature]*
GEORGE A. STAPLES

## TABLE OF CONTENTS

| Description | | Appendix Location |
|---|---|---|
| A. | Article VIII. – Automated Red Light Enforcement Ordinance of Southlake, Texas | Page 5 |

ARTICLE VIII. - AUTOMATED RED LIGHT ENFORCEMENT

Sec. 18-325. - Purpose.

The purpose of this article is to implement a photographic traffic signal enforcement system pursuant to chapter 707 of the Texas Transportation Code and to provide that the owner of a motor vehicle is liable to the city for a civil penalty if, while facing only a steady red signal displayed by an electrically operated traffic-control signal located in the city, the vehicle is operated in violation of the instructions of the traffic-control signal, as specified by section 544.007(d) of the Texas Transportation Code.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-326. - Definitions.

In this article:

*Department* shall mean the Police Department of the City of Southlake, Texas, or an entity with which the city contracts under section 707.003(a)(1) of the Texas Transportation Code for the enforcement and administration of this article.

*Municipal court* shall mean the Southlake Municipal Court.

*Owner of a motor vehicle* shall mean the owner of a motor vehicle as shown on the motor vehicle registration records of the Texas Department of Transportation or the analogous department or agency of another state or country. The term "owner" includes a lessee of a motor vehicle under a lease of six months or more from a motor vehicle rental or leasing company, but does not include the motor vehicle rental or leasing company itself.

*Photographic traffic signal enforcement system* shall mean a system that:

(1) Consists of a camera system and vehicle sensor installed to exclusively work in conjunction with an electrically operated traffic-control signal; and
(2) Is capable of producing at least two recorded images that depict the license plate attached to the front or the rear of a motor vehicle that is not operated in compliance with the instructions of the traffic-control signal.

*Recorded image* means a photographic or digital image that depicts the front or the rear of a motor vehicle.

*System location* means the approach to an intersection toward which a photographic traffic monitoring system is directed and in operation.

*Traffic control signal* has the meaning assigned by section 541.304 of the Texas Transportation Code, as amended.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-327. - Administration and enforcement of photographic traffic signal enforcement system.
(a)  The department is responsible for the enforcement and administration of this article.

(b) To implement the photographic traffic signal enforcement system under this article, the city may:
(1) Contract for the administration and enforcement of the system as provided in section 707.003(a)(1) of the Texas Transportation Code;
(2) Install and operate the system or contract for the installation or operation of the system as provided in section 707.003 (a)(1) of the Texas Transportation Code.
(c) The city or the person with which the city contracts for the administration and enforcement of a photographic traffic signal enforcement system shall not report information concerning civil penalties imposed under this article to a credit bureau as defined in section 392.001 of the Texas Finance Code.

(Ord. No. 922, § 1, 12-18-07)

Sec. 18-328. - Citizen advisory committee.

The city council shall appoint a citizen advisory committee consisting of one person appointed by each councilmember. The committee shall review the traffic engineering study described in section 18-329 of this article and shall advise the city council on the installation and operation of the photographic traffic signal enforcement systems installed within the city limits based solely on such study. The committee shall not have any authority over the photographic traffic signal enforcement systems other than to make recommendations to the city council with respect to decisions concerning the installation of such systems based solely on the traffic engineering study.

(Ord. No. 922, § 1, 12-18-07)

Sec. 18-329. - Procedures for creation of photographic traffic signal enforcement systems.
(a) Before installing a photographic traffic signal enforcement system at an intersection approach, the city shall conduct or cause to be conducted a traffic engineering study or the approach to determine whether, in addition to or as an alternative to the system, a design change to the approach or a change in the signalization of the intersection is likely to reduce the number of red light violations at the intersections.
(b) The city shall report the results of the traffic engineering study described in subsection (a) to the citizen advisory committee appointed by the city council pursuant to section 18-328
(c) Any intersection approach selected by the city for the installation of a photographic traffic signal enforcement system must be selected based on traffic volume, the history of accidents at the approach, the number or frequency of red light violations at the intersection, and any similar traffic engineering and safety criteria, without regard to the ethnic or socioeconomic characteristics of the area in which the approach is located.
(d) The city may not impose the civil penalty described in section 18-333 on an owner of a motor vehicle if it does not first comply with the requirements of subsections (a) and (b) above. However, the failure of the city to comply with the requirements of subsections (a) and (b) above with respect to one intersection shall not prevent the city from imposing said civil penalty on the owner of a motor vehicle for a violation occurring at a different intersection.
(e) In addition to installing the photographic traffic signal enforcement system, the city shall also install signs along each roadway that leads to the intersection at which such system is installed. The signs must be at least 100 feet from the intersection or located according to the standards established in the manual adopted by the Texas Transportation Commission under section 544.001 of the Texas Transportation Code. In addition, the signs must be easily readable to any motor vehicle operator

