ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 16 2015
8:46 am
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JAMES H. WATSON and | § | |
| Others Similarly Situated, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-00335-A |
| | § | |
| CITY OF ALLEN, et al., | § | |
|     Defendants. | § | |

## RESPONSE TO MOTION TO DISMISS AND BRIEF IN SUPPORT

DATED: July 16, 2015

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net

Scott A. Stewart
Texas State Bar No. 19218300
101 ½ West Main Street
Suite 200
Irving, Texas 75050
(214) 350-5551
(866) 850-7666 (FAX)
E-Mail: sastewartlawoffice@gmail.com

Paul R. Smith
Texas State Bar No. 00791692
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: paulsmith214@yahoo.com
ATTORNEYS FOR PLAINTIFF(S)

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................... 3

WATSON'S REMAND MOTION MUST BE DECIDED FIRST ........................ 10

    A.    Lack of Pendent or Supplement Jurisdiction ........................... 11

    B.    No CAFA Jurisdiction ............................................... 11

RESPONSE TO STANDING ARGUMENTS ....................................... 13

DISMISSAL FOR LACK OF STANDING NOT AVAILABLE IN REMOVED CASE ...... 14

ATS' 12(b)(6) MOTION .......................................................... 15

ATS' AUTHORIZED BY LAW ARGUMENT ..................................... 16

ATS' ERRONEOUS CIVIL/CRIMINAL ARGUMENT ............................. 17

ATS' ERRONEOUS DUE PROCESS ARGUMENTS ............................... 20

ATS' ERRONEOUS JURY TRIAL ARGUMENT .................................. 22

ATS' ERRONEOUS OPEN COURTS ARGUMENT ............................... 24

ATS' ERRONEOUS APPELLATE JURISDICTION ARGUMENT ................... 25

ATS' ERRONEOUS MISREPRESENTATION CLAIM ARGUMENTS ............... 26

ATS' ERRONEOUS REIMBURSEMENT CLAIM ARGUMENTS .................. 28

ATS' ERRONEOUS DTPA ARGUMENTS ...................................... 30

CONCLUSION AND PRAYER ................................................ 31

CERTIFICATE OF SERVICE .................................................. 32

# INDEX OF AUTHORITIES

<u>CASES</u>

*Amstadt v. U.S. Brass Corp.*,
919 S.W.2d 644, 649 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Amwest Surety Insurance Company v. Graham*,
949 S.W.2d 724, 726 (Tex.App.-San Antonio 1997, writ denied) . . . . . . . . . . . . . . . . . . . . . 25

*Bell v. Redflex Traffic Sys., Inc.*,
374 Fed.Appx. 518, 520 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Bevis v. City of New Orleans*,
686 F.3d 277 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
394 F.3d 285, 288 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Central Appraisal District of Rockwall County v. W.V. Grant Evangelistic Association*,
924 S.W.2d 686, 692 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Central Power & Light Co. v. Sharp*,
960 S.W.2d 617, 618 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Certain Underwriters at Lloyd's London v. Warrantech Coirp.*,
461 F.3d 568, 577-579 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Channel 4, KGBT v. Briggs*,
759 S.W.2d 939, 944 (Tex. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*City of Beaumont v. Bouillion*,
896 S.W.2d 143, 148-49 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Colden v. Alexander*,
141 Tex. 134, 171 S.W.2d 328, 335 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Corzelius v. Harrell*,
143 Tex. 509, 186 S.W.2d 961 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Davenport v. Garcia*,
834 S.W.2d 4, 8 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Dotson v. Grand Prairie Indep. Sch. Dist.*,
161 S.W.3d 289, 291-292 (Tex.App.-Dallas 2005, no ept.) ........................... 24

*Edgewood Indep. Sch. Dist. v. Kirby*,
777 S.W.2d 391, 397 (Tex. 1989) ................................................. 18

*Enochs v. Lampasas County*,
641 F.3d 155, 158-163 (5th Cir. 2011) ........................................... 11

*Erickson v. Pardus*,
551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ........................... 15

*Ex Parte Tucci*,
859 S.W.2d 1, 5 (Tex. 1993) ..................................................... 18

*Faulk v. Buena Vista Burial Park Ass'n*,
152 S.W.2d 891, 894 (Tex.Civ.App.-El Paso 1941, no writ) ...................... 18-19

*Fazekas v. University of Houston*, 565 S.W.2d 299, 305
(Tex.Civ.App.-Houston [1[st] Dist.] 1978, writ ref'd n.r.e.) ........................... 19

*Fite v. King*,
718 S.W.2d 345, 347 (Tex.App.-Dalklas 1986, writ ref'd n.r.e.) ....................... 17

*Green v. State*,
272 S.W.2d 133, 135 (Tex.Civ.App.-Beaumont 1954, writ ref'd n.r.e.) ................. 20

*Gregson v. Zurich American Ins. Co.*,
322 F.3d 883, 885 (5th Cir. 2003) ............................................... 15

*Grounds v. Tolar I.S.D.*,
707 S.W.2d 889, 892 (Tex. 1986) ................................................. 24

*Harrell v. State*,
286 S.W.3d 315, 321 fn. 30 (Tex. 2009) ........................................... 26

*Heckman v. Williamson County*,
369 S.W.3d 137, 146 fn. 13 (Tex. 2012) ........................................... 26

*Henderson v. Love*, 181 S.W.3d 810, 815
(Tex.App.-Texarkana 2005, no pet.) ............................................... 19

*Hexamer v. Foreness*,
981 F.2d 821, 824 (5th Cir. 1993) ............................................... 14

*Hudson v. United States,*
522 U.S. 93, 105 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Idris v. City of Chicago,*
552 F.3d 564, 566 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*In re Johnson,*
554 S.W.2d 775, 787 (Tex.App.-Corpus Christi 1977),
*writ ref. n.r.e.,* 569 S.W.2d 882 (Tex. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re J.W.T.,*
872 S.W.2d 189, 197 & n. 23 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Int'l Primate Prot. League v. Adm'rs of Tulan Educ. Fund,*
500 U.S. 72, 89, 111 S.Ct. 1700, 1710, 114 L.Ed.2d 134 (1991) . . . . . . . . . . . . . . . . 14

*Jefferson v. State,*
751 S.W.2d 502, 502-503 (Tex.Cr.App. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Juliff Gardens, L.L.C. v. Environmental Quality,*
131 S.W.3d 271, 277 (Tex.App.-Austin 2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . 24