approaching the intersection and must clearly indicate the presence of a photographic monitoring system that records violations that may result in the issuance of a notice of violation and the imposition of a monetary penalty.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-330. - Reports of accidents.

For years beginning on or after January 1, 2008, the following requirements shall apply:

(1) Before installing a photographic traffic signal enforcement system at an intersection approach, the department shall compile a written report of the number and type of traffic accidents that have occurred at the intersection for a period of 18 months before the date of the report.
(2) Not later than six months after the date of the installation of the photographic traffic signal enforcement system at the intersection, the Department shall provide a copy of the report required by subsection (a) to the Texas Department of Transportation.
(3) After installing a photographic traffic signal enforcement system at an intersection approach, the city shall monitor and annually report to the Texas Department of Transportation the number and type of traffic accidents at the intersection to determine whether the system results in a reduction in accidents or a reduction in the severity of accidents.
(4) The report shall be in writing in the form prescribed by the Texas Department of Transportation.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-331. - Minimum change interval.

At an intersection at which a photographic traffic monitoring system is in use, the minimum change interval for a steady yellow signal shall be established in accordance with the Texas Manual on Uniform Traffic Control Devices.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-332. - General surveillance prohibited.

The city shall operate the photographic traffic control signal enforcement system only for the purpose of detecting a violation or suspected violation of a traffic control signal.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-333. - Imposition of civil penalty; other penalties and fees.
(a) The owner of a motor vehicle is liable to the city for a civil penalty of $75.00 if, while facing only a steady red signal displayed by an electrically operated traffic-control signal located in the city, the vehicle is operated in violation of the instructions of the traffic-control signal, as specified by section 544.007(d) of the Texas Transportation Code.
(b) A person who fails to timely pay the civil penalty shall also be liable to the city for a late payment penalty of $25.00.
(c) A person who pays the amount due by check and whose check is rejected or declined shall be subject to an additional fee of $25.00.
(d) A person who pays the amount due by credit card over the Internet shall be subject to an additional convenience fee of $2.95.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-334. - Effect on other enforcement.

(a) The implementation of the photograph traffic signal enforcement system by the city under this article does not:
   (1) Preclude the application or enforcement in the city of section 544.007(d) of the Texas Transportation Code in the manner prescribed by chapter 543 of the Texas Transportation Code;
   (2) Prohibit a peace officer from arresting a violator of section 544.007(d) of the Texas Transportation Code as provide by chapter 543 of the Texas Transportation Code, if the peace officer personally witnesses this violation, or from issuing the violator a citation and notice to appear as provided by the chapter 543 of the Texas Transportation Code.
(b) The city may not impose a civil penalty under this article on the owner of a motor vehicle if the operator of the vehicle was arrested or issued a citation and notice to appear by a peace officer for the same violation of section 544.007(d) recorded by the photographic traffic signal enforcement system.

(Ord. No. 922, § 1, 12-18-07)

Sec. 18-335. - Notice of violation; contents.
(a) The imposition of a civil penalty under this article is initiated by the mailing of a notice of violation to the owner of the motor vehicle against whom the city seeks to impose the civil penalty. Not later than the 30th day after the date the violation is alleged to have occurred, the department shall mail a notice of violation to the owner of the motor vehicle at:
   (1) The owner's address as shown on the registration records of the Texas Department of Transportation; or
   (2) If the vehicle is registered in another state or country, the owner's home address as shown on the motor vehicle registration records of the department or agency of the other state or country analogous to the Texas Department of Transportation.
(b) A notice of violation issued under this article shall contain:
   (1) A description of the violation alleged;
   (2) The location of the intersection where the violation occurred;
   (3) The date and time of the violation;
   (4) The name and address of the owner of the vehicle involved in the violation;
   (5) The registration number displayed on the license plate of the vehicle involved in the violation;
   (6) A copy of a recorded image of the violation limited solely to a depiction of the area of the registration number displayed on the license plate of the vehicle involved in the violation;
   (7) The amount of the civil penalty for which the owner is liable;
   (8) The person has 30 days from the date the notice of violation is mailed in which to pay or contest the imposition of the civil penalty and a statement that the person incurs a late payment penalty if the civil penalty is not paid or imposition of the penalty is not contested within that period;
   (9) A statement that the owner of the vehicle in the notice violation may elect to pay the civil penalty by mail sent to a specified address instead of appearing at the time and place of the administrative adjudication hearing; and
   (10) Information that informs the owner of the vehicle named in the notice of violation:
      a. Of the owner's right to contest the imposition of the civil penalty in an administrative adjudication hearing;
      b.