*LeCroy v. Hanlon,*
713 S.W.2d 335, 338-40 (Tex. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Lord v. Clayton,*
163 Tex. 62, 352 S.W.2d 718, 721-22 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Lowry v. State,*
671 S.W.2d 601, 604 fn. 1 (Tex.App.-Dallas 1984),
*aff'd in part, rev'd in part,* 692 S.W.2d 86 (Tex.Cr.App. 1985) . . . . . . . . . . . . . . . . . . 17

*Magee v. Solicitor General of Richmond County, Georgia,*
727 F.3d 1322, 1326 (11th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Maine Association of Interdependent Neighborhoods v. Commissioner,
Maine Dep't of Human* Services,
876 F.2d 1051, 1053-1054 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Meraz v. State,* 714 S.W.2d 108, 112
(Tex.App.-El Paso 1986), *aff'd,* 785 S.W.2d 146 (Tex.Crim.App. 1990) . . . . . . . . . . . . 26

*Miller v. Davis,*
136 Tex. 299, 150 S.W.2d 973, 978 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Mitz v. Texas State Board of Veterinary Medical Examiners,*
278 S.W.3d 17, 23 (Tex.App.-Austin 2008, pet. dism'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Newsom v. Starkey,*
572 S.W.2d 29, 30 9Tex.Civ.App.-Dallas 1978, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Omni Metals, Inc. v. Poe & Brown of Texas, Inc.,*
2002 WL 1331720 at *3 (Tex.App.-Houston [14th Dist.] 2002, rev. denied) . . . . . . . . . . . . . . 27

*Reasonover v. Reasonover,*
122 Tex. 512, 58 S.W.2d 817, 819 (1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Republican Party of Texas v. Dietz,*
940 S.W.2d 86, 89-90 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Satterfield v. Crown Cork & Seal Company, Inc.,*
268 S.W.3d 190, 205 (Tex.App.-Austin 2008, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Sepulvado v. La. Bd. Of Pardons & Parole,*
114 Fed.Appx. 620, 622 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sharber v. Florence,*
131 Tex. 341, 115 S.W.2d 604 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Smith v. Nat'l Resport Cmty, Inc.,*
585 S.W.2d 655, 658 (Tex. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*State v. Credit Bureau of Laredo,*
530 S.W.2d 288, 291-92 (Tex. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

*State v. Dugar,*
553 S.W.2d 102, 104-105 (Tex. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Tanglewood E. Homeowners v. Charles-Thomas, Inc.,*
849 F.2d 1568, 1572 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Texas Association of Business v. Texas Air Control Board,*
852 S.W.2d 440, 448-50 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23, 25

*Texas Education Agency v. Cypress-Fairbanks Indep. Sch. Dist.,*
830 S.W.3d 88, 90-91 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Texas Workers' Compensation Commission v. Garcia,*
 862 S.W.2d 61, 90 (Tex.App.-San Antonio 1993),

*rev'd on other grounds*, 893 S.W.2d 504 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Travelers' Ins. Co. v. Marshall,*
124 Tex.45, 76 S.W.2d 1007, 1010-1011 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Ward,*
448 U.S. 242, 250 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Wade v. Commission for Lawyer Discipline,*
961 S.W.2d 366, 373 (Tex.App.-Houston [1st Dist.] 1997, no writ) . . . . . . . . . . . . . . . . . . . . . 20

*Wallace v. Conagra Foods, Inc.,*
747 F.3d 1025, 1033 (8th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ware v. Lafayette City-Parish Consol. Gov't,*
2009 WL 5876275 *5 (W.D.La. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-21

*Weatherly v. Jackson,*
123 Tex. 213, 71 S.W.2d 259, 267 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Wheeler v. Travelers Insurance Company,*
22 F.3d 534, 540 (3rd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Whitworth v. Bynum,*
699 S.W.2d 194, 197 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20


## CONSTITUTION:

Article I, Section 10, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

Article I, Section 15, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Article I, Section 19, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22

Article I, Section 29, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-20, 23

Article V, Section 3, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25-26

Article V, Section 6, Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25-26

Article XVI, Section 59(a), Texas Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

LEGISLATIVE BILLS:

Acts 2007, 80th Leg., ch. 1149 (Sept. 1, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

RULES:

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17, 30

STATUTES:

Texas Business and Commerce Code § 17.46 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . 30

Texas Government Code § 29.003(g) (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . 12, 15, 25-26

Texas Government Code § 30.00014 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Texas Occupations Code Chapter 1702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Texas Occupations Code § 1702.3835 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Texas Occupations Code § 1702.388 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Texas Transportation Code § 542.202 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Texas Transportation Code § 542.301 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Texas Transportation Code § 542.302 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 28

Texas Transportation Code § 542.401 (Vernon (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Texas Transportation Code § 544.007(d) (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Texas Transportation Code Chapter 707 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15-22, 25-27

Texas Transportation Code § 707.011 (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 27-28

Texas Transportation Code § 707.013(a) (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Texas Transportation Code § 707.013(b) (Vernon 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

28 U.S.C. § 1332(d)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1332(d)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

28 U.S.C. § 1453(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>TREATISES</u>:

5 Charles A. Wright & Arthur R. Miller,
*Federal Practice and Procedure* §1357 at 601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES H. WATSON and                     §
Others Similarly Situated,              §
    Plaintiffs,              §
                                        §
v.                                      §    CIVIL ACTION NO. 4:15-CV-00335-A
                                        §
CITY OF ALLEN, et al.,                  §
    Defendants.              §

## RESPONSE TO MOTION TO DISMISS AND BRIEF IN SUPPORT

    Plaintiff, James H. Watson, on behalf of himself and others similarly situated, which includes and is not limited to Tina Renee Beatty, Sharon A. Brenner, Arnold Eugene Brown, Kelly Canon, Velma De Leon, Mary Joan Erato, Thomas Sams, Paul Laird, Gregory R. Cook, William H. Stancliff, and Clarissa Guidry (collectively referred to as "Watson"), submit the following response (and brief in support) to the Motion to Dismiss (Doc. No. ~~138~~ 147) and brief in support (Doc. No. 139), both filed on June ~~16~~ 25, 2015 by Defendants American Traffic Solutions, Inc. and American Traffic Solutions, L.L.C. (hereinafter collectively referred to as "ATS"). As will be further shown, ATS' motion should be denied in its entirety.