That imposition of the civil penalty may be contested by submitting a written request for an administrative adjudication hearing before the expiration of the time to contest the imposition of the civil penalty;

c. That failure to pay the civil penalty within the time prescribed or to timely contest liability in a timely manner is an admission of liability and a waiver of the owner's right to appeal the imposition of the civil penalty;

d. That if the owner fails to timely pay the amount of the civil penalty imposed against the owner:
   1. An arrest warrant may not be issued for the owner; and
   2. Imposition of the civil penalty may not be recorded on the owner's driving record;

e. A statement that the recorded images may be used as evidence against the person in an administrative or civil proceeding for the imposition of a civil penalty;

f. A statement that, if at the time and place of the violation, the vehicle was being operated by a person other than the owner, if the owner is a natural person, the owner may transfer liability for the violation to the person who was operating the vehicle at that time and place if the owner submits to the department an affidavit, on a form provided by the department, or under oath at an administrative adjudication hearing, the name and current home address of the person:
   1. Operating the vehicle at the time and place of the violation; or
   2. Who was the subsequent owner of the motor vehicle, if the ownership of the vehicle was transferred by the owner prior to the time of the violation.

g. Any other information deemed necessary by the department.

(c) A notice of violation under this article is presumed to have been received on the 5th day after the date the notice of violation is mailed.

(d) In lieu of issuing a notice of violation, the department may mail a warning notice to the owner.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-336. - Admission of liability.

A person who fails to pay the civil penalty or to contest liability for the penalty in a timely manner or who requests an administrative adjudication hearing to contest the imposition of the civil penalty against the person and fails to appear at the hearing is considered to:

(1) Admit liability for the full amount of the civil penalty and late payment penalty stated in the notice of violation mailed to the person; and

(2) Waive the person's right to appeal the imposition of the civil penalty and the late payment penalty.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-337. - Presumption.

(a) It is presumed that the owner of the motor vehicle committed the violation alleged in the notice of violation mailed to the person if the motor vehicle depicted in a photograph or digital image taken by a photographic traffic signal enforcement system belongs to the owner of the motor vehicle.

(b)

If, at the time of the violation alleged in the notice of violation, the motor vehicle depicted in a photograph or digital image taken by a photographic traffic signal enforcement system was owned by a person in the business of selling, renting, or leasing motor vehicles or by a person who was not the person named in the notice of violation, the presumption under paragraph (a) is rebutted on the presentation of evidence establishing that the vehicle was at that time:

(1) Being test driven by another person;

(2) Being rented or leased by the vehicle's owner to another person; or

(3) Owned by a person who was not the person named in the notice of violation.

(c) Notwithstanding section 18-338, the presentation of evidence under paragraph (b) by a person who is in the business of selling, renting, or leasing motor vehicles or did not own the vehicle at the time of the violation may be made by affidavit, through testimony at the administrative adjudication hearing under section 18-338, or by a written declaration under penalty of perjury. The affidavit or written declaration may be submitted by mail to the department.

(d) If the presumption established by paragraph (a) is rebutted under paragraph (b), a civil penalty and late payment penalty may not be imposed on the owner of the vehicle or the person named in the notice of violation, as applicable.