## WATSON'S REMAND MOTION MUST BE DECIDED FIRST

    ATS, like other Defendants that have filed motions to dismiss, assert that Watson has no standing, because the only Defendants to whom Watson has standing are the city of Southlake and Redflex Traffic Systems, Inc., who were the parties involved in the red light camera ticket issued to Watson. Before the Court can even reach the standing issue, the Court must rule on Watson's motion to remand which was filed on June 26, 2015, as the following illustrates.

### A.     <u>Lack of Pendent or Supplemental Jurisdiction</u>

As Watson has pointed out in other responses filed by him (See Doc. No. 184 filed on July 13, 2015 for example) this lawsuit was removed to federal on two different bases for federal jurisdiction, neither of which exists, so that this matter must be remanded, as the Court would lack jurisdiction to rule on any of the motions to dismiss filed by any Defendant in this lawsuit. One such basis this lawsuit was the removal by Defendant Redflex based on federal question jurisdiction. See Redflex's Supplemental Notice of Removal filed on June 4, 2015 (Doc. No. 118). That basis for jurisdiction ceased to exist when the only federal claim in this matter (the civil RICO claim) was dropped by Plaintiff's Second Amended Petition (Doc. No. 134) filed on June 15, 2015, which deleted the civil RICO claim. As Watson has previously pointed out, once this occurred, under *Enochs v. Lampasas County*, 641 F.3d 155, 158-163 (5th Cir. 2011) and *Certain Underwriters at Lloyd's London v. Warrantech Corp.*, 461 F.3d 568, 577-579 (5th Cir. 2006), this Court could no longer exercise pendent or supplemental jurisdiction over the only remaining claims in the case, which are all state law claims. The Court would be required to remand this matter, rather than rule on any other motions in this case.

As this Court has no pendent or supplemental jurisdiction by which it can rule on any motion filed by any of the Defendants. The only way the Court can do so is if some other basis for jurisdiction exists. No other basis for jurisdiction exists.

### 2.     <u>No CAFA Jurisdiction</u>

The only other possible basis for jurisdiction would be under the Class Action Fairness Act ("CAFA"), which was the basis this lawsuit was removed by ATS. As Watson has demonstrated in the remand brief (Doc. No. 150) filed in this lawsuit, no jurisdiction in this matter exists under

CAFA, as either the local controversy exception or home state exception to CAFA, or both, apply. Under those provisions remand is required. The court has no discretion. If either of those exceptions apply, the Court must remand the case. 28 U.S.C. § 1332(d)(4)(A); 28 U.S.C. 1332(d)(4)(B).

Remand is clearly required here under either of the mandatory CAFA exceptions, since the only claims involved in this matter are claims of undecided, novel and important state law issues (being whether Transportation Code Chapter 707 and Section 29.003(g) of the Government Code are unconstitutional under the Texas Constitution, and whether the juridical link doctrine applies under Texas law). These issues are important state law issues that have not been decided by the Texas Supreme Court and involve only the State of Texas. This is why the CAFA mandatory exceptions apply. This case involves solely state law claims that should be decided by a Texas court, not this Court.

Developments occurring since Watson has filed the remand motion and brief further show the mandatory CAFA exceptions apply. One of those developments is the motion to dismiss filed by the State of Texas. As the State's motion shows, the State is asserting its Eleventh Amendment immunity from being sued in federal court. This indicates why one of the bases for which Watson is seeking remand is under the mandatory home state exception to CAFA. The State of Texas has collected a portion of every unlawful red light camera penalty collected by the Defendant municipalities, including the red light camera penalty collected from Watson. Plaintiff's Second Amended Petition, pp. 23-24. Without the mandatory home state exception to CAFA, Watson's lawsuit against the State could not proceed. It is precisely because of the Eleventh Amendment immunity to State that CAFA has the mandatory home state exception to jurisdiction.

The fact that remand is sought under the mandatory exceptions to CAFA is important,

because the law allows for an immediate appeal of an order granting or denying a remand under CAFA. 28 U.S.C. § 1453(c)(1). This illustrates that Congress deemed it important to have the remand issue under CAFA fully decided up front, so that federal courts do not have to spend time and resources on a case removed pursuant to CAFA, when remand under CAFA is required. The reason for such is clear. That is, if a mandatory remand exception under CAFA applies, the court does not have subject matter jurisdiction, so that the case should be immediately remanded.

In summary, the Court has no jurisdiction in this case. Therefore, ATS' motion to dismiss should be denied, because the Court has no authority to rule on same.

## RESPONSE TO STANDING ARGUMENTS

ATS asserts the same basis for lack of standing as is contained in the other Defendant motions filed in this case. Watson would show such standing arguments are without merit for the previous reasons set forth in Watson's previous responses to motions to dismiss (Doc. Nos.137, 144 & 167). Those responses show standing exists on Watson's behalf for three reasons: (1) the juridical link doctrine applies to issues of federal standing, and such doctrine applies to this case, since the claims in this case involves Defendants who are uniformly acting pursuant to a state statute alleged to be unconstitutional; (2) if juridical link does not apply to federal standing, so that no federal standing exists, then the Court must remand the case to state court since this case was one removed to federal court; and (3) because this is a diversity case, state law determines standing, and as the juridical link doctrine applies under Texas law, standing would exist in this case as to all Defendants.

Further, as Watson's Second Amended Petition shows, the cities of Arlington, Fort Worth, Magnolia, and Willis contracted with ATS to administer and enforce their red light camera programs. Doc. No. 134, p. 23. That being the case, ATS would have been involved in the red light camera

penalties paid by Tina Renee Beatty, Sharon Brenner, Arnold Eugene Brown, Kelly Cannon, Mary Joan Erato, Gregory R. Cook and William H. Stancliff. Plaintiff's Second Amended Petition, pp. 58-59.

This Court has recognized that Watson has standing to bring suit against City of Southlake and Redflex, since they are the parties involved in the red light camera penalty paid by Watson. The individuals named above would have the same standing basis as Watson concerning the respective city to whom they each paid a red light camera penalty. Thus, as Watson pointed out in the response filed on July 13, 2015, the cities of Willis, Fort Worth, Arlington, Denton; Magnolia, North Richland Hills, University Park, and Sugar Land should not be dismissed, at the very least. Since some of those cities had their red light camera programs administered and enforced by ATS, standing would likewise exist as to ATS, so that ATS cannot be dismissed.