(e) If, at the time of the violation alleged in the notice of violation, the motor vehicle depicted in the photograph or digital image taken by the photographic traffic signal enforcement system was owned by a person in the business of renting or leasing motor vehicles and the vehicle was being rented or leased to an individual, the owner of the motor vehicle shall provide to the department the name and address of the individual who was renting or leasing the motor vehicle depicted in the photograph or digital image and a statement of the period during which that individual was renting or leasing the vehicle. The owner shall provide the information required by this paragraph not later than the 30th day after the date the notice of violation is received. If the owner provides the required information, it is presumed that the individual renting or leasing the motor vehicle committed the violation alleged in the notice of violation and the department may send a notice of violation to that individual at the address provided by the owner of the motor vehicle.

(Ord. No. 922, § 1, 12-18-07)

Sec. 18-338. - Administrative adjudication hearing.

(a) A person who receives a notice of violation under this article may contest the imposition of the civil penalty specified in the notice of violation by filing a written request for an administrative adjudication hearing. The request for a hearing must be filed with the department not later than the 30th day after the date the notice of violation was mailed.

(b) If the person requesting the hearing either fails to appear at the hearing, or if the hearing officer determines that there was a violation, and the person requesting the hearing either elects not to appeal, or if the person requesting the hearing is unsuccessful on an appeal filed under section 18-341, the department shall assess a fee of $35.00 against the person requesting the hearing.

(c) On receipt of a timely request for an administrative adjudication hearing, the department shall notify the person of the date, time and place of the hearing. The hearing shall be held within 30 days of the request for a hearing unless the person who receives the notice of violation is granted a delay by the hearing officer.

(d) A hearing officer designated by the city council shall conduct the administrative adjudication hearing. The hearing officer shall have authority to issue orders compelling the attendance of witnesses and the production of documents.

(e) In an administrative adjudication hearing, the issues must be proven by a preponderance of the evidence.

(f) The reliability of the photographic traffic signal enforcement system used to produce the recorded image of the motor vehicle involved in the violation may be attested to by affidavit of an officer or employee of the department who is responsible for inspecting and maintaining the system.

(g) An affidavit of an officer or employee of the department that alleges a violation based on an inspection of the applicable recorded image is:
   (1) Admissible in the administrative adjudication and in an appeal under section 18-341; and
   (2) Evidence of the facts contained in the affidavit.

(h) It shall be an affirmative defense to liability under this article, to be proven by the person contesting liability by a preponderance of the credible evidence, that:
   (1) The person was operating the motor vehicle in compliance with the lawful order or direction of a police officer, fire fighter or other person authorized by local, state or federal law to direct or control traffic;
   (2) The person had no other choice but to violate the instructions of the traffic-control signal in order to yield the right-of-way to an immediately approaching authorized emergency vehicle;
   (3) The person was operating an emergency vehicle as defined in chapter 546 of the Texas Transportation Code and that the person with acting in compliance with that chapter;
   (4) The license plate depicted in the recorded image was a stolen plate and being displayed on a motor vehicle other than the motor vehicle for which the plate had been issued;
   (5) At the time of the violation, and if the owner is a natural person, the vehicle was being operated by a person other than the owner of the vehicle and the owner, in the proceeding, provides the name and current home address of the person who was operating the vehicle at the time and place of the violation;
   (6) Prior to the time of the violation, the owner transferred title to the motor vehicle described in the notice of violation to another person or entity and the owner, in the proceeding, provides the name and current address of the subsequent owner of the vehicle; and
   (7) The person was arrested or issued a citation and notice to appear by a peace officer for a violation of section 544.007(d) of the Texas Transportation Code which was recorded by the photographic traffic signal enforcement system.

(i) To demonstrate that at the time of the violation the motor vehicle was stolen or that the license plate displayed on the vehicle was stolen, the owner must submit proof acceptable to the hearing officer that the theft of the vehicle or license plate was reported to the appropriate law enforcement agency.

(j) In the event that the owner submits the proof described in section 18-335(b)(10)f. or in the event that the owner establishes the affirmative defense described in section 18-338(g)(5) or rebuts the presumption of violation described in section 90-337, the department may issue a notice of violation to the person alleged by the owner to have been driving the motor vehicle at the time of the violation within 30 days of the department's receipt of the proof described in sections 18-335(b)(10)f. and 18-337(b) or within 30 days of the hearing at which the owner established the affirmative defense described in section 18-338(g)(5).

(Ord. No. 922, § 1, 12-18-07)

Sec. 18-339. - Untimely request for administrative hearing.