## DISMISSAL FOR LACK OF STANDING NOT AVAILABLE IN REMOVED CASE

ATS seeks a dismissal with prejudice based on the alleged lack of standing. Even assuming for the sake of argument that no federal standing exists, then this Court must remand this case, not dismiss ATS, and certainly not dismiss with prejudice. See 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710, 114 L.Ed.2d 134 (1991); *Magee v. Solicitor General of Richmond County, Georgia*, 727 F.3d 1322, 1326 (11th Cir. 2013); *Wallace v. Conagra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014); *Wheeler v. Travelers Insurance Company*, 22 F.3d 534, 540 (3rd Cir. 1994) (same) and *Maine Association of Interdependent Neighborhoods v. Commissioner, Maine Department of Human Services*, 876 F.2d 1051, 1053-1054 (1st Cir. 1989). The Fifth Circuit follows this well established rule. See *Hexamer v. Foreness*, 981 F.2d 821, 824 (5th Cir. 1993) (citing *Maine Association of Interdependent*

*Neighborhoods* and holding that 28 U.S.C. § 1447(c) requires the district court to remand a case removed to federal court when the court finds that subject matter jurisdiction is lacking).

Even if a dismissal of ATS would be in order, which it is not, a dismissal with prejudice is not allowed under federal law. A dismissal for lack of subject matter jurisdiction based on the plaintiff's lack of standing is a dismissal without prejudice. *Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. Appx. 620, 622 (5th Cir. 2004). Thus, ATS is not entitled to a dismissal with prejudice based on any alleged lack of standing.

## ATS' 12(b)(6) MOTION

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept as true the well-pleaded factual allegations in the [plaintiff's] complaint," and "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir.2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). This strict standard of review may be summarized as follows: "[t]he question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich American Ins. Co.,* 322 F.3d 883, 885 (5th Cir.2003), quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969). Here, Watson's Second Amended Petition clearly states claims under this standard, because it not only asserts the unconstitutionality of Transportation Code Chapter 707 and Texas Government Code Section 29.003(g), but also specifically shows how those statutes are unconstitutional.

Further, Rule 12(b)(6) motions are viewed with disfavor, and are rarely granted. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). This would certainly be the case here, since a Rule 12(b)(6) is not appropriate in dealing with novel and undecided fundamental issues of state law like what is involved in this case.

## ATS' AUTHORIZED BY LAW ARGUMENT

ATS asserts that the red light camera ordinances involved in this matter are authorized by Texas law, being Section 542.202 and Chapter 707 of the Transportation Code. As Watson points out on pages 16-17 of his Second Amended Petition, Section 542.202 of the Transportation Code, as it was amended following Attorney General Opinion No. JC-0460, merely provides that a city was not prevented from regulating roads and traffic in accordance with state law or a municipal ordinance. Section 542.202 as amended still did not authorize cities to make the running of a red light a civil penalty, since state law making the running of a red light a crime (Transportation Code §§ 542.301, 542.401, & 544.007(d)) remained unchanged. Neither Section 542.202 or Chapter 707 of the Transportation Code would give cities lawful, constitutional authority to make the running of a red light a civil penalty. Further, if the cities attempted to make the running of a red light a civil penalty, this would violate Transportation Code § 542.302, which provides the owner of a vehicle commits a traffic offense due to actions of others only if the owner requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner which violates the law.

Further, the fact that the legislature authorized the creation of red light camera civil penalties by Chapter 707 is not a defense to Watson's claims, because Watson is alleging Chapter 707 is unconstitutional. Thus, ATS' argument that Chapter 707 authorizes red light camera civil penalties is irrelevant, as if Chapter 707 is unconstitutional, it is void from its inception, and cannot provide

a basis for any right or relief. *Jefferson v. State*, 751 S.W.2d 502, 502-503 (Tex.Cr.App. 1988);

*Colden v. Alexander*, 141 Tex. 134, 171 S.W.2d 328, 335 (1943); *Miller v. Davis*, 136 Tex. 299, 150

S.W.2d 973, 978 (1941). An unconstitutional statute amounts to nothing, accomplishes nothing, and

is no law. *In re Johnson*, 554 S.W.2d 775, 787 (Tex.App.-Corpus Christi 1977), *writ ref. n.r.e.*, 569

S.W.2d 882 (Tex. 1978). A void law is no law and confers no rights, bestows no power on anyone,

and justifies no act performed under it. *Newsom v. Starkey*, 572 S.W.2d 29, 30 (Tex.Civ.App.-Dallas

1978, no writ), citing *Sharber v. Florence*, 131 Tex. 341, 115 S.W.2d 604 (1938). See also *Lowry

v. State*, 671 S.W.2d 601, 604 fn. 1 (Tex.App.-Dallas 1984), *aff'd in part, rev'd in part*, 692 S.W.2d

86 (Tex.Cr.App. 1985) (an unconstitutional statute is void from its inception); *Fite v. King*, 718

S.W.2d 345, 347 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) (unconstitutional act confers no right,

imposes no duty, and affords no protection). If Chapter 707 is unconstitutional as Watson is

asserting, Watson has clearly pled a cause of action for relief, so that ATS' 12(b)(6) motion should

be denied.

## ATS' ERRONEOUS CIVIL/CRIMINAL ARGUMENT

On pages 6-9 of ATS' brief, ATS assert they should be dismissed because the red light

camera laws do not violate Article I, Section 10 of the Texas Constitution. ATS argues the red light

camera laws only create a civil penalty, so that the rights under Article I, Section 10 of the Texas

Constitution do not apply. As support for this, ATS cites out of state cases including *Hudson v.

United States*, 522 U.S. 93, 105 (1997); *United States v. Ward*, 448 U.S. 242, 250 (1980); and *Bevis

v. City of New Orleans*, 686 F.3d 277 (5th Cir. 2012). None of these cases are applicable, because

none of them involved the Texas Constitution, particularly Article I, Section 29 of the Texas

Constitution.

On numerous occasions, Texas courts have relied on the Texas Constitution to find more expansive rights than those granted by the federal constitution. *See, e.g., In re J.W.T.*, 872 S.W.2d 189, 197 & n. 23 (Tex. 1994); *Ex parte Tucci*, 859 S.W.2d 1, 5 (Tex. 1993); *Davenport v. Garcia*, 834 S.W.2d 4, 8 (Tex. 1992); *Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391, 397 (Tex. 1989); *Channel 4, KGBT v. Briggs*, 759 S.W.2d 939, 944 (Tex. 1988) (Gonzalez, J., concurring); *LeCroy v. Hanlon*, 713 S.W.2d 335, 338-40 (Tex. 1986).

By enacting Chapter 707 of the Transportation Code, the Legislature has attempted to make conduct which is criminal (the running of a red light) into a civil penalty. The effect of this is to deprive the individual accused of the crime of the rights afforded one under Article I, Section 10 of the Texas Constitution, which include the right to trial by an impartial jury, the right against self incrimination, and the right to confront (i.e., cross-examine) the witnesses against him. The legislature's attempt to do this fails, because the Texas Constitution prohibits the legislature from doing this.

Article I, section 29 of the Texas Constitution provides:

> Sec. 29. PROVISIONS OF BILL OF RIGHTS EXCEPTED FROM POWERS OF GOVERNMENT; TO FOREVER REMAIN INVIOLATE. To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

It has been held this section is so plain that construction of it is unnecessary. *Travelers' Ins. Co. v. Marshall*, 124 Tex. 45, 76 S.W.2d 1007, 1010-1011 (1934); *Faulk v. Buena Vista Burial Park Ass'n*, 152 S.W.2d 891, 894 (Tex.Civ.App.-El Paso 1941, no writ). This plain meaning is reflected in the Interpretative Commentary to article 1, Section 29, which states:

This section, in excepting everything in the bill of rights out of the general powers of government and stating such rights included therein are to remain inviolate, places these rights beyond the power of state government to usurp: it reserves these rights to the people.

As such, the basic underlying theory of bills of rights is set out, to the effect that certain rights are inalienable, that man is not capable of divesting himself or his posterity of them even by consent.

Article I of the Texas Constitution enumerates these inalienable rights and Section 29 demonstrates that they are not delegated by the people to their government, and, furthermore, any infringement by the government thereof is void.

Section 29 does not have a counterpart in the federal constitution. *Satterfield v. Crown Cork & Seal Company, Inc.*, 268 S.W.3d 190, 205 (Tex.App.-Austin 2008, no pet.). This is precisely why the out of state cases relied on by ATS do not apply. Texas courts have attributed significance to section 29 when addressed, and have found such invalidates any laws which usurp or limit any of the Bill of Rights of the Texas Constitution. See *Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 89-90 (Tex. 1997); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995); *Travelers' Ins. Co.*, 76 S.W.2d at 1010-11; *Henderson v. Love*, 181 S.W.3d 810, 815 (Tex.App.-Texarkana 2005, no pet.); *Fazekas v. University of Houston*, 565 S.W.2d 299, 305 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Faulk v. Buena Vista Burial Park Ass'n*, 152 S.W.2d 891, 893-94 (Tex.Civ.App.-El Paso 1941, no writ).

By enacting Chapter 707 of the Transportation Code, the Legislature, and then Defendant Cities by enacting its ordinances pursuant to same, took conduct that is a crime and still is a crime (running a red light, a traffic offense which is a misdemeanor), and made a civil penalty for such, so as to deprive the registered owner of a vehicle like Watson and other similarly situated to him, of the rights guaranteed by the Texas Bill of Rights, including the rights under Article I, Section 10 to a

trial by an impartial jury, the right against self incrimination, and the right to confront (i.e., cross-examine) witnesses presented against him.   This violates Article 1, Section 29 of the Texas Constitution, so that Chapter 707 of the Transportation Code is void.

## ATS' ERRONEOUS DUE PROCESS ARGUMENTS

On pages 9-12 of their brief, ATS make general assertions that the red light camera laws comply with due process, relying on the cases of *Bevis, supra.*; *Idris v. City of Chicago*, 552 F.3d 564, 566 (7th Cir. 2009) and *Ware v. Lafayette City-Parish Consolidate Government*, 2009 WL 5876275 (W.D. La. 2009).   None of these cases are applicable, because none of them involved Texas law or the Texas Constitution.   Further, none of them involved the constitutional challenges being asserted in this case.

*Bevis* involved a federal constitutional challenge of lack of procedural due process.   Watson's due process claim is a substantive due process claim that the red light camera laws create an irrebutable presumption for registered owners like Watson and others similarly situated, thereby violating Article I, Section 19 of the Texas Constitution.   Plaintiff's Second Amended Petition, pp. 32-35.   The Texas Constitution prohibits a law which creates an irrebutable presumption.   A statute which creates an irrebutable presumption is unconstitutional under Texas law. *Weatherly v. Jackson*, 123 Tex. 213, 71 S.W.2d 259, 267 (1934); *Wade v. Commission for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex.App.-Houston [1st Dist.] 1997, no writ); *Texas Workers' Compensation Commission v. Garcia*, 862 S.W.2d 61, 90 (Tex.App.-San Antonio 1993), *rev'd on other grounds*, 893 S.W.2d 504 (Tex. 1995); *Green v. State*, 272 S.W.2d 133, 135 (Tex.Civ.App.-Beaumont 1954, writ ref'd n.r.e.).   See also *Whitworth v. Bynum*, 699 S.W.2d 194, 197 (Tex. 1985) (Texas Supreme Court noting that to be constitutionally valid, a statute cannot create irrebutable presumptions).   As these

authorities show, for a presumption to be constitutionally valid, it must be able to be rebutted by the party it operates against.

For the registered owner of a vehicle like Watson and others similarly situated, Transportation Code Chapter 707 creates an irrebutable presumption that the registered owner of the car alleged to have run the red light, and the one receiving the notice of violation, was the person operating the car when it was photographed running a red light. Transportation Code Section 707.13(a). The presumption under Transportation Code Section 707.13(a) is allowed to be rebutted only by two classes of people. The only persons that can rebut this presumption are: (1) a person in the business of selling, renting, or leasing motor vehicles; or (2) by a person who was not named in the notice of violation. Transportation Code § 707.013(b). Classification (1) deals with car rental companies, auto leasing companies, and new and used car dealers. Classification (2) deals with the situation where the involved vehicle was not in fact owned by the person named in the notice of violation, i.e., the vehicle had been sold. As Watson does not fall within either of those two categories, the presumption established by Chapter 707 is irrebutable as to Watson. ATS presents absolutely nothing to refute this.

The only case cited by ATS to rebut Watson's claims that the presumption of Chapter 707 is not irrebutable is *Ware*. ATS' reliance on *Ware* is unavailing. *Ware* did not involve Texas law, or Texas Constitutional challenges. Further, as the portion of *Ware* which ATS cites on page 11 of its brief shows, the *Ware* court noted that due process of law is not denied if the legislative provision does not shut the party out from submitting evidence in his defense. In short, due process is not denied if the party has evidence to rebut the presumption and can present same. This is the problem with Chapter 707. For a registered owner like Watson and others similarly situated, even thought

conclusive proof could be presented that they were not driving the vehicle at the time of the alleged red light camera violation, they are not allowed by Chapter 707 to rebut the presumption created by that statute that they were driving the vehicle. This is what violates Article I, Section 19 of the Texas Constitution, so that Watson has clearly pled a cause of action under that provision of the Texas Constitution.

## ATS' ERRONEOUS JURY TRIAL ARGUMENT

ATS asserts on pages 12-13 of its brief that no right to a jury trial exists in this case under Article I, Section 15 of the Texas Constitution. ATS asserts that no right to a jury trial exists under that provision for any administrative hearing, or for any appeal from such a hearing. ATS" assertion that the right to a jury trial under Article I, Section 15 of the Texas Constitution is not violated by Chapter 707 is clearly not the case.

Watson's cause of action that Chapter 707 of the Transportation Code deprives him of the right to a jury trial under Article I, Section 15 of the Texas Constitution is clearly supported under Texas law. As Watson has pled in his Second Amended Petition, Texas law is clear that one is entitled to a trial by jury under Article I, Section 15 of the Texas Constitution where a civil penalty is being sought against that person by a governmental entity, and even cited the case of *State v. Credit Bureau of Laredo*, 530 S.W.2d 288, 291-92 (Tex. 1975) that establishes this law. Plaintiff's Second Amended Petition, pp. 35-36. If the Court will note, ATS does not address, or even mention the *Credit Bureau of Laredo* case, which illustrates ATS' argument that Watson has no right to a jury trial is without merit.

ATS cites *Texas Assoc. of Business v. Texas Air Control Board*, 852 S.W.2d 440, 451 (Tex. 1993) for its claim that Watson has no right to a jury trial. ATS' reliance on *Texas Air Control*

*Board*, as that case does not apply.

   *Texas Air* involved whether state administrative agencies could levy civil penalties for violation of their environmental regulations.  This alone makes that case distinguishable, as neither ATS or the Defendant municipalities are administrative agencies.  Further, the Supreme Court merely held in *Texas Air* that an administrative agency's assessment of an environmental penalty was neither an action tried to a jury in 1876 nor analogous to matters for which a jury trial was allowed in 1876 when the constitution was adopted, as environmental statutes and regulations only began to be promulgated in the late 1960's.  In contrast, where the state, or one of its local subdivisions like Defendant municipalities was accusing a person of criminal conduct in 1876, that is something that was tried to a jury in 1876, as such right goes to one of the very principles forming the bedrock of the Texas Constitution, that being the right to a jury trial when one is accused of a crime by the state or one its local subdivisions like Defendant municipalities.

   Most importantly, the Texas Supreme Court noted that in finding no right to a jury trial in *Texas Air*, the Court was simply reaffirming its decision in *Corzelius v. Harrell*, 143 Tex. 509, 186 S.W.2d 961 (1945) where the Court concluded that certain judicial functions, including fact finding, may be delegated constitutionally by the legislature to administrative agencies in furtherance of the preservation and conservation of the state's natural resources.  *Texas Air*, 852 S.W.2d at 451.  This is because based on the broad language of Article XVI, Section 59(a) of the Texas Constitution, the Legislature is authorized to enact such laws as are necessary for the preservation and conservation of the state's natural resources.

   Here, there is no natural resource of the state that is involved.  As such, *Texas Air* would not govern this matter.  Under Article I, Section 29 of the Texas Constitution, the legislature would have

no right to usurp the rights guaranteed by the Texas Bill of Rights, including the right to a jury trial. This case would clearly be governed by *Credit Bureau of Laredo*, which case squarely holds that when the state or one its local subdivisions like Defendant cities attempt to impose a civil against a person, that person is entitled to a jury trial under Article I, Section 15 of the Texas Constitution.

Finally, ATS asserts on page 13 of its brief that Watson cannot challenge that the procedures of the red light camera laws because he failed to exhaust his administrative remedies. This assertion is totally not the law. Texas law is clear that where a party is challenging a statute on constitutional grounds, one is not required to exhaust administrative remedies before seeking judicial review. See *Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90-91 (Tex. 1992); *Grounds v. Tolar I.S.D.*, 707 S.W.2d 889, 892 (Tex. 1986); *Cent. Power & Light Co. v. Sharp*, 960 S.W.2d 617, 618 (Tex. 1997); *Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289, 291-92 (Tex.App.-Dallas 2005, no pet); *Mitz v. Texas State Board of Veterinary Medical Examiners*, 278 S.W.3d 17, 23 (Tex.App.-Austin 2008, pet. dism'd); *Juliff Gardens, L.L.C. v. Environmental Quality*, 131 S.W.3d 271, 277 (Tex.App.-Austin 2004, no pet.). As Watson is challenging Chapter 707 on constitutional grounds he was not required to exhaust the inadequate administrative remedies provided by that statute.

### ATS' ERRONEOUS OPEN COURTS ARGUMENT

On pages 13-15 of its brief, ATS asserts Chapter 707's requirement of a notarized statement of personal financial obligation in order to seek judicial review does not violate the open courts provision of the Texas Constitution. ATS presents two arguments for this, both of which are without merit.

Texas law is clear that when the posting of a supersedeas bond is required for one to be able

to obtain judicial review, such violates the open courts guarantee of the Texas Constitution. *Texas*

*Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 448-50 (Tex. 1993). ATS first

asserts that *Texas Air* does not apply because the provision in that case allowed for the imposition

of a much greater penalty than what is allowed in this case, so that an unreasonable financial barrier

was presented.  Such a distinction (being constitutional protection depends on the dollar amount

involved) has clearly been rejected by the Texas Supreme Court. See *Texas Air Control* Board, 852

S.W.2d at 450 fn. 18, (Texas Supreme Court noting that the guarantee of constitutional rights does

not depend on the balance of one's bank account); *Central Appraisal District of Rockwall County*

*v. W.V. Grant Evangelistic Association*, 924 S.W.2d 686, 692 (Tex. 1996) (same).

ATS' other argument is that the notarized statement of personal financial obligation required

by Chapter 707 does not require a bond. This argument fails.  A supersedeas bond creates a contract

whereby one becomes obligated to pay a judgment. *Amwest Surety Insurance Company v. Graham*,

949 S.W.2d 724, 726 (Tex.App.- San Antonio 1997, writ denied).  By imposing the requirement of

a notarized statement of financial obligation to obtain any sort of judicial review, the legislature

forces one charged with a violation of the red light camera law to file what constitutes a supersedeas

bond, thereby making the person contractually obligated for the civil penalty. This clearly violates

the open courts provision. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d

440, 448-50 (Tex. 1993).

## ATS' ERRONEOUS APPELLATE JURISDICTION ARGUMENT

ATS argues on page 16 of their brief that Section 29.003(g) of the Texas Government Code

does not violate the open courts provision or Article V, Sections 3 and 6 of the Texas Constitution.

ATS asserts this is the case because neither Chapter 707 or Section 29.003(g) preclude a party's right

to appeal a decision of a municipal court under Section 30.00014 of the Texas Government Code. This argument is absurd. Section 29.003(g) of the Government Code, which was part of Senate Bill 1119 and made into law by Acts 2007, 80th Leg., ch. 1149, effective September 1, 2007, gives the municipal court exclusive appellate jurisdiction in cases over matters involving Chapter 707 of the Texas Transportation Code. As the Texas Supreme Court has noted in *Heckman v. Williamson County*, 369 S.W.3d 137, 146 fn. 13 (Tex. 2012), it is the Texas Supreme Court that has the final say in appellate jurisdiction regarding civil matters. By giving exclusive appellate jurisdiction to municipal courts in matters involving Chapter 707 of the Texas Transportation Code, the Texas Legislature violates Article V, Sections 3 and 6 of the Texas Constitution, as the Legislature cannot withdraw jurisdiction given a court (here by the courts of appeal or the Texas Supreme Court) by the Constitution. *Harrell v. State*, 286 S.W.3d 315, 321 fn. 30 (Tex. 2009); *State v. Dugar*, 553 S.W.2d 102, 104-05 (Tex. 1977); *Lord v. Clayton*, 163 Tex. 62, 352 S.W.2d 718, 721-22 (1961); *Reasonover v. Reasonover*, 122 Tex. 512, 58 S.W.2d 817, 819 (1933); *Meraz v. State*, 714 S.W.2d 108, 112 (Tex.App.-El Paso 1986), *aff'd*, 785 S.W.2d 146 (Tex.Crim.App. 1990). Watson clearly has a claim that Section 29.003(g) of the Texas Government Code is unconstitutional and void.

## ATS' ERRONEOUS MISREPRESENTATION CLAIM ARGUMENTS

On pages 17-19 of its brief, ATS argues that Watson has failed to state a misrepresentation claim. This assertion of ATS is without merit.

The first major reason why this contention is without merit is because if Chapter 707 of the Transportation Code and Section 29.003(g) of the Texas Government Code are unconstitutional, that would make those statutes completely void from their inception, and of no effect or force whatsoever. If that is the case, then all of the notices of violation sent out to Watson and the putative

class asserting such civil penalty was owed would constitute a false representation, since there would be no law in effect that would support the imposition of such penalty. This is precisely one of the basis for the misrepresentation claims being asserted in this matter. This clearly states a cause of action for misrepresentation, so that for this reason alone, ATS' motion should be denied.

Next, ATS contends that a misrepresentation claim is not pled based on the fact that the notices of violations sent out do not advise one that the failure to pay a civil penalty cannot be reported to a credit bureau. The basis for such misrepresentation claim is that once Defendant Municipalities, ATS, Redflex and Xerox decided to put in the notice that if the penalty was not paid, the matter would be turned over to a collection agency, constitutes only a partial disclosure for which a full disclosure is needed in order to avoid being misleading.

Texas law is clear that where there is a duty to speak, silence may be as misleading as a positive misrepresentation of existing facts. *Omni Metals, Inc. v. Poe & Brown of Texas, Inc.*, 2002 WL 1331720 at *3 (Tex.App.-Houston [14th Dist.] 2002, rev.denied), (quoting *Smith v. Nat'l Resort Cmty., Inc.*, 585 S.W.2d 655, 658 (Tex. 1979)). As the court noted in *Omni Metals*, a duty to disclose may arise in one of four situations, one of which is when one voluntarily discloses information, the whole truth must be disclosed, and another when where one makes a partial disclosure and conveys a false impression. Either of these situations is present in this case. Once the notice was sent out to Watson and other similarly situated that if the penalty was not paid the matter would be turned over to a collection agency, this voluntary disclosure (which is not something required by Chapter 707 of the Transportation Code, specifically Section 707.011, to be contained in the notice) once made, put the duty to disclose upon the Defendant Municipalities, and be it ATS, Redflex or Xerox, whoever is sending out the notice, to specifically advise the person that the failure

to pay the penalty could not be reported to any credit bureau. The failure to disclose this fact in the notice would be a breach of the duty to disclose, so that an actionable misrepresentation claim would exist. Thus, at the very least, Watson has stated a misrepresentation claim based on the failure to disclose pertinent information in the notice of violations that were sent out for red light camera penalties.

The failure to disclose likewise shows a misrepresentation claim is alleged by the notice stating that no culpable state of mind was required. Under Section 707.011, the law does not require the notice to state that no culpable state of mind is required. Thus, when ATS and the others voluntarily decided to put such in the notice of violation, this voluntary disclosure required that the registered owner be notified of Transportation Code Section 542.302, which only makes the owner liable for the acts of others if the owner requires or knowingly permits the vehicle to be operated in a manner that violates the law. This failure to disclose was done so as to wrongfully induce payment of the unlawful civil penalty. These allegations pled by Watson (Plaintiff's Second Amended Petition, pp. 46-47) further plead a cause of action for misrepresentation.

## ATS' ERRONEOUS REIMBURSEMENT CLAIM ARGUMENTS

ATS' argues on pages 19-20 of its brief that Watson has not stated a claim for reimbursement. ATS' arguments in this regard are without merit.

ATS first argues that Watson has no such claim because the red light camera laws are constitutional. As shown above, ATS' arguments in that regard are wrong. The authorities which Watson has cited above show that if anyone is likely to prevail on the constitutional arguments being made in this matter, it is Watson. Thus, ATS' argument that Watson has no reimbursement claim because the red light camera laws are constitutional is without merit.

Next, ATS argues Watson's claims are barred by the voluntary payment doctrine. That clearly is not the case, as Watson has alleged specific facts as to how the payment of the red light camera penalty was not voluntary. It is alleged that the notice of red light camera violation received by Watson (and which is alleged is virtually the same notice sent out by ATS) stated Watson would be reported to a collection agency, thereby falsely implying, or creating the false impression, that the failure to pay the penalty would damage Watson's credit. Plaintiff's Second Amended Petition, pp. 21-23. The notice further advised Watson that the failure to pay the penalty could result in the possible loss of the right to renew the registration on his vehicle (which in effect would constitute the confiscation of the vehicle, since driving a vehicle with an expired registration would constantly subject the owner to tickets for an expired vehicle registration) if the $75.00 civil penalty was not paid to Defendant Southlake. *Id.* Further, the notice sent to Watson states that evidence of a culpable mental state is not required, when such a statement is false, misleading or deceptive, because it fails to advise Watson, and others similarly situated to Plaintiff, that under Section 542.302 of the Transportation Code, an owner of a vehicle can only be liable for a traffic offense if the owner requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner which violates the law. Thus, a culpable mental state is required.

As is alleged, Watson, faced with the possible threat of damage to his credit, harassment from a collection agency, the loss of the right to renew his vehicle registration, and having it falsely represented to him that no culpable mental state was required for Plaintiff to be liable for the penalty, paid the $75.00 penalty under coercion and/or duress, and/or mistake of fact, as Watson was not going to risk damage to his credit, be subjected to harassment from a collection agency, or face the possible loss of the right to renew the registration on his vehicle over the minor amount of $75.00.

*Id.* As such, Plaintiff did not pay the $75.00 penalty assessed by Defendants City of Southlake and/or Redflex voluntarily. *Id.*

All of these allegations, since they are specific allegations of fact, must be accepted as true for ATS' 12(b)(6) motion. These allegations are sufficient to rebut any voluntary payment defense. Thus, Watson has clearly pled a claim for reimbursement.

## ATS' ERRONEOUS DTPA ARGUMENTS

Finally, ATS asserts on pages 21-22 of its brief that Watson has no DTPA claim because Watson does not qualify as a consumer under the DTPA because Watson did not acquire any goods or services from ATS. In short, ATS is asserting that as Watson did not contract with ATS, Watson has no DTPA claim against ATS. This argument fails for two reasons. One, privity of contract with a defendant is not required for the plaintiff to be a consumer. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). Two, Texas law has specifically authorized the DTPA claim being brought by Watson. ATS does not have the license required by Chapter 1702 of the Occupations Code, so that the actions taken by them in securing evidence (photographs and video) and getting out notices of red light camera violations which have been paid by Watson and others similarly situated to Plaintiff, are in violation of the Texas Private Security Act. This is significant, as one in violation of the Private Security Act is guilty of a crime (a Class A misdemeanor) for each violation. Occupations Code § 1702.388. Further, each such violation constitutes a false, misleading, or deceptive act or practice within the meaning of Section 17.46 of the Business & Commerce Code, for which a private remedy is expressly made available under Occupations Code § 1702.3835. This statute creating this private remedy is exactly why the case of *Bell v. Redflex Traffic Sys., Inc.*, 374 Fed.Appx. 518, 520 (5th Cir. 2010) does not apply, as there was no statute authorizing the private

cause of action like there is in this case.

## CONCLUSION AND PRAYER

In summary, ATS' Motion to Dismiss filed on June 26, 2015 should be denied in its entirety, as: (1) standing clearly exists in this case under federal law, or state law, which is controlling on the issue of standing; (2) even if standing does not exist, this Court would be required to remand the case, not dismiss ATS; and (3) Watson brings state law constitutional claims of first impression, with substantial constitutional and case authority supporting his claims, so that ATS' Rule 12(b)(6) motion is without merit.

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net

Scott A. Stewart
Texas State Bar No. 19218300
101 ½ West Main Street
Suite 200
Irving, Texas 75050
(214) 350-5551
(866) 850-7666 (FAX)
E-Mail: sastewartlawoffice@gmail.com

Paul R. Smith
Texas State Bar No. 00791692
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220

(214) 922-0225 (FAX)
E-Mail: paulsmith214@yahoo.com
ATTORNEYS FOR PLAINTIFF(S)

## CERTIFICATE OF SERVICE

On July 16, 2015, I submitted the foregoing document to the clerk of the court for the U. S. District Court, Northern District of Texas, Fort Worth Division for filing. The clerk's office then transmits the paper filing of this document to the parties by the ECF system of the Northern District of Texas. Delivery of the notice of the electronic filing that is automatically generated by ECF constitutes service under Rule (b)(2)(E) and 5(b)(3) of the Federal Rules of Civil Procedure and Local Rule 5.12(d) of the Local Rules for the Northern District of Texas. Delivery of the notice of the electronic filing that is automatically generated by ECF was sent to each of the following electronically, on this 16th day of June, 2015, all of whom have consented to service in this matter by the automatic notice generated by the ECF system of the Northern District of Texas: (1) Peter G. Smith, Victoria W. Thomas and Robert E. Hager, Counsel for Defendant Cities of Allen, Coppell, Duncanville, Farmers Branch, Richardson, University Park, Texas; (2) Robert Fugate, Counsel for Defendant City of Arlington; (3) Jo-Christy Brown, Counsel for Defendant City of Bastrop; (4) John J. Hightower, Counsel for Defendant Cities of Cleveland, Conroe, Humble, Jersey Village, Magnolia, Tomball, and Willis; (5) Richard Abernathy, Ross Wells and Ryan D. Pittman, Counsel for Defendant City of Frisco; (6) Kurt C. Banowsky, Brad Neighbor, Michael J. Betz, and Matt Durham, Counsel for Defendant City of Garland; (7) Timothy A. Dunn, Counsel for Defendant City of Plano; (8) Edwin P. Voss, Jr., Counsel for Defendant Cities of Roanoke and Little Elm; (9) Andy Taylor, Thomas J. Williams and Karen C. Denney, Counsel for Defendants American Traffic Solutions, Inc. and American Traffic Solutions, L.L.C.; (10) Lars L. Berg, Counsel for Defendant Xerox State & Local Solutions, Inc. f/k/a ACS State & Local Solutions, Inc.; (11) Nancy K. Juren, Counsel for Defendant The State of Texas; (12) Stacy Jordan Rodriquez, Counsel for Defendant City of Dallas; (13) M. Michael Meyer, Counsel for Defendant City of Corpus Christi; (14) Matthew C. G. Boyle, Counsel for Defendant Cities of Bedford and Hurst; and (15) George A. Staples, Dean J. Roggia and Wayne K. Olson, Counsel for Defendant Cities of Amarillo, Balch Springs, Balcones Heights, Baytown, Burleson, Denton, Diboll, El Paso, Elgin, Grand Prairie, Haltom City, Hutto, Irving, Killeen, Longview, Lufkin, Marshall, Mesquite, North Richland Hills, Round Rock, Southlake, Sugar Land, and Watauga.

Russell J. Bowman