Notwithstanding any other provision of this article, a person who receives a notice of violation under this article and who fails to timely pay the amount of the civil penalty or fails to timely request an administrative adjudication hearing is entitled to an administrative adjudication hearing if:

(1) The person submits a written request for the hearing to the designated hearing officer, accompanied by an affidavit that attests to the date on which the person received the notice of violation; and

(2) The written request and affidavit are submitted to the hearing officer within 30 days after the date the person received the notice of violation.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-340. - Order.

(a) The hearing officer at the conclusion of any administrative adjudication hearing under this article shall issue an order stating:

  (1) Whether the person charged with the violation is liable for the violation; and

  (2) The amount of any penalty, cost, or fee assessed against the person.

(b) The orders issued under subsection (a) must be in writing and signed and dated by the hearing officer and may be filed with the city secretary who shall keep the orders in a separate index and file. The orders may be recorded using microfilm, microfiche, or data processing techniques.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-341. - Appeal.

(a) The owner of a motor vehicle determined by a hearing officer to be liable for a civil penalty may appeal that determination to a judge by filing an appeal petition with the clerk of the municipal court.

(b) The petition must be:

  (1) Filed before the 31st day after the date on which the administrative adjudication hearing officer entered the finding of liability for the civil penalty; and

  (2) Accompanied by the payment of the appellate filing fee of $50.00 to cover the costs required by law for the court.

(c) The court clerk shall schedule a hearing and notify the owner of the motor vehicle and the department of the date, time, and place of the hearing.

(d) An appeal stays enforcement and collection of the civil penalty and any late penalty imposed against the owner of the motor vehicle. The owner shall file a notarized statement of personal financial obligation to perfect the owner's appeal.

(e) An appeal under this section shall be determined by the court by trial de novo. All evidence submitted at the administrative hearing shall be and any additional relevant evidence may be admitted in the trial.

(f) The municipal court shall have exclusive appellate jurisdiction within the city's territorial limits in cases arising under this article.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-342. - Imposition of civil penalty not a conviction.

The imposition of a civil penalty under this article is not a criminal conviction and may not be considered a conviction for any purpose.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-343. - Enforcement.

In accordance with section 701.017 of the Texas Transportation Code, if the owner of a motor vehicle is delinquent in the payment of a civil penalty imposed under this article, the county assessor-collector or the Texas Department of Transportation may refuse to register a motor vehicle alleged to have been involved in the violation.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-344. - Failure to pay civil penalty.

(a) If the owner of the motor vehicle fails to timely pay the amount of the civil penalty imposed against the owner:
   (1) An arrest warrant may not be issued for the owner; and
   (2) The imposition of the civil penalty may not be recorded on the owner's driving record.
(b) Notice of subsection (a) must be included in the notice of violation required by section 18-335
(c) The city attorney is authorized to file suit to enforce collection of any civil penalties and late payment fees assessed under this article.

*(Ord. No. 922, § 1, 12-18-07)*

Sec. 18-345. - Revenue from civil penalties and other fees.

(a) Not later than the 60th day after the end of the city's fiscal year, after deducting amounts the city is authorized by subsection (b) to retain, the city shall:
   (1) Send 50 percent of the revenue derived from civil or administrative penalties collected by the city under this section to the comptroller for deposit to the credit of the regional trauma account established under section 782.002 of the Texas Health and Safety Code; and
   (2) Deposit the remainder of the revenue in a special account in the city's treasury that may be used only to fund traffic safety programs, including pedestrian safety programs, public safety programs, intersection improvements, and traffic enforcement.
(b) The city may retain an amount necessary to cover the costs of:
   (1) Purchasing or leasing equipment that is part of or used in connection with the photographic traffic signal enforcement system in the city;
   (2) Installing the photographic traffic signal enforcement system at sites in the city, including the costs of installing cameras, flashes, computer equipment, loop sensors, detectors, utility lines, data lines, poles and mounts, networking equipment, and associated labor costs;
   (3) Operating the photographic traffic signal enforcement system in the city, including the costs of creating, distributing, and delivering violation notices, review of violations conducted by city employees, the processing of fine payments and collections, and the costs associated with administrative adjudications and appeals; and
   (4) Maintaining the general upkeep and functioning of the photographic traffic signal enforcement system.

*(Ord. No. 922, § 1, 12-18-07)